UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC. and                    CASE NO. 15-cv-20245-MGC
MARC PARENT,

      Plaintiffs,

vs.

FLAVA WORKS, INC. and
PHILLIP BLEICHER, individually,

      Defendants.
_____/

**DEFENDANT, FLAVA WORKS, INC.'s MOTION TO
QUASH SERVICE OF PROCESS, DISMISS COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, FLAVA WORKS, INC. (hereinafter, "Flava" or "Defendant"), by and through undersigned counsel, pursuant to Fed.R.Civ.P. 12(b), and hereby files its Motion to Quash Service of Process, Dismiss Complaint and Incorporated Memorandum of Law (the "Motion to Quash"), and in support thereof states as follows:

**BACKGROUND**

      1.    On or about January 21, 2015, Plaintiffs, A4A RESEAU, INC. and MARC PARENT (collectively, "Plaintiff"), filed the instant Complaint for Declaratory Judgment against Flava and co-defendant, PHILLIP BLEICHER ("Bleicher").

      2.    On February 13, 2015, Plaintiff attempted to serve Flava pursuant to Fla. Stat. § 48.161 through substituted service by delivering a copy of the Summons and Complaint to Florida's Secretary of State (*see* D.E. 12).

3. On March 9, 2015, Plaintiff filed an Application for Entry of Clerk's Default against Flava with supporting affidavits (D.E. 17) which was granted on March 10, 2015 (D.E. 18).

4. Plaintiff has failed to satisfied the requirements of Fla. Stat. § 48.181 for effectuating service on Flava. In particular, Plaintiff has not alleged that Flava is a non-resident of the State of Florida or has been concealing itself, has not alleged that the acts of copyright infringement that form the subject of the Complaint occurred in Florida, has not filed an affidavit or other verified paper that Flava has concealed itself or that personal service could not have been effectuated pursuant to Fla. Stat. § 48.081(1), and has not complied with the procedural requirements for substituted service of process pursuant to Fla. Stat. § 48.161.

5. Accordingly, service of process in this case should be quashed as to Flava.

## MEMORANDUM OF LAW

6. Fed.R.Civ.P. 4 allows for service on individuals and corporations in accordance with the law in the state where the district court is located. Fed.R.Civ.P. 4(e) and (h).

7. "Florida service of process on a corporation doing business in the State of Florida is governed by Fla. Stat. § 48.081(1)." *Pinero v. Yam Margate, L.L.C.,* 825 F. Supp. 2d 1264, 1266 (S.D.Fla.2011). Long arm service on corporations is governed by Fla. Stat. § 48.181, which states in relevant part:

> (1) The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and *any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts*, of the privilege extended by law to nonresidents and others *to operate, conduct engage in, or carry on a business venture in the state,* or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of the State of the state as their agent

>on whom all process *in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture* may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

Fla. Stat. § 48.181 (2014) (emphasis added).

8. Fla. Stat. § 48.161 provides the methods of substitute service on a non-resident:

>(1) When authorized by law, substituted service of process on a nonresident or person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. *Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process* or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return day of the process or within such time as the court allows. The fee paid by the plaintiff to the public officer shall be taxed as cost if he or she prevails in the action. The public officer shall keep a record of all process served on him or her showing the day and hour of service.

Fla. Stat. § 48.161 (emphasis added).

9. Florida's statutory provisions for substitution of service of process are strictly construed. *George Fischer, Ltd. v. Plastiline, Inc.*, 379 So.2d 697, 699 (Fla. 2d DCA 1980); *Esberger v. First Fla. Bus. Consults*, 338 So.2d 561, 562 (Fla. 2d DCA 1976). Accordingly,

3

one who relies upon such service has the burden of proving its availability under the circumstances of the case. *George Fischer, Ltd.*, 379 So.2d at 699; *AB CTC v. Morejon*, 324 So.2d 625, 627 (Fla. 1976).

10. Absent strict compliance with service statutes, a court lacks personal jurisdiction over the defendant corporation. *Florida Med. Ass'n, v. Spires,* 153 So.2d 756, 758 (Fla. 1st DCA 1963); *Anthony v. Gary J. Rotella & Assocs., P.A.,* 906 So.2d 1205, 1207 (Fla. 4th DCA 2005) ("The failure to strictly adhere to the requirements of a service statute deprives the court of jurisdiction over the defendant improperly served.")

11. If the prescribed statutory method for service of process is not followed, the fact that the defendant actually received notice does not make the service valid. *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 235 (M.D.Fla.1993). "Florida courts have uniformly held that statutes dealing with service of process are to be strictly construed and valid service of process on a domestic corporation may be made only by complying with the statute." *Id*. (*citing Sierra Holding, Inc. v. Inn Keepers Supply Co.*, 464 So.2d 652 (Fla. 4th DCA 1985)); *see also York Communications, Inc. v. Furst Group, Inc.,* 724 So.2d 678, 679 (Fla. 4th DCA 1999) ("Statutes governing service of process should be strictly construed, and valid service on a domestic corporation may only be effected by complying with such statutes."); *Lisa S.A. v. Gutierrez,* 806 So.2d 557 (Fla. 3d DCA 2002) ("[S]ection 48.081 . . . governs service of process on corporations, and the statute 'must be strictly construed and strictly complied with.'") (*citing Washington Capital Corp. v. Milandco, Ltd., Inc.,* 665 So.2d 375 (Fla. 4th DCA 1996)).

12. It is without question that neither the Florida nor the federal service rules or statutes were followed in the present case. Plaintiff attempted to perform substituted service pursuant

4

to Fla. Stat. § 48.161, when it should have performed service of process pursuant to Fla Stat. § 48.081. *See Pinero*, 825 F.Supp.2d at 1266.

13. "Florida law provides that process against any private corporation may be served upon the registered agent (Fla. Stat. § 48.091) or by service [pursuant to Fla. Stat. § 48.081]" *Clarendon Am. Ins. Co. v. Krishna Associates of Titusville, Inc.,* 606CV819-ORL-18JGG, 2006 WL 3762076, at *1 (M.D.Fla.2006). "Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions for substituted service." *City Of Jacksonville v. Arrigato, Inc.,* 3:10-CV-211-J-32MCR, 2010 WL 3069135, at *1 (M.D.Fla.2010) (*citing George Fisher, Ltd. v. Plastiline, Inc.,* 379 So.2d 697, 699 (S.D.Fla.1980)). "In order to effectuate valid substitute service upon the Secretary of State, Plaintiff must comply with the demands of both Sections 48.161 and 48.181. Plaintiff failed to comply with the requirements of Section 48.161 and therefore, did not effectuate valid substitute service." *Id.*

14. Under Florida law, to support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So.3d 696, 700 (Fla. 4th DCA 2010); *Turcotte v. Graves*, 374 So.2d 641 (Fla. 4th DCA 1979). Pursuant to Fla. Stat. § 48.181, the complaint must allege (1) the defendant was a nonresident of the state, has subsequently become a nonresident, or is concealing his, her or its whereabouts; and (2) the cause of action arises out of a transaction or an operation connected with a business venture occurring within the state. *Wiggam v. Bamford*, 562 So.2d 389, 390 (Fla. 4th DCA 1990). The status of the defendant as a nonresident or as a concealing resident must be specified; "shotgun" allegations are not permitted. *See Hernandez,* 32 So.2d at 698-700 (complaint alleging in alternative that defendant was being personally served and that, after

diligent search and inquiry, defendant was nonresident of state or concealing whereabouts insufficient to satisfy pleading requirement for substituted service of process).

15. Plaintiff alleged in its Complaint that Flava "is a corporation formed under the laws of the State of Florida, and maintains its principal place of business at 2610 North Miami Avenue, Miami, Florida 33127." (*see* D.E. 1, p. 1). The Complaint is devoid of any allegations that Flava became a nonresident of the state or is avoiding service by concealing its whereabouts. The Complaint also fails to state that the alleged copyright infringement occurred in the state of Florida. Accordingly, Plaintiff has failed to establish Fla. Stat. § 48.181 as an available basis for substituted service of process and service must be quashed, and, to the extent the allegations of the Complaint are insufficient, it should be dismissed. *See Mecca Multimedia, Inc. v. Kurzbard*, 954 So.2d 1179 (Fla. 3d DCA 2007); *Pelycado Onroerend Goed B.V. v. Ruthenberg*, 635 So.2d 1001 (Fla. 5th DCA 1994).

16. The opinion in *Mecca Multimedia, Inc. v. Kurzbard*, 954 So.2d 1179 (Fla. 3d DCA 2007) is right on point. There, plaintiff attempted to serve a Florida corporation by serving the registered agent and its officers or employees, but was unable to do so. As a result, plaintiff availed himself of Florida's long-arm statute and served the defendant corporation by substituted service on Florida's Secretary of State. The trial court upheld the substituted service, but the district court of appeal disagreed and held that service should be quashed. The court stated that the plaintiff was required to strictly comply with the applicable statutes governing service of process and that it was the plaintiff's "burden of pleading facts" to support the applicability of substituted service. The court held:

> In this instance, since [the plaintiff] served [the defendant corporation] through substituted service on the Secretary of State pursuant to section 48.181, we must determine whether [the plaintiff] made the necessary jurisdictional allegations in his complaint to clearly bring himself within the ambit of the statute. Section

6

>48.181, Florida Statutes, permits Florida's Secretary of State to accept service on behalf of a non-resident defendant *or a resident defendant who subsequently becomes a non-resident or who conceals his or her whereabouts* and who engages in or carries on a business venture in the state. § 48.181, Fla. Stat. (2005) . . . . Here, [the plaintiff's] complaint alleges that [the defendant corporation] is a Florida corporation and that the accident occurred in the business premises owned by [the defendant corporation] and located in Miami, Florida. Accepting the allegations in the complaint as true, as we are required to do, . . . [the defendant corporation] is a Florida corporation, and thus, the portion of the statute accepting service on behalf of a non-resident defendant is inapplicable to this case. Consequently, *the only way for [the plaintiff] to avail himself of section 48.181 was to properly plead that [the defendant corporation], through its officers or agents, was concealing its whereabouts. The complaint, however, did not allege, nor was it amended to allege, any concealment on the part of [the defendant corporation]. Therefore, as [the plaintiff] failed to plead the required statutory prerequisites to invoke the long-arm statute, he could not perfect substituted service on [the defendant corporation].*

*Mecca Multimedia*, 954 So.2d at 1182 (italics original; emphasis added; citations omitted).

Similarly, in *Pelycado Onroerend Goed B.V. v. Ruthenberg*, 635 So.2d 1001 (Fla. 5th DCA 1994), the court found that the plaintiff's allegations in the complaint were wanting and did not support substituted of service over non-resident defendant corporations because plaintiff did not allege that the defendants were engaged in business in the state and that the cause of action arose from those business activities. Relying upon the strict construction given to Florida's substituted service statutory provisions, the district court stated:

>To perfect service on a nonresident defendant, a complaint must allege that the nonresident defendant is engaged in business in the state and that the cause of action arises from these business activities. . . . If these jurisdictional allegations are not made, service is not perfected and the trial court lacks jurisdiction over the defendant. ... When these allegations are not made, appellate courts have quashed service and vacated the judgment against nonresident defendants. . . . [The plaintiff] alleged in the complaint that [the defendants] were foreign corporations and that they owned property in Hernando County. He did *not* allege that they were engaged in business in Hernando County and that the cause of action arose from their business activities. The ownership or maintenance of property does not constitute a business or a business venture in accordance with section 48.161, Florida Statutes (1991). . . . Therefore, [the plaintiff] did not allege that [the defendants] conducted business activities that gave rise to the cause of action, there was no jurisdiction and substituted service was not perfected.

7

*Pelycado Onroerend Goed*, 635 So.2d at 1003 (citations omitted).

17. Further, Plaintiff did not strictly comply with the procedural requirements of Fla. Stat. § 48.161 to complete proper substituted service, which requires that Plaintiff, after serving the Florida Secretary of State, to file proof that he sent by registered or certified mail, on or before the return day for the service of process, a copy of the Complaint and affidavit of service to Defendant. *Pinero*, 825 F.Supp.2d at 1266.

18. Plaintiff has not filed a return receipt as proof of registered or certified mailing of the notice of service and copy of process to Flava and has not filed an affidavit of compliance on or before the return day of the process pursuant to Fla. Stat. § 48.161. These requirements are jurisdictional. *Hernandez*, 32 So.3d at 700; *Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp.*, 415 So.2d 892, 894 (Fla. 3d DCA 1982). The failure to file a return receipt of registered or certified mail is considered fatal to valid service of process. *Logan v. Mora*, 555 So.2d 1267 (Fla. 3d DCA 1989); *see also Hernandez* (filing of unsigned return receipt from certified mailing of summons and complaint to defendant was insufficient to satisfy statute governing substituted service of process where there was no evidence that failure of delivery was result of defendant's actively refusing or rejecting substituted service); *Orange Motors* (substituted service of process was insufficient and was required to be quashed where complaint was mailed to counsel for defendant but not to defendant). Similarly, the lack of a properly filed affidavit of compliance invalidates substituted service of process. *Orange Motors* (affidavit required by Fla. Stat. § 47.30, predecessor to Fla. Stat. § 48.161, is jurisdictional and completion of service without it is not sufficient); *Rever v. Lapidus*, 151 So.2d 61 (Fla. 3d DCA 1963) (affidavit required by statute with respect to method of service upon nonresident is necessary

for completion of service and is jurisdictional; service upon nonresident defendant was faulty where affidavit required of plaintiff was signed by attorney but failed to include verification).

19. Additionally, Flava is a duly registered Florida corporation organized under the laws of the State of Florida, and therefore should have been served as a "domestic corporation" under Fla. Stat. §§ 48.091 or 48.081. Plaintiff made no attempt to serve Flava's registered agent and the Secretary of State is not one of the parties that may be served for domestic corporations. Pursuant to Florida law, service of process may be completed on the Secretary of State only in certain instances, none of which apply to this instant matter. *Compare* Fla. Stat. §§ 48.161, 48.171, 48.181, and 48.19.

20. It is clear that Plaintiff failed to properly effectuate service on Flava as required by Florida law, through Fed.R.Civ.P. 4. Plaintiff failed to file any returns of service or affidavits which show that Plaintiff attempted to serve Flava's registered agent or other authorized person at its principal place of business on file with the Florida Department of State Division of Corporations pursuant to Fla. Stat. §§ 48.081 and 48.091, in accordance with Fla. Stat. § 48.031. *See* Fla. Stat. § 48.081(b).

21. The proper remedy for a defective service of process is that the defective service should be quashed, or the case be dismissed. When service of process is insufficient, a court has no personal jurisdiction over a defendant. *In re Worldwide Web Systems, Inc.*, 328 F. 1291, 1299 (11th Cir. 2003). As such, either service of process on Flava should be quashed, or the matter should be dismissed. *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009).

**WHEREFORE**, for the reasons more particularly set forth herein, Defendant, FLAVA WORKS, respectfully requests this Court enter an Order: (i) granting this Motion; (ii) vacate default judgment; (iii) quashing substituted service of process; (iv) dismissing the Complaint; and (v) for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I, Matthew H. Zukowsky HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically via the Court's CM/ECF system and by first-class U.S. Mail on this 19 day of March, 2015 to all parties on the below Service List.

Dated: March 19, 2015                                Respectfully Submitted,

                                                    s/Matthew H. Zukowsky

                                                    Matthew H. Zukowsky, P.A.
                                                    19560 Havensway Court
                                                    Boca Raton, Fl, 33498
                                                    (561) 445-9471
                                                    Attorney No. 0112311