UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC. and MARC PARENT,            CASE NO. 1:15-cv-20245-MGC

    Plaintiffs,
vs.

FLAVA WORKS, INC. and PHILLIP BLEICHER,

    Defendants.
_____/

### PLAINTIFFS' RESPONSE TO DEFENDANT, FLAVA WORKS, INC.'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT [DE-20]

Plaintiffs, A4A RESEAU, INC. and MARC PARENT, by and through their undersigned counsel, respond to Defendant, FLAVA WORKS, INC. ("FLAVA")'s Motion to Quash Service of Process and Dismiss [DE-20] ("Motion"), and in an opposition thereto state as follows:

1. The parties herein are currently involved in three (3) separate virtually identical actions without a substantial change in issues or parties in this District as well as the Northern District of Illinois (NDIL Case No, 15-cv-00610, the "Chicago action"). Plaintiffs filed the appropriate Notice of Pending, Refiled, Related, and/or Similar Actions in this matter. [DE-11].

2. The initial related action was instituted by FLAVA in this District on or about August 29, 2014 (Case No. 1:14-CV-23208), wherein FLAVA alleged that its principal place of business was at 2610 North Miami Avenue, Miami, Florida 33127 ("2610 Miami address"). *See*, Complaint at ¶3, attached hereto as *Exhibit "A"* hereto.

3. On or about January 21, 2015, the day this action was filed, the undersigned e-mailed a courtesy copy of the filed pleading to Defendants' counsel of record in actions listed by Plaintiffs on their Notice of Pending, Refiled, Related, and/or Similar Actions [DE-11]. See *Exhibit "B"* hereto.

1

4. Furthermore, on or about January 29, 2015, the undersigned inquired with Defendants' counsel in writing about whether Defendants wished to waive service of process in this action. *Se*e, **Exhibit "C"** hereto.

5. Contrary to Defendants' allegation in the subject Motion, Plaintiffs alleged that the acts of copyright infringement that form the subject of the Complaint occurred in Florida. *See*, Complaint [DE-1] at ¶10.

6. FLAVA is a Florida corporation formed in May 2006. As of January 21, 2015, the date of filing of this action, and through March 2, 2015, FLAVA listed its current principal place of business and registered agent address (registered office) at the 2610 Miami address. PHILLIP BLEICHER ("BLEICHER") listed himself as the President, Director, and registered agent at that address. *See*, FLAVA's 2014 Annual Report in **Composite Exhibit "D"** hereto.

7. Apparently on March 3, 2015, FLAVA changed its current principal place of business and mailing address to 833 SW 14th Avenue, Miami, Florida 33135 ("833 Miami address"). In that same filing, BLEICHER, FLAVA's registered agent, also changed his address to the 833 Miami address. *See*, FLAVA's 2015 Annual Report in **Composite Exhibit "D"** hereto.

8. The records of The Florida Department of State ("Sunbiz") do not reflect any address change for FLAVA between the 2014 and 2015 Annual Reports. **Exhibit "E."**

9. Therefore, at all times relevant hereto, through and including March 2, 2015 (the day of Plaintiffs' Motion for Entry of Default Final Judgment [DE-16], which was one day before FLAVA's filing of its 2015 Annual Report), the Sunbiz record reflected only the 2610 Miami address for FLAVA. *See*, FLAVA's 2014 Annual Report in **Composite Exhibit "D"** hereto.

10. Even though FLAVA had not changed its address with Sunbiz prior to March 2, 2015, the Affidavit of BLEICHER [DE-23-2] at ¶4 states that FLAVA has one (1) main office located at the 833 Miami address, which it has allegedly occupied since May 2014.

11. Furthermore, even though BLEICHER has been listed as FLAVA's Florida registered agent, the Affidavit of BLEICHER ([DE-23-2] at ¶8) states that he currently resides at 933 West Irving Park Road, Suite C, Chicago, IL 60613 ("933 Chicago address), and has allegedly resided at that location since 2009.

12. BLEICHER became FLAVA's registered agent on April 28, 2011, at the 2610 Miami address. *See*, FLAVA's 2011 Annual Report in **Composite Exhibit "D"** hereto.

13. As reflected in Affidavit of Non-Service attached as **Exhibit "F"** hereto, on or about January 30, 2015, Plaintiffs attempted service at the 2610 Miami address, which was FLAVA's and BLEICHER's only address pursuant to the Sunbiz records at the time. *See*, FLAVA's 2014 Annual Report in **Composite Exhibit "D"** hereto.

14. However, Plaintiffs were unable to serve process at the 2610 Miami address, because FLAVA was no longer there. **Exhibit "F."**

15. Plaintiffs further attempted service at the 833 Miami address (which was referenced in paragraph 3 of FLAVA's Chicago Complaint, **Exhibit "G",)** but were neither able to do so, as their process server determined there is no such address. *See,* **Exhibit "F."**

16. Upon information and belief, Defendants failed to post a sign in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served at either the 2610 Miami address or the 833 Miami address. Neither have Defendants alleged that they have so acted.

3

17. On or about February 4, 2015, Plaintiffs effectuated service on BLEICHER by way of substitute service at the 933 Chicago address on an individual who refused to identify himself, but confirmed that BLEICHER resides at that address although he was not there [DE-13]. Plaintiff's process server also hand delivered a copy of the Summons and Complaint for FLAVA on the referenced individual. See *Exhibit H*, Return on FLAVA in Chicago.[1] [DE-13]

18. According to BLEICHER's Motion to Quash Service of Process and Dismiss [DE-23], the individual was Daniel Nelson, who swore that he is not an employee of FLAVA. *See*, Affidavit of Daniel Nelson [DE-23-1].

19. Pursuant to the Declaration of Joanna Lubczanska, FRP, attached as *Exhibit "I"* hereto, it appears that Daniel Nelson is FLAVA's Creative Director.

20. Additionally, Defendants' mailbox at the 933 Chicago address location reads externally that

> *"[w]e accept all Mail in Box C, especially for: Flava Works, FW Media, Phillip Bleicher, Richard Cooper, Dan Nelson. . . "*

*See*, photograph of Defendants' Chicago mailbox attached as *Exhibit "J"* hereto.

21. Although the Affidavit of BLEICHER [DE-23-2] alleges that the property located at the 933 Chicago address is "a large loft comprised of a work and living space with two (2) separate entrances and/or doors," and Defendants have referred to "Apt. C" and "Suite C" interchangeably, both "Apt. C" and "Suite C" of the 933 Chicago address appear to be the same location where Defendants allegedly reside and conduct business. *See*, City of Chicago's Business License Certificate for FLAVA, attached as *Exhibit "K"* hereto. Therefore, it is unclear

---

[1] While the effect of the service might be in contest, there is no dispute that a copy of the Summons and Complaint was served on the corporation at what its president alleges to be its corporate address. Arguably, this service satisfied any obligation to provide another copy of the Summons and Complaint which was then served on the Secretary of State to which FLAVA argues it to be entitled.

4

how anyone would be expected to distinguish between BLEICHER's alleged residence ([DE-23-2] at ¶8) and a business office.

22. Among the three (3) addresses used by the Defendants, namely, (1) the 833 Miami address, (2) the 2610 Miami address, and (3) the 933 Chicago address, it never became clear that Defendants have been concealing their whereabouts. Rather, Plaintiffs inferred that the Defendants use the addresses interchangeably as they see fit to their benefit, in blatant disregard for the applicable law, and to play games with Plaintiffs and the Court in an effort to gain an unfair advantage in litigation depending on their shifting litigation strategies.

23. It should be noted that in 2014 BLEICHER has also formed three (3) other Florida corporations, using the 2610 Miami address as their principal, mailing, registered office, and BLEICHER's address. See, *Exhibit "L"* hereto.

24. On or about February 13, 2015, Plaintiffs served FLAVA by way of substitute service on the Florida Secretary of State [DE-12].

25. Plaintiffs' Return of Service [DE-12-1] indicates that FLAVA was also served with a true copy of the Affidavit of Non-Service in *Exhibit "F"* hereto.

26. A copy of Plaintiffs' Application for Entry of Default Against FLAVA dated March 9, 2015 [DE-17] was served on FLAVA via U.S. Mail at the 933 Chicago address [DE-17-2].

27. On March 12, 2015 BLEICHER personally attend a conference on this Plaintiff's Motion to Transfer in the Chicago Action which is based in part upon, and included another copy of the complaint in this action. (See *Exhibit "M",* Motion to Transfer, etc. in Chicago Action See *Exhibit "N"* Declaration of Travis Life)

5

27. FLAVA's first filing in this action was not until its Motion to Quash Service of Process and Dismiss Complaint on March 19, 2015 [DE-20], two months after its counsel received a copy of the filed lawsuits.

28. This Court issued an Order Expediting Service [DE-8], which required that Plaintiffs serve process on Defendants by March 30, 2015.

29. Despite this Court's Notice of Court Practice [DE-10] requiring **multiple Plaintiffs or Defendants to file joint dispositive motions with co-parties unless there are clear conflicts of positions or grounds for relief**, Defendants filed two separate Motions to Quash Service of Process and Dismiss Complaint. [DE-20] and [DE-23].

## MEMORANDUM OF LAW

Fed.R.Civ.P. 4(h)(1)(B) permits serving a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Immediately upon filing of this action, the undersigned e-mailed a copy of the filed Complaint with exhibits thereto, including proposed Summons, and Civil Cover Sheet to Defendants' counsel of record in actions listed by Plaintiffs on their Notice of Pending, Refiled, Related, And/Or Similar Actions [DE-11]. On February 4, 2015, BLEICHER also received a **copy of the Complaint** by way of substitute service at the 933 Chicago address on an individual who refused to identify himself, but confirmed that BLEICHER resides at that address although he was not there [DE-13]. FLAVA was also served with a copy of the summons and complaint on the same person at that time. *See*, Affidavit of Service at [DE-13]. The effect of service on FLAVA is discussed later herein.

6

> Pursuant to §48.091, Fla. Stat.,
>
>> "[e]very Florida corporation. . . shall designate a registered agent and registered office. . . [which shall be] open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served."

Due to Defendants' failures to comply with §48.091, Fla. Stat., Plaintiffs have been unable to serve FLAVA at its principal office and place of business or registered office. Pursuant to §48.081(3)(a), Fla. Stat., "if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. . . during the first attempt at service even if the registered agent is temporarily absent from his or her office."

Furthermore, §607.0501(1), Fla. Stat., states that "[e]ach corporation shall have and **continuously maintain** in this state: (a) A registered office which may be the same as its place of business; and (b) A registered agent, who may be either: 1. **An individual who resides in this state whose business office is identical with such registered office**. . ." Furthermore, pursuant to §607.0501(5), Fla. Stat., FLAVA "may not maintain any action in a court in this state until it complies with the provisions of this section. . . and pays to the Department of State a penalty of $5 for each day it has failed to so comply or $500, whichever is less."  This statute alone is a bar to the relief sought in this Motion.

In *Reed v. Morgan Drexen, Inc*., 26 F.Supp.3d 1287, 1292 (SDFL, 2014), the court stated as follows:

> The State of Florida's Business Corporation's Act, 607 FLA. STAT. § 607.0501 requires that any corporation conducting business in the State ''shall have and

continuously maintain in this state. . . a registered agent, who may be. . . an individual who resides in this state.'' Additionally, this Section provides that ''[a] registered agent. . . on whom process may be served. . . shall. . . file a statement in writing with the Department of State. . . [which] shall state that the registered agent is familiar with, and accepts, the obligations of that position.'' Id. at 607.0501(3). **_Under Florida law, it is a third degree felony, pursuant to 817.155 of the Florida Statutes, to provide false information in a document submitted to the Department of State._** [emphasis added]

Specifically, §817.155, Fla. Stat. states the following:

A person may not, in any matter within the jurisdiction of the Department of State, knowingly and willfully falsify or conceal a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false document, knowing the same to contain any false, fictitious, or fraudulent statement or entry. A person who violates this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The statute of limitations for prosecution of an act committed in violation of this section is 5 years from the date the act was committed.

Despite BLEICHER's recent admission that he has resided at the 933 Chicago address since 2009 ([DE-23-2] at ¶8), BLEICHER attested in his filings with Sunbiz that all of the information provided in his corporate filing was true, and acknowledged that he understood that submitting false information was a crime, including the fact that he has been residing at the 2610 Miami address, and then at the 833 Miami address as of March 3, 2015. Thus, one of BLEICHER'S two filings must be fraudulent and felonious.

In *Reed* at 1292-93, the court stated that the Plaintiff therein, a Florida resident,

testified in her deposition that her husband, Mr. Reed has never lived with her at her address, rather, he has lived in the Turks & Caicos for the entire period of their 15 year marriage. . . However, on July 25, 2013, five months before Reed's deposition, Mr. Reed incorporated [a Florida corporation] with a principle address of 5400 NE 2nd Ave, Oakland Park 33334. Mr. Reed listed himself as the President of the Company, and also as its registered agent. He listed Reed as the Company's Vice President. He provided the same address of 5400 NE 2nd Ave in Oakland Park as his registered agent address for service of process. . . I am hard pressed to believe Plaintiff's testimony that her husband has been living in the Turks & Caicos for the last fifteen years.

Similarly, given FLAVA's and BLEICHER's filings with Sunbiz as well as the initial

8

lawsuit (Case No. 1:14-CV-23208), it is nearly impossible to consider either of the Defendants a nonresident of Florida for purpose of service of process. Additionally, Defendant FLAVA has received at least two other copies of the Complaint in this action by way of the personal service on an individual who refused to identify himself, **Exhibit "H",** and through his attendance at the hearing for the Motion to Transfer in the Chicago action, See **Exhibit "N".**

Interestingly, Defendants have not taken the position that they have not been served with notice of the Summons and Complaint in this case. The evidence is overwhelming that Defendants have been served with such notice and have ignored same for their own purposes on numerous occasions, knowingly filed false statements about their company, its business locations, and registered agent, and are the cause of all of that of which they complain in the Motion. Defendants have forfeited the opportunity to object to defects in service based on their own activity and admitted corporate mis-filings which remain illegal as admitted by the affidavit of FLAVA's principal, BLEICHER.  Therefore, despite Defendants' failures to comply with the applicable statutes governing the conduct of Florida corporations, Plaintiffs perfected substituted service on FLAVA.   As a result Defendant FLAVA's subject Motion must be denied.

In response to Defendants' argument about §48.161, Fla. Stat., even if a registered copy would have been mailed to FLAVA, it did not provide the right address required under the statute to have given notice.  The result would have been a returned or unclaimed letter which would have rendered the action moot.  The statutory requirements were waived by FLAVA where FLAVA failed to provide the correct address to provide the registered mail service of the summons and complaint served on the Secretary of State. As the results of such service could not have differed the result and FLAVA had so many additional copies served on them, their argument under the statute fails.

9

WHEREFORE, Plaintiffs pray the Court deny Defendant FLAVA's Motion to Quash Service of Process and Dismiss [DE-20], and grant Plaintiffs any further relief the Court deems appropriate.

<u>**CERTIFICATE OF SERVICE**</u>
<u>**OF ELECTRONIC FILING GENERATED BY CM/ECF**</u>

I HEREBY CERTIFY that on this 6th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

        Respectfully Submitted,

        **Bradley Legal Group, P.A.**
        *Counsel for Plaintiffs*
        15 Northeast 13th Avenue
        Fort Lauderdale, FL 33301
        Telephone: (954) 523-6160
        Facsimile: (954) 523-6190

By:    _____/s/_____
        John F. Bradley, Esq.
        Florida Bar No.: 0779910
        Email: jb@bradlegal.com

Exhibits:

| | |
|---|---|
| *Exhibit "A"* | Complaint in Case No. 1:14-CV-23208 |
| *Exhibit "B"* | Plaintiffs' e-mail with a courtesy copy of the filed pleading to Defendants' counsel |
| *Exhibit "C"* | Plaintiffs' letter to Defendants' counsel regarding waiving service |
| *Exhibit "D"* | FLAVA's 2011, 2014, and 2015 Florida Profit Corporation Annual Reports |
| *Exhibit "E"* | FLAVA's Sunbiz record |
| *Exhibit "F"* | Affidavit of Non-Service |
| *Exhibit "G"* | FLAVA's Chicago Complaint |
| *Exhibit "H"* | Returns on FLAVA and BLEICHER in Chicago |
| *Exhibit "I"* | Declaration of Joanna Lubczanska, FRP |
| *Exhibit "J"* | Photograph of Defendants' Chicago mailbox |
| *Exhibit "K"* | City of Chicago's Business License Certificate for FLAVA |
| *Exhibit "L"* | Three (3) other Florida corporations formed by BLEICHER in 2014 |
| *Exhibit "M"* | Motion to Transfer in Chicago Action |
| *Exhibit "N"* | Declaration of Travis Life, Esq. |

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

**SERVICE LIST**

Matthew H. Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Defendants*
Matthew H. Zukowsky, P.A.
19560 Havensway Court
Boca Raton, FL, 33498
Tel: (561) 445-9471
**Service via CM/ECF**

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160