**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-CV-23208-XXXX

FLAVA WORKS, INC.,

    Plaintiff,

**COMPLAINT**

vs.

A4A RESEAU, INC.
A4A NETWORK, INC.
MARC PARENT

**JURY TRIAL DEMANDED**

    Defendants.
_____/

## INTRODUCTION

Plaintiff, FLAVA WORKS, INC. (hereinafter "Plaintiff", "Flava Works" or "Flava"), and for its Complaint against the Defendants, A4A RESEAU, INC., A4A NETWORK, INC., and MARC PARENT, (hereinafter "Defendants") states as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. Section 101 *et seq.*.

2. Plaintiff brings this action for Defendants to cease and desist copying, infringing, promoting, encouraging, enabling and/or facilitating the infringement of Plaintiff's copyrighted works on the worldwide Internet.

## THE PARTIES

### (THE PLAINTIFF, FLAVA WORKS, INC.)

3. Plaintiff, Flava Works, Inc., is a corporation incorporated under the laws of the State of Florida with its principal place of business at 2610 North Miami Avenue, Miami,

Florida 33127, and an office at 933 W. Irving Park Road, Ste. C, Chicago, Illinois 60613.

### (THE DEFENDANTS, A4A RESEAU, INC. AND A4A NETWORK, INC.)

4. On information and belief, Defendants, A4A RESEAU, Inc. and A4A NETWORK, Inc., are Canadian corporations that created, own or operate the website Adam4Adam.com.

### (THE DEFENDANT, MARC PARENT)

5. On information and belief, Defendant, Marc Parent is the registered owner, director, president and principal of the above mentioned corporations and website.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 arising from a federal question.

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1338 in accordance with the Copyright Act, 17 U.S.C. Section 101 *et seq.*, and 28 U.S.C. Section 1367 arising from supplemental jurisdiction.

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332 arising from diversity citizenship and the amount in controversy exceeds $75,000.00.

9. The doctrine of extraterritoriality does not apply if at least some part of the infringement occurs in the United States. Shropshire v. Canning, 809 F.Supp.2d. 1139 (N.D. Cal. 2011).

10. On information and belief, this Court has personal jurisdiction over the Defendants due to an active registered trademark within the United States Patent and

Trademark Office for "Adam4Adam".

11. This Court has personal jurisdiction pursuant to Section 48.13 of Florida's Long Arm Statute requiring "sufficient minimum contacts" of a continuous and systematic nature, purposeful availment and comports with notions of fair play and substantial justice. International Shoe v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. (1945).

12. A website that is interactive and commercial in nature that promotes the company or that solicits users from other jurisdictions to engage in a business relationship engaged is an intentional and continuous business contact that subjects the website to personal jurisdiction of the federal courts in those jurisdictions. Publications International Ltd.. v. Burke/Triolo, Inc., 121 F.Supp.2d 1178 (N.D. Illinois 2000). On information and belief, Adam4Adam is an interactive and commercial website that promotes Defendants' products or services and allows users to join as a user of the website.

13. On information and belief, Defendants actively target the Florida market and its consumers.

14. On information and belief, Defendants entered into an affiliate agreement with Plaintiff, Flava Works, Inc.

15. On information and belief, this Court has personal jurisdiction over the Defendants due their status as account holders or subscribers with a United States based corporation which is a server operator, managed host and cloud computing provider.

## STATEMENT OF FACTS

16. Plaintiff is a corporation that produces adult entertainment in the form of

DVDs, magazines, websites, pictures, streaming video and various other media.

17. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others.

18. Plaintiff has applied for and has registered various copyrights and trademarks for its works. See attached Exhibit "A" for Plaintiff's works with registered copyrights.

19. The Internet is a worldwide network of millions of computers and computer networks that enable its users to communicate with one another through the transmission of information from one computer to another.

20. On information and belief, Defendants, A4A RESEAU, Inc. and A4A NETWORK, Inc., created, owns and operates the website Adam4Adam.com, which is an American online dating website designed for men to meet other men "for friendship, romance or a hot hookup". Its goods and/or services are listed as a community social club, online/offline dating service and computer dating service via online personals.

21. On August 20, 2003, the Defendant, Marc Parent, applied for a wordmark for "Adam4Adam" within the United States Patent and Trademark Office.

22. On May 3, 2005, the Defendant, Marc Parent, was issued a service mark for "Adam4Adam" by the United States Patent and Trademark Office for use in commerce. See Exhibit "B" for Defendant's registered service mark.

23. Plaintiff prominently displays its copyright on its website, publications and films and is legally available solely to its authorized distributors and licensees.

24. At all relevant times, on information and belief, Defendants made copies of Plaintiff's copyrighted images and published the images for advertising purposes. There

are approximately two dozen copyrighted works illegally used by the Defendants. See attached Exhibit "C" for the aforementioned images.

25. On information and belief, when a user clicks on the aforesaid advertisements, the user is redirected to another website. Plaintiff alleges, Defendants either own, operate or control the website to which the user is redirected or the Defendants are paid by third parties for redirecting the web traffic.

26. On information and belief, Defendants generate advertising revenue from the traffic to its own website. At all material times, Plaintiff avers, Defendants used Flava's copyrighted materials on its site to generate increased traffic for Adam4Adam.com.

27. Plaintiff has sent Defendants the requisite takedown notices pursuant to 17 U.S.C. Section 512 *et seq.*, Digital Millennium Copyright Act. See attached Exhibit "D" for the aforementioned correspondence.

## CAUSE OF ACTION

### (Copyright Infringement-17 U.S.C. Section 501)

28. Plaintiff incorporates and re-alleges paragraphs 1-27 of this Complaint verbatim by reference.

29. An intellectual property violation, to wit: direct copyright infringement, is a strict liability offense requiring no intent or state of mind.

30. Plaintiff holds the copyright on each of the infringed works alleged in this action.

31. Plaintiff is the owner and producer of the images illegally and improperly reproduced and distributed by Defendants through their websites.

32. Plaintiff prominently displays its copyright on its website, publications and films and is legally available solely to its authorized distributors and licensees.

33. Defendants reproduced, copyrighted works by and through servers and/or other hardware owned, operated or controlled by their corporations or relationships with third parties.

35. Defendants reproductions and distributions of the works were done without authorized licensure or approval from the Plaintiff.

36. Defendants either knew or should have reasonably known they did not have authorization to use, employ, capitalize, exploit or derive any benefit from Plaintiff Flava's, copyrighted material. Defendant, Marc Parent, as registered owner of a service mark work issued by the United States Patent and Trademark Office, further knew or should have known his acts constituted copyright infringement or a violation of intellectual property law.

37. Defendants engaged in intentional, knowing, negligent or willfully blind conduct sufficient to demonstrate an active engagement in the improper collection, distribution and use of Plaintiff Flava Works, Inc.'s copyrighted material.

38. It is remote and unlikely the Defendants employed reasonable examination and control measures, including the utilization of a word filter; (which checks the file name during the uploading of files to the servers with regard to whether the author, the title or name violates any copyright or trademark) the lack of which suggests culpability.

39. The quality and quantity of the copyrighted images advertised to Internet users on Defendants' Adam4Adam website increased the amount of traffic and generated revenue for the Defendants.

40. Plaintiff Flava's copyright works are unique and valuable property having no readily determinable market value.

41. Defendants infringement harms Plaintiff's business reputation and goodwill.

42. Defendants conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

43. Defendants conscious disregard for Plaintiff's intellectual property rights is purposefully wrongful, illegal, continuous and unremitting.

44. Defendants aforesaid conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

## PRAYER FOR RELIEF

**WHEREFORE:** As a result of the injury suffered by Plaintiff Flava Works Inc.'s business enterprise stemming from Defendants actions of direct copyright infringement, Plaintiff respectfully requests that this Honorable Court enter an Order of the following:

1. A judgment in favor of Plaintiff, Flava Works, Inc. against the Defendants.

2. A temporary restraining order, preliminary injunction and/or permanent injunction against the Defendants and their aliases, agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, assigns and all persons acting for, with, by, through or under Defendants and each of them during the pendency of this action as preliminarily and permanently thereafter from:

A. Restraining and enjoining Defendants from posting on any website(s) material that infringes on Plaintiff Flava Works, Inc.'s intellectual property, as well as from facilitating the posting on any website(s) by third parties infringing material, and/or links

which enable the easy access to Plaintiff Flava Works, Inc.'s intellectual property that is located on third party websites;

B. Restraining and enjoining Defendants from distributing, reproducing, using, copying, streaming, making available for download or otherwise exploiting Flava Works, Inc.'s intellectual property, including Plaintiff's copyrighted works, trademarks, trade dress or any other product or symbol with the indicia of Plaintiff's ownership, through the use of their website or otherwise;

C. Restraining and enjoining Defendants from doing any other act through his website(s) or otherwise, which shall confuse, deceive, cause mistake, etc., among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

D. Restraining and enjoining Defendants from using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

E. Restraining and enjoining Defendants from using, disclosing, converting, appropriating, retaining, selling, transferring or copying and property of the Plaintiff's;

F. Restraining and enjoining Defendants from using any of the Plaintiff's marks attached hereto or any colorable imitation of any of the marks in connection with the distribution of images and content at Defendants website;

G. Restraining and enjoining Defendants from doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendant's business is in any way affiliated, connected to or associated with Plaintiff or Plaintiff's business;

H. Restraining and enjoining Defendants from unfairly competing or

tortiously interfering with Plaintiff and Plaintiff's contractual or business relationships in any manner.

3. Requiring Defendants to submit to the Court and to serve upon Plaintiff a report written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4. Requiring Defendants to cease operation of the website domain "Adam4Adam.com" and to transfer domain ownership of "Adam4Adam.com" immediately to Plaintiff;

5. Requiring Defendants to forfeit their use and/or possession of the U.S. trademark "Adam4Adam" issued by the United States Patent and Trademark Office.

6. Disgorging Defendants of any profits, gains or advantages derived from their illegal and unethical infringement of Flava Works intellectual property;

7. Award Plaintiff actual damages proximately resulting from the Defendants infringement, the amount of which is to be proven at trial, or statutory damages (treble for each willful violation pursuant to 15 U.S.C. Section 504(c)(2), as the Plaintiff may elect as a matter of right;

8. Award punitive damages as deemed just and proper by this Court as a result of Defendants willful misconduct;

9. Award Plaintiff reasonable attorney's fees pursuant to 17 U.S.C. Section 505 and 15 U.S.C. Section 11 17(a);

10. Award Plaintiff the cost of this action;

11. Award any additional and further relief which this Court deems to be just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 25, 2014

Respectfully submitted,
s/ Ursula C. Jackson, Esq.
Florida Bar No. 734330
The Law Office of Ursula C. Jackson, PLLC.
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Telephone: 1.855.218.8456
Fax: 305.200.8701
Email: uj.flavaworks@gmail.com.
Attorney for Plaintiff

Flava Works, Inc.
2610 North Miami Avenue
Miami, FL 33127