**EXHIBIT "M"**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FLAVA WORKS, INC.,           )
                                          )
        Plaintiff,           )        Case No. 15-cv-00610
                                          )
v.                              )        Judge Der-Yeghiayan
                                          )
A4A RÉSEAU INC., A4A NETWORK INC.,   )        Magistrate Judge Mason
MARC PARENT                        )
                                          )
        Defendants.         )

# DEFENDANTS' MOTION TO TRANSFER
# PURSUANT TO 28 U.S.C. § 1404(a)

Defendants A4A RÉSEAU INC., A4A NETWORK INC., and MARC PARENT ("Defendants"), by their attorneys, pursuant to 28 U.S.C. § 1404(a), respectfully move to transfer this matter to the United States District Court for the Southern District of Florida ("SDFL"), Miami Division. Defendants state as follows in support of their Motion:

1.        On or about January 21, 2015, Plaintiff FLAVA WORKS, INC. ("Plaintiff") initiated this action ("NDIL Action") by filing a one-count Complaint against Defendants for alleged copyright infringement, pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, "to stop Defendants from copying, infringing, promoting, encouraging, enabling and/or facilitating the infringement of Plaintiff's copyrights on the worldwide Internet." See, Complaint [DE-1] at ¶ 2.

2.        The nature of the alleged infringement appeared to be a claimed use of a number of photographic images on a website allegedly owned and controlled by Defendants.

3.        Prior thereto, on or about August 29, 2014, Plaintiff instituted a virtually identical action in the SDFL by filing its Complaint in Case No. 14-cv-23208 styled *Flava Works, Inc. v A4A Reseau, Inc., A4A Network, Inc., and Mark Parent* ("SDFL Initial Action").

1

4.     Plaintiff's NDIL Action Complaint is without a substantial change in issues or parties from its SDFL Initial Action.

5.     On or about January 20, 2015, Plaintiff filed its Notice of Voluntary Dismissal Without Prejudice of the SDFL Initial Action, which was dismissed the following day despite of the fact that Defendants (1) had previously filed their Answer, and (2) were not afforded an opportunity to object to the dismissal being without prejudice and/or without other terms and conditions.

6.     On or about January 21, 2015, while anticipating a continued dispute and/or another lawsuit by the Plaintiff, Defendants instituted a new action in the SDFL, Case No. 15-cv-20245[1], by filing their Complaint For Declaratory Judgment against Plaintiff as well as its director, president, and principal, Phillip Bleicher ("SDFL Dec. Action").

7.     At some point thereafter, and upon his own investigation and research, Defendants' counsel discovered that Plaintiff re-filed its action in this District as this NDIL Action.

8.     On or about February 4, 2015, Defendants filed their Motion to Set Aside Dismissal, To Reinstate Action, To Consolidate Actions, And For Attorneys' Fees in the SDFL Initial Action, which is currently pending and awaiting the parties' further briefing.

9.     On or about February 20, 2015, Defendants filed a Notice of Pending, Refiled, Related, And/Or Similar Actions in the SDFL Dec. Action.

10.     All three (3) actions involve virtually the same parties (except Phillip Bleicher,

---

[1]During the initial electronic filing of the Complaint with the SDFL, Defendants' counsel encountered a technical problem, which resulted in a duplicative filling of the same action, namely, Case No. 15-cv-60123 and Case No. 15-cv-20245. As a result thereof, Complaint bearing Case No. 15-cv-60123 has been issued. However, shortly thereafter, the error has been corrected and Case No. 15-cv-60123 inactivated. The SDFL Dec. Action has proceeded as Case No. 15-cv-20245.

who is a Defendant in the SDFL Dec. Action, but who should also be a party in the two related actions instituted by the Plaintiff), as well as similar issues and common questions of law or fact.

11.     For the reasons set forth herein and in the Memorandum of Law submitted concurrently herewith, Defendants move this Court to transfer this action to the SDFL, Miami Division, pursuant to 28 U.S.C. § 1404(a).

12.     Pursuant to 28 U.S.C. § 1404(a), a court may transfer a civil action to any other district where it might have been brought "for the convenience of parties and witnesses [or] in the interest of justice."

13.     Venue is proper in both the transferor and the transferee districts. However, the transferee forum is more convenient because the Plaintiff and U.S. witnesses are located in the SDFL, and because both Plaintiff and Defendants instituted two related pending actions in the SDFL.

14.     Furthermore, transfer of this action to the SDFL will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

WHEREFORE, Defendants request that this Court grant their Motion and transfer this case to the United States District Court for the Southern District of Florida, Miami Division pursuant to 28 U.S.C. § 1404(a), and award such other and further relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

*WE HEREBY CERTIFY* that a true and correct copy of the foregoing was filed via Pacer Electronic Service this 23rd day of February, 2015, to Juneitha Shambee, Esq. (shambeelaw@gmail.com), Shambee Law Office, Ltd., Attorneys for Plaintiff, P.O. Box 91, Evanston, Illinois 60204-0091.

Respectfully submitted,

**Leavens, Strand & Glover, LLC**

_____/s/_____

Peter Strand, Esq
Travis Life, Esq.
203 North LaSalle Street
Suite 2550
Chicago, IL  60601
Email: pstrand@lsglegal.com
Office: 312-488-4170
Direct: 312-488-4172
Fax:  312-488-4177

**Bradley Legal Group, P.A.**
John F. Bradley, Esq.
*Pro Hac Vice*
*Motion Pending*
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190
Email: jb@bradlegal.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-00610 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| A4A RÉSEAU INC., A4A NETWORK INC., | ) | Magistrate Judge Mason |
| MARC PARENT | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Defendants A4A RÉSEAU INC., A4A NETWORK INC., and MARC PARENT ("Defendants"), by their attorneys, respectfully submit this memorandum of law in support of their motion pursuant to 28 U.S.C. § 1404(a), to transfer the above-captioned proceeding from this Northern District of Illinois ("NDIL") to the United States District Court for the Southern District of Florida ("SDFL"), Miami Division.

## PRELIMINARY STATEMENT

Three related actions, namely, this instant action and two actions pending in the SDFL, involve virtually the same parties (except Plaintiff's principal, Phillip Bleicher, who is a defendant in one of the actions, but who should be a party in all three actions), as well as similar issues and common questions of law and fact. Therefore, this action is a continuation of litigation between the parties instituted and pending in the SDFL. The parties have previously pled that the venue for this action is proper in the SDFL, have submitted to the jurisdiction thereof, and have retained local counsel and incurred attorneys' fees and costs litigating in the SDFL.

## BACKGROUND

**I.    Plaintiff's Initial Copyright Infringement Action Pending in the SDFL**

Last year, Plaintiff FLAVA WORKS, INC. ("Plaintiff") instituted a virtually identical action in the SDFL by filing a one-count Complaint for alleged copyright infringement by Defendants in the nature of a number of photographic images on a website allegedly owned and controlled by Defendants. Plaintiff's Complaint in Case No. 14-cv-23208, styled *Flava Works, Inc. v A4A Reseau, Inc., A4A Network, Inc., and Mark Parent*, filed in the SDFL ("SDFL Initial Action") is attached hereto as ***Exhibit "A."***

Plaintiff's SDFL Initial Action is the first-filed case, wherein Plaintiff and Defendants submitted to the jurisdiction of and the venue in the SDFL. Defendants filed their Motion to Dismiss Complaint for Failure to State a Claim, To Strike, And/Or For More Definite Statement. Defendants' Motion to Dismiss also sought an order that Plaintiff's director, president, and principal, Phillip Bleicher, "be made a party to this litigation, and if he chooses to refuse to join the litigation as a Plaintiff after being ordered by this Court to do so, this Court can make him "either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. § 19(a)(2)."

After the Court therein granted Plaintiff's Second Motion for Extension of Time in which to respond to Defendants' Motion to Dismiss, and while awaiting Plaintiff's response brief thereto, Defendants filed their Answer and Affirmative Defenses. Four days after Defendants' Answer, on or about January 20, 2015, Plaintiff filed its Notice of Voluntary Dismissal Without Prejudice [DE-22] "pursuant to Fla. R. Civ. P. 1.420 (a)(l) and FRCP 4l(a)(l)(A)(i)." The following day, the Court dismissed the SDFL Initial Action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, even though Defendants (1) had previously filed their Answer, and (2) were not afforded an opportunity to object to the dismissal being

without prejudice and/or without other terms and conditions. On February 4, 2015, Defendants filed their Motion to Set Aside Dismissal, To Reinstate Action, To Consolidate Actions, and For Attorneys' Fees ("SDFL MT Reinstate"), which is currently pending, and awaiting the parties' further briefing. See, **Exhibit "B."** As of February 20, 2015, according the SDFL's CM/ECF Document Filing System, the SDFL Initial Action was in the process of being reopened.

## II.    Defendants' Declaratory Judgment Action Pending in the SDFL

On the day that the court dismissed the SDFL Initial Action, and while anticipating a continued dispute and/or another lawsuit by the Plaintiff, Defendants filed a declaratory judgment action in the SDFL, Case No. 15-cv-20245, against Plaintiff as well as its director, president, and principal, Phillip Bleicher ("SDFL Dec. Action"). See, **Exhibit "C."** Immediately thereafter, Defendants e-mailed Plaintiff's local counsel a courtesy copy of the filed Complaint For Declaratory Judgment, advising of the newly filed SDFL Dec. Action. See, e-mail dated January 21, 2015, enclosing Complaint for Declaratory Judgment, attached hereto as **Exhibit "D."** Defendants' counsel received no response or feedback thereto from Plaintiff or its counsel. On or about February 20, 2015, Defendants filed a Notice of Pending, Refiled, Related, And/Or Similar Actions in the SDFL Dec. Action. See, **Exhibit "E."** Furthermore, the parties have been ordered to file a Joint Scheduling Report.

## III.    Plaintiff's Copyright Infringement Action Pending in This District

Prior to filing of its SDFL Dec. Action, Defendants' counsel checked federal courts' dockets to confirm that Plaintiff had not re-filed its action in another district. *Exhibit "D."* At some point thereafter, and only upon his own investigation and research, Defendants' counsel discovered that Plaintiff re-filed this action in this District. According to the Complaint, "Plaintiff brings this action to stop Defendants from copying, infringing, promoting,

encouraging, enabling and/or facilitating the infringement of Plaintiff's copyrights on the worldwide Internet." (Complaint [DE-1] at ¶ 2). Thus, this action is without a substantial change in issues or parties from Plaintiff's SDFL Initial Action.

Virtually every aspect of these proceedings is centered in Florida. Both Plaintiff and Defendants have previously pled that they conduct business in the SDFL. Furthermore, Plaintiff is a Florida corporation with its principal place of business in the SDFL. Although Plaintiff alleged herein that its principal place of business is in the SDFL ***and*** the NDIL (Complaint [DE-1] at ¶ 3), less than five months prior thereto, Plaintiff alleged in its Complaint in the SDFL Initial Action that its principal place of business is only in the SDFL, and an office in the NDIL. See, Complaint in *Exhibit "A"* hereto at ¶ 3. Nonetheless, pursuant to the Florida Department of State's official records, Plaintiff's principal place of business is only in the SDFL. See, ***Exhibit "F."*** Additionally, Plaintiff's principal, Phillip Bleicher, defendant in the SDFL Dec. Action, is a resident of the SDFL. Neither Plaintiff, Defendants, nor Plaintiff's principal, Phillip Bleicher, are residents of the NDIL. The overwhelming majority of U.S. witnesses are located in the SDFL. Indeed, other than the incidental fact that Plaintiff suddenly claims NDIL as its additional principal place of business (Complaint [DE-1] at ¶ 3) and that "Defendants actively target the Illinois market and consumers" (Complaint [DE-1] at ¶ 7), virtually no nexus to the NDIL exists. There is simply no reason for this duplicative action to proceed here.

Plaintiff's motives for filing this action are suspect. With all this history, one can only conclude Plaintiff filed this action to produce confusion and delay, to forum shop, and to obtain different rulings from a different court, as further explained below.

## ARGUMENT

### I.    Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to avoid "waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 84 S.Ct. 805, 809 (1964). A motion to transfer is within the broad discretion of the district court, and "less of a showing of inconvenience is needed for a § 1404(a) transfer than for a *forum non conveniens* dismissal." Conseco Life Ins. Co. v. Reliance Ins. Co., No. 99 C 5020, 2001 U.S. Dist. LEXIS 21475, at *3 (N.D. Ill. December 14, 2001).

In order to transfer a case pursuant to Section 1404(a), the transferor court must first find that: (1) venue is proper in the transferor district, and (2) venue is proper in the transferee district. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986); 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought"). The moving party has the burden of "establishing . . . that the transferee forum is clearly more convenient." Coffey, 796 F.2d at 219. Additionally, transfer is appropriate when the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. General Accident Ins. Co. v. Travelers Corp., 666 F. Supp. 1203, 1206 (N.D. Ill. 1987).

### (a)    Venue Is Proper in the Transferor District

Plaintiff, a corporation organized and existing under the laws of the State of Florida with its principal place of business in the SDFL (***Exhibit "F"***) alleged that it has an office in the

NDIL. The matter in controversy exceeds the sum or value of $75,000.00. (Civil Cover Sheet [DE-2]). Because there is complete diversity of citizenship, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, the federal courts have jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Moreover, the core dispute arises pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*

     **(b)**     <u>**Venue and Jurisdiction Is Proper in the Transferee District**</u>

Venue is proper and indeed preferable in the SDFL because the substantial majority of facts giving rise to this action occurred (and indeed continue to occur and develop) there. Plaintiff is a Florida corporation with its principal place of business in the SDFL. <u>See</u>, ***Exhibit "F."*** Additionally, Plaintiff's principal, Phillip Bleicher, defendant in the SDFL Dec. Action, is a resident of the SDFL. Both Plaintiff and Defendants have previously pled that they conduct business in the SDFL. Plaintiff has previously alleged that jurisdiction and venue for the dispute is proper in SDFL. <u>See</u>, Exhibit A. Finally, Plaintiff is not a resident of the NDIL.

     **(c)**     <u>**The Convenience of the Parties and Witnesses Favor Transfer**</u>

The record reflects that both Plaintiff and Defendants instituted two separate actions in the SDFL, and that Plaintiff is located in the SDFL. Therefore, SDFL is the most convenient for the parties. In light of the fact that U.S. witnesses with relevant knowledge are almost exclusively located in the SDFL, rendering the SDFL the more convenient forum for resolution of the parties' disputes. <u>See</u>, <u>Paul v. Lands' End, Inc.</u>, 742 F. Supp. 512, 514 (N.D. Ill. 1990) (forum more convenient where defendants were headquartered, majority of their employees and potential witnesses resided, and majority of evidence was located; in contrast, parties and witnesses had "relative insignificant contacts" with transferor).

The courts have repeatedly stressed the importance of being able to compel the

attendance of third party witnesses at trial. See, e.g., <u>FUL Inc. v. Unified Sch. Dist. No. 204</u>, 839 F. Supp. 1307, 1312 (N.D. Ill. 1993).

Moreover, the efficiency of resolving the parties' claims in conjunction with the pending actions in the SDFL, also renders transfer to the SDFL more convenient for the witnesses. Transfer would eliminate simultaneous discovery proceedings in two separate forums as well as eliminate the unnecessary financial burden of prosecuting and defending in two separate forums. See <u>Goggins v. Alliance Capital Mgmt., L.P.</u>, 279 F. Supp. 2d 228, 233 (S.D.N.Y. 2003); <u>Volkswagen Aktiengesellschaft v. Dee Eng'g, Inc.</u>, No. 02 CV 1669, 2003 U.S. Dist. LEXIS 3550, at *8 (S.D. Ind. Mar. 4, 2003).

Thus, the convenience of the parties and witnesses would clearly be best served by a transfer of the instant action to the SDFL.

### (d)    <u>Interest of Justice</u>

In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." <u>Coffey</u>, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. <u>In re National Presto Indus., Inc.</u>, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." <u>Coffey</u>, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. <u>Id</u>.

The record indicates that most, if not all, records and witnesses relevant to this case are located in the SDFL. Defendants have shown that this action could be handled more efficiently in the SDFL. This case has limited connections with the NDIL.

Nevertheless, the "interest of justice" component "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." Conseco Life Ins. Co., 2001 U.S. Dist. LEXIS 21475, at *8. This is particularly the case when the "interest" to be served is the consolidation of related litigation. Van Dusen, 84 S.Ct. at 823-24. The interest of justice analysis relates to the efficient functioning of the courts, not the merits of the underlying dispute. F & G Scrolling Mouse, L.L.C. v. Microsoft, Inc., 56 F. Supp. 2d 1005, 1009 (N.D. Ill. 1999). Furthermore, courts are often troubled about the duplication of effort defendants will incur if the action is refiled. Germain v. Semco Service Machine Co., 79 F.R.D. 85, 86 (E.D.N.Y.1978).

The interest of justice dictates transfer to the SDFL for consolidation with two related pending actions, because many legal and factual issues that will be determined in those proceedings are elemental to the issues raised in Plaintiff's Complaint, which is virtually identical to its Complaint in the SDFL Initial Action, and which gave basis for Defendants' SDFL Dec. Action.

Given the overlapping legal and factual issues, there is a "significant risk that the separate trial of these two cases could lead to inconsistent results and inconsistent decrees" if this case is not transferred. Solaia Technology, Inc. v. Rockwell Automation, Inc., No. 03 C 566, 2003 U.S. Dist. LEXIS 15285, *9 (N.D. Ill. Sept. 2, 2003). The risk of inconsistent determinations strongly favors transfer of this action. See id. at *9; Conseco Life Ins., U.S. Dist. LEXIS 21475, at *12; see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 243 n.7 (1981). Federal courts have

repeatedly recognized the important role transfer plays in preventing inconsistent decisions. See Solaia, 2003 U.S. Dist. LEXIS 15285, at *9.

Judge Joan A. Lenard is already familiar with the SDFL Initial Action. Thus, the interest of judicial economy greatly favors the resolution of the related issues raised in this case by the SDFL. See, Zurich Ins. Co. v. Raymark Indus., 672 F. Supp. 1102, 1104 (N.D. Ill. 1987) ("transfer of this action to a district which is already thoroughly familiar and experienced with the facts and law relevant to this action will promote judicial economy").

"Another related 'interest of justice' factor is the prevention of forum shopping." Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003). Plaintiff's tactical decision to sue in this District, despite litigating in the SDFL on identical issues for nearly a year, strongly suggests forum shopping. Plaintiff is likely searching for a new forum in the hopes of "starting over." Such tactics strongly favor transfer of this action to the SDFL. See id. ("evidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of this prong [the interest of justice] and would often make the transfer of venue proper"); O'Hopp v. Contifinancial Corp., 88 F. Supp. 2d 31, 35 (E.D.N.Y. 2000) ("[E]fforts to select one district to avoid or obtain specific rulings of another district court should be disfavored and discouraged").

Finally, the interest of justice analysis often examines the comparative congestion of the dockets in the two federal districts. See Zurich Ins. Co., 672 F. Supp. at 1104. The interest of justice will be better served by transfer to the SDFL as its docket is less congested. As reported in the Federal Court Management Statistics Report for the twelve months ended September 30, 2014, the median time from filing to trial in SDFL is roughly 45% percent of that reported for the NDIL (16 months in the SDFL as opposed to 35.3 months in the NDIL). Similarly, the SDFL

reports only 2.3% of its civil cases as more than three years old, compared to the NDIL's 9.6%. Copies of the Judicial Caseload Profiles for the SDFL and the NDIL are attached hereto as *Exhibit "G."* Such statistics suggest that transfer to the SDFL may yield the added benefit of a more expedited resolution of the parties' disputes.

The interest of justice factor clearly favors a transfer. Therefore, based on the above, the SDFL is clearly a more convenient forum and the motion to transfer should be granted.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court grant their motion to transfer this proceeding to the United States District Court for the Southern District of Florida.

### Certificate of Service

*WE HEREBY CERTIFY* that a true and correct copy of the foregoing was filed via Pacer Electronic Service this 23rd day of February, 2015, to Juneitha Shambee, Esq. (shambeelaw@gmail.com), Shambee Law Office, Ltd., Attorneys for Plaintiff, P.O. Box 91, Evanston, Illinois 60204-0091.

Respectfully submitted,

**Leavens, Strand & Glover, LLC**

_____/s/_____
Peter J. Strand, Esq.
Travis Life, Esq.
203 North LaSalle Street
Suite 2550
Chicago, IL  60601
Email: pstrand@lsglegal.com
Office: 312-488-4170
Direct: 312-488-4172
Fax:  312-488-4177

**Bradley Legal Group, P.A.**
John F. Bradley, Esq.
*Pro Hac Vice*
*Motion Pending*
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190
Email: jb@bradlegal.com

# Exhibit "A"

Plaintiff's Complaint in Case No. 14-cv-23208, styled Flava Works, Inc. v A4A Reseau, Inc., A4A Network, Inc., and Mark Parent, filed in the SDFL Initial Action.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:14-CV-23208-XXXX

FLAVA WORKS, INC.,

Plaintiff,                           **COMPLAINT**

vs.

A4A RESEAU, INC.                     **JURY TRIAL DEMANDED**
A4A NETWORK, INC.
MARC PARENT

Defendants.

_____/

### INTRODUCTION

Plaintiff, FLAVA WORKS, INC. (hereinafter "Plaintiff", "Flava Works" or

"Flava"), and for its Complaint against the Defendants, A4A RESEAU, INC., A4A

NETWORK, INC., and  MARC PARENT, (hereinafter "Defendants") states as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to the Copyright Act, 17

U.S.C. Section 101 *et seq.*.

2. Plaintiff brings this action for Defendants to cease and desist copying,

infringing, promoting, encouraging, enabling and/or facilitating the infringement of

Plaintiff's copyrighted works on the worldwide Internet.

### THE PARTIES

### (THE PLAINTIFF, FLAVA WORKS, INC.)

3. Plaintiff, Flava Works, Inc., is a corporation incorporated under the laws of the

State of Florida with its principal place of business at 2610 North Miami Avenue, Miami,

Florida 33127, and an office at 933 W. Irving Park Road, Ste. C, Chicago, Illinois 60613.

**(THE DEFENDANTS, A4A RESEAU, INC. AND A4A NETWORK, INC.)**

4.  On information and belief, Defendants, A4A RESEAU, Inc. and A4A

NETWORK, Inc., are Canadian corporations that created, own or operate the website

Adam4Adam.com.

**(THE DEFENDANT, MARC PARENT)**

5.  On information and belief, Defendant, Marc Parent is the registered owner,

director, president and principal of the above mentioned corporations and website.

**JURISDICTION AND VENUE**

6.  This Court has original subject matter jurisdiction over this action pursuant to

28 U.S.C. Section 1331 arising from a federal question.

7.  This Court has original subject matter jurisdiction over this action pursuant to

28 U.S.C. Section 1338  in accordance with the Copyright Act, 17 U.S.C. Section 101 *et

seq..,* and 28 U.S.C. Section 1367 arising from supplemental jurisdiction.

8.  This Court has original subject matter jurisdiction over this action pursuant to

28 U.S.C. Section 1332 arising from diversity citizenship and the amount in controversy

exceeds $75,000.00.

9.  The doctrine of extraterritoriality does not apply if at least some part of the

infringement occurs in the United States.   Shropshire v. Canning, 809 F.Supp.2d. 1139

(N.D. Cal. 2011).

10.  On information and belief, this Court has personal jurisdiction over the

Defendants due to an active registered trademark within the United States Patent and

Trademark Office for "Adam4Adam".

11. This Court has personal jurisdiction pursuant to Section 48.13 of Florida's Long Arm Statute requiring "sufficient minimum contacts" of a continuous and systematic nature, purposeful availment and comports with notions of fair play and substantial justice. International Shoe v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. (1945).

12. A website that is interactive and commercial in nature that promotes the company or that solicits users from other jurisdictions to engage in a business relationship engaged is an intentional and continuous business contact that subjects the website to personal jurisdiction of the federal courts in those jurisdictions. Publications International Ltd., v. Burke/Triolo, Inc., 121 F.Supp.2d 1178 (N.D. Illinois 2000). On information and belief, Adam4Adam is an interactive and commercial website that promotes Defendants' products or services and allows users to join as a user of the website.

13. On information and belief, Defendants actively target the Florida market and its consumers.

14. On information and belief, Defendants entered into an affiliate agreement with Plaintiff, Flava Works, Inc.

15. On information and belief, this Court has personal jurisdiction over the Defendants due their status as account holders or subscribers with a United States based corporation which is a server operator, managed host and cloud computing provider.

## STATEMENT OF FACTS

16. Plaintiff is a corporation that produces adult entertainment in the form of

DVDs, magazines, websites, pictures, streaming video and various other media.

17.   Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites:   www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others.

18.   Plaintiff has applied for and has registered various copyrights and trademarks for its works.  See attached Exhibit "A" for Plaintiff's works with registered copyrights.

19.   The Internet is a worldwide network of millions of computers and computer networks that enable its users to communicate with one another through the transmission of information from one computer to another.

20.   On information and belief, Defendants, A4A RESEAU, Inc. and A4A NETWORK, Inc., created, owns and operates the website Adam4Adam.com, which is an American online dating website designed for men to meet other men "for friendship, romance or a hot hookup".   Its goods and/or services are listed as a community social club, online/offline dating service and computer dating service via online personals.

21.   On August 20, 2003, the Defendant, Marc Parent, applied for a wordmark for "Adam4Adam" within the United States Patent and Trademark Office.

22.   On May 3, 2005, the Defendant, Marc Parent, was issued a service mark for "Adam4Adam" by the United States Patent and Trademark Office for use in commerce. See Exhibit "B" for Defendant's registered service mark.

23.   Plaintiff prominently displays its copyright on its website, publications and films and is legally available solely to its authorized distributors and licensees.

24.   At all relevant times, on information and belief, Defendants made copies of Plaintiff's copyrighted images and published the images for advertising purposes.   There

are approximately two dozen copyrighted works illegally used by the Defendants. See attached Exhibit "C" for the aforementioned images.

25. On information and belief, when a user clicks on the aforesaid advertisements, the user is redirected to another website. Plaintiff alleges, Defendants either own, operate or control the website to which the user is redirected or the Defendants are paid by third parties for redirecting the web traffic.

26. On information and belief, Defendants generate advertising revenue from the traffic to its own website. At all material times, Plaintiff avers, Defendants used Flava's copyrighted materials on its site to generate increased traffic for Adam4Adam.com.

27. Plaintiff has sent Defendants the requisite takedown notices pursuant to 17 U.S.C. Section 512 *et seq.*, Digital Millennium Copyright Act. See attached Exhibit "D" for the aforementioned correspondence.

## CAUSE OF ACTION

### (Copyright Infringement-17 U.S.C. Section 501)

28. Plaintiff incorporates and re-alleges paragraphs 1-27 of this Complaint verbatim by reference.

29. An intellectual property violation, to wit: direct copyright infringement, is a strict liability offense requiring no intent or state of mind.

30. Plaintiff holds the copyright on each of the infringed works alleged in this action.

31. Plaintiff is the owner and producer of the images illegally and improperly reproduced and distributed by Defendants through their websites.

32. Plaintiff prominently displays its copyright on its website, publications and films and is legally available solely to its authorized distributors and licensees.

33. Defendants reproduced, copyrighted works by and through servers and/or other hardware owned, operated or controlled by their corporations or relationships with third parties.

35. Defendants reproductions and distributions of the works were done without authorized licensure or approval from the Plaintiff.

36. Defendants either knew or should have reasonably known they did not have authorization to use, employ, capitalize, exploit or derive any benefit from Plaintiff Flava's, copyrighted material. Defendant, Marc Parent, as registered owner of a service mark work issued by the United States Patent and Trademark Office, further knew or should have known his acts constituted copyright infringement or a violation of intellectual property law.

37. Defendants engaged in intentional, knowing, negligent or willfully blind conduct sufficient to demonstrate an active engagement in the improper collection, distribution and use of Plaintiff Flava Works, Inc.'s copyrighted material.

38. It is remote and unlikely the Defendants employed reasonable examination and control measures, including the utilization of a word filter; (which checks the file name during the uploading of files to the servers with regard to whether the author, the title or name violates any copyright or trademark) the lack of which suggests culpability.

39. The quality and quantity of the copyrighted images advertised to Internet users on Defendants' Adam4Adam website increased the amount of traffic and generated revenue for the Defendants.

40.  Plaintiff Flava's copyright works are unique and valuable property having no readily determinable market value.

41.  Defendants infringement harms Plaintiff's business reputation and goodwill.

42.  Defendants conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

43.  Defendants conscious disregard for Plaintiff's intellectual property rights is purposefully wrongful, illegal, continuous and unremitting.

44.  Defendants aforesaid conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

## PRAYER FOR RELIEF

**WHEREFORE:**  As a result of the injury suffered by Plaintiff Flava Works Inc.'s business enterprise stemming from Defendants actions of direct copyright infringement, Plaintiff respectfully requests that this Honorable Court enter an Order of the following:

1.  A judgment in favor of Plaintiff, Flava Works, Inc. against the Defendants.

2.  A temporary restraining order, preliminary injunction and/or permanent injunction against the Defendants and their aliases, agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, assigns and all persons acting for, with, by, through or under Defendants and each of them during the pendency of this action as preliminarily and permanently thereafter from:

A.  Restraining and enjoining Defendants from posting on any website(s) material that infringes on Plaintiff Flava Works, Inc.'s intellectual property, as well as from facilitating the posting on any website(s) by third parties infringing material, and/or links

which enable the easy access to Plaintiff Flava Works, Inc.'s intellectual property that is located on third party websites;

B. Restraining and enjoining Defendants from distributing, reproducing, using, copying, streaming, making available for download or otherwise exploiting Flava Works, Inc.'s intellectual property, including Plaintiff's copyrighted works, trademarks, trade dress or any other product or symbol with the indicia of Plaintiff's ownership, through the use of their website or otherwise;

C. Restraining and enjoining Defendants from doing any other act through his website(s) or otherwise, which shall confuse, deceive, cause mistake, etc., among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

D. Restraining and enjoining Defendants from using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

E. Restraining and enjoining Defendants from using, disclosing, converting, appropriating, retaining, selling, transferring or copying and property of the Plaintiff's;

F. Restraining and enjoining Defendants from using any of the Plaintiff's marks attached hereto or any colorable imitation of any of the marks in connection with the distribution of images and content at Defendants website;

G. Restraining and enjoining Defendants from doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendant's business is in any way affiliated, connected to or associated with Plaintiff or Plaintiff's business;

H. Restraining and enjoining Defendants from unfairly competing or

tortiously interfering with Plaintiff and Plaintiff's contractual or business relationships in any manner.

3.  Requiring   Defendants to submit to the Court and to serve upon Plaintiff a report written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4.  Requiring Defendants to cease operation of the website domain "Adam4Adam.com" and to transfer domain ownership of "Adam4Adam.com" immediately to Plaintiff;

5.  Requiring Defendants to forfeit their use and/or possession of the U.S. trademark "Adam4Adam" issued by the United States Patent and Trademark Office.

6.  Disgorging Defendants of any profits, gains or advantages derived from their illegal and unethical infringement of Flava Works intellectual property;

7.  Award Plaintiff actual damages proximately resulting from the Defendants infringement, the amount of which is to be proven at trial, or statutory damages (treble for each willful violation pursuant to 15 U.S.C. Section 504(c)(2), as the Plaintiff may elect as a matter of right;

8.  Award punitive damages as deemed just and proper by this Court as a result of Defendants willful misconduct;

9.  Award Plaintiff reasonable attorney's fees pursuant to 17 U.S.C. Section 505 and 15 U.S.C. Section 11 17(a);

10.  Award Plaintiff the cost of this action;

11.  Award any additional and further relief which this Court deems to be just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action,

pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 25, 2014

Respectfully submitted,
s/ Ursula C. Jackson, Esq.
Florida Bar No. 734330
The Law Office of Ursula C.Jackson, PLLC.
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Telephone: 1.855.218.8456
Fax: 305.200.8701
Email: uj.flavaworks@gmail.com.
Attorney for Plaintiff

Flava Works, Inc.
2610 North Miami Avenue
Miami, FL 33127

**Exhibit "B"**

Defendants' Motion to Set Aside Dismissal, To Reinstate Action, To Consolidate Actions, and For Attorneys' Fees filed in the SDFL Initial Action.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLAVA WORKS, INC.            CASE NO. 1:14-CV-23208-XXXX

        Plaintiff,

vs.

A4A RESEAU, INC.
A4A NETWORK, INC.
MARC PARENT

        Defendants.

_____/

# DEFENDANTS' MOTION TO SET ASIDE DISMISSAL, TO REINSTATE ACTION, TO CONSOLIDATE ACTIONS, AND TO AWARD ATTORNEYS' FEES

Defendants, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual, by and through their undersigned counsel, hereby file this Motion to Set Aside Dismissal, to Reinstate Action, to Consolidate Actions and to Award Attorneys' Fees, pursuant to Federal Rules of Civil Procedure 41(d), 42, and 60, as well as Rule 2.15.00 of this Court's Internal Operating Procedures, and otherwise allege:

## I. Introduction

1.      On or about August 29, 2014, Plaintiff filed a one count Complaint [DE-1] alleging copyright infringement by two alleged corporations A4A RESEAU, INC. (hereafter "A4A") and A4A NETWORK, INC. (hereafter "Network"), and MARC PARENT, individually (all collectively "Defendants")[1] ("SDFL Action"). The nature of the alleged infringement

---

[1]      Defendant entities A4A and Network are the same entity. Under Canadian law, an entity's legal name must be written in French. A4A legally does business under the name A4A Network, Inc. (using the English translation "Network" of the French word "Reseau".) Therefore, all claims against A4A Network, Inc. are moot. *Quebec Charter of the French Language, C. 5, S. 63-64, 1977.* All responses herein shall refer to "A4A" based on those facts and to the extent otherwise required shall refer to A4A and Network collectively.

1

appeared to be a claimed use of a number of photographic images on a website allegedly owned and controlled by Defendants.

2.      By virtue of their Complaint, Plaintiff submitted to and pled that this Court has personal jurisdiction over the Plaintiff, and that the venue for this action is proper in this District.

3.      In its Complaint, Plaintiff pled that "[t]his Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 arising from a federal question." See, [DE-1] at ¶ 6.

4.      In its Complaint, Plaintiff pled that "[t]his Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1338 in accordance with the Copyright Act, 17 U.S.C. Section 101 *et seq*., and 28 U.S.C. Section 1367 arising from supplemental jurisdiction." See, [DE-1] at ¶ 7.

5.      In its Complaint, Plaintiff pled that "[t]his Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332 arising from diversity citizenship and the amount in controversy exceeds $75,000.00." See, [DE-1] at ¶ 8.

6.      In its Complaint, Plaintiff pled that this Court has personal jurisdiction over the Defendants. See, [DE-1] at ¶¶ 10-15.

7.      On or about November 6, 2014, Defendants filed their Motion to Dismiss, Strike, and/or For More Definite Statement [DE-11] on the premise that Plaintiff has failed in its burden to assert factual allegations that will support the cause of action asserted. Defendants' Motion to Dismiss also sought an order that Plaintiff's director, president, and principal, Phillip Bleicher, "be made a party to this litigation, and if he chooses to refuse to join the litigation as a Plaintiff after being ordered by this Court to do so, this Court can make him "either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. § 19(a)(2)." See, [DE-11] at p. 14.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

8.      On or about January 16, 2015, Defendants filed their Answer and Affirmative Defenses [DE-20].

9.      On or about January 20, 2015, Plaintiff filed its Notice of Voluntary Dismissal Without Prejudice [DE-22] "pursuant to Fla. R. Civ. P. 1.420 (a)(l) and FRCP 4l(a)(l)(A)(i)."

10.      Defendants were not afforded an opportunity to object to the dismissal being without prejudice and/or without other terms and conditions.

11.      On or about January 21, 2015, this Court dismissed this SDFL Action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure [DE-23].

12.      On the same day, on or about January 21, 2015, while anticipating a continued dispute and/or another lawsuit by the Plaintiff, Defendants instituted a new action in this District, Case No. 15-cv-60123, by filing their Complaint For Declaratory Judgment therein against Plaintiff as well as its director, president, and principal, Phillip Bleicher ("Dec. Action").

13.      Immediately upon filing of the Dec. Action, also on January 21, 2015, Defendants e-mailed to Plaintiff's counsel a courtesy copy of the docketed Complaint For Declaratory Judgment, advising of the newly filed Dec. Action. <u>See</u>, e-mail enclosing Complaint for Declaratory Judgment dated January 21, 2015, attached hereto as ***Exhibit "A."***

14.      Prior to filing of the new Dec. Action, Defendants' counsel checked federal courts' dockets to ensure that Plaintiff had not re-filed the action in another district.  None were shown when the Dec Action was filed.

15.      Defendants' counsel received no response to the e-mail advising Plaintiff's counsel of the Dec action's filing.

16.      Defendants' counsel was neither notified otherwise of any new action re-filed by Plaintiff.

3

17.     Not until recently, and only upon his own investigation and research, Defendants' counsel discovered that Plaintiff re-filed its action in the United States District Court for the Northern District of Illinois, Case No. 15-cv-00610 ("NDIL Action"). See, Complaint, attached hereto as **"Exhibit "B."  (Exhibits omitted)**

18.     Plaintiff's NDIL Action is without a substantial change in issues or parties from its SDFL Action.

19.     Phillip Bleicher is a defendant in the Dec. Action. However, he has not been joined as a party in either this SDFL Action or the NDIL Action.

20.     At the time of filing of this motion neither Plaintiff nor Phillip Bleicher have been served with process in either the Dec. Action as Plaintiff's address listed with the Secretary of State's office is no longer valid and the address which Plaintiff references as its principal place of business in the NDIL action is non-existent.  ***Exhibit B, P.3***  However, Plaintiff was put on notice of the Dec. Action significantly before Defendants' counsel learned of the NDIL Action. *Exhibit "A."*

21.     The parties have already submitted to the jurisdiction of this District, have retained local counsel, and incurred attorneys' fees and costs litigating in this District.

22.     Both Plaintiff and Defendants have previously pled that they conduct business in this District. Furthermore, Plaintiff is a Florida corporation with its principal place of business in this District. See, [DE-1] at ¶ 3. Additionally, Plaintiff's principal, Phillip Bleicher, defendant in the Dec. Action, is a resident of this District.

23.     Neither Plaintiff, Defendants, nor Plaintiff's principal, Phillip Bleicher, are residents of the Northern District of Illinois.

*Bradley Legal Group, P.A., 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160*

24. The SDFL Action, the Dec. Action, and the NDIL Action involve virtually the same parties (except Plaintiff's principal, Phillip Bleicher, who should be a party in this SDFL Action), as well as similar issues.

25. Plaintiff's SDFL Action is the first-filed case, wherein Plaintiff and Defendants submitted to the jurisdiction this District, and the venue therefor.

26. Pursuant to 28 U.S.C. § 1404(a), a court may transfer a civil action to any other district where it might have been brought "for the convenience of parties and witnesses [or] in the interest of justice." Given that both Plaintiff and Defendants instituted two separate actions in this District, and because Plaintiff is located in this District, this District is the most convenient for the parties. Therefore, Defendants anticipate the transfer of the NDIL Action to this District.

# Memorandum of Law

## I. Motion To Set Aside Dismissal And to Reinstate Action

27. Pursuant to Rule 60 of the Federal Rules of Civil Procedure, this Court may relieve Defendants from the Order dismissing the SDFL Action [DE-23].

28. Plaintiff's request for permission to discontinue action is treated as a motion to dismiss at plaintiff's instance pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. U.S. for Use and Ben. of Fairbanks Morse & Co. v. Bero Const. Corp., 148 F. Supp. 295, 298 (S.D.N.Y.1957).

29. "When exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant for Rule 41(a)(2) [pursuant to which Plaintiff filed its Notice of Voluntary Dismissal Without Prejudice [DE-22]] exists chiefly for protection of defendants." Fisher v. Puerto Rico Marine Management, Inc., 940 F. 2d 1502, 1502 (11th Cir.1991).

5

30.     In light of this first-filed SDFL Action, which was dismissed upon Plaintiff's request, as well as in light of the Dec. Action instituted by the Defendants in this District, Plaintiff's NDIL Action is prejudicial to the Defendants, because this District is the most convenient for all parties who have began litigating the issues.

31.     When considering motions for voluntary dismissal without prejudice, courts weigh relevant equities seeking to insure substantial justice to all parties, although courts are primarily concerned with preventing potential prejudice to any defendants. Greenberg v. Centurion Inv. Group, Inc., 145 F.R.D. 610, 612 (S.D. FL, 1993). "Nonetheless, upon a plaintiff's motion to dismiss without prejudice, equities of plaintiff are not a subject for consideration. . . Notwithstanding the fact that plaintiff's interests are not considered, it is nevertheless the rule that in most cases a dismissal should be granted unless the defendant will suffer some legal harm… variously described as manifestly prejudicial to the defendant." Spencer v. Moore Business Forms, Inc., 87 F.R.D. 118, 119 (N.D. GA, 1980).

32.     A district court grants a 41(a)(2) dismissal only in its discretion and the authority to attach conditions to the order of dismissal that prevent defendants from being unfairly affected thereby. Yoffe v. Keller Ind., Inc., 580 F.2d 126, 129 (5th Cir.1978)

33.     "Theory underlying principle that unilateral motion to dismiss action is permissible only before defendant has filed answer is that, after defendant has become actively engaged in defense of suit, he is entitled to have case adjudicated and it cannot, therefore, be terminated without either his consent, permission of court, or dismissal with prejudice that assures him against renewal of hostilities." Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979).

34.     "A district court that has jurisdiction over a case from its inception does not lose jurisdiction to reopen case after dismissal," and it is within "the Court's power to vacate its order

6

of dismissal and reopen the case." <u>Kingvision Pay Per View Corp. v. Mardi Gras, Inc.</u>, 185 F. Supp. 2d 1340, 1342 (M.D. GA, 2002).

## II. **Motion To Consolidate Actions**

35.     Pursuant to Rule 42 of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

36.     Courts are often troubled about the duplication of effort defendants will incur if the action is refiled. <u>Germain v. Semco Service Machine Co.</u>, 79 F.R.D. 85, 86 (E.D.N.Y.1978).

37.     This SDFL Action, the Dec. Action, as well as the NDIL Action involve virtually the same parties, similar issues, and common questions of law or fact.

38.     Section 2.15.00(a) of this Court's Internal Operating Procedures states, with respect to refiled actions, as follows:

> *Whenever an action or proceeding previously dismissed without prejudice is refiled without a substantial change in issues or parties, judges should confer and discuss whether the case should be transferred to the judge who previously dismissed the action or proceeding and, upon agreement, it shall be transferred to the judge who previously dismissed the action or proceeding.*

39.     Section 2.15.00(c) of this Court's Internal Operating Procedures states, with respect to similar actions, as follows:

> *Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.*

40. Failure to consolidate the actions before the Judge would result in unnecessary duplication of judicial labor, efforts, litigation, and fees and costs by the parties, including Defendants therein.

## III. **Motion for Attorneys' Fees**

41. Pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

42. Plaintiff not only dismissed its action after Defendants' answer, it also refiled the action in another district, while Defendants were not even given an opportunity to object to the dismissal being without prejudice and without other terms and conditions.

43. The purpose of awarding costs under Rule 41(a)(2) is twofold: to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation. See, 5 J. Moore, J. Lucas, J. Wicker, Moore's Federal Practice §§ 41.05[1], 41.06 (2d ed.1982).

44. Voluntary dismissal after defendants' answer should be granted only on condition that the plaintiff reimburse defendants' reasonable costs and attorney's fees for not only instant action, but previously-dismissed case which it raised same claims, to protect defendants from unfairness of duplicative litigation. The express language of Rule 41(d) applies to a plaintiff who previously dismissed a case ''in any court,'' not necessarily a case refiled in the same venue. Russell-Brown v. Jerry, II, 270 F.R.D. 654, 660, 661 (N.D.Fla. 2010).

45. Grant of plaintiff's motion for voluntary dismissal without prejudice of action should be conditioned on plaintiff's payment of defendant's taxable costs and reasonable attorney fees incurred in defending the claim if plaintiff chose to refile the claim, and conditional

8

dismissal would substantially protect defendant from unfairness of duplicative litigation. Romika-USA, Inc. v. HSBC Bank USA, N.A., 514 F. Supp. 2d 1334, 1343 (S.D.Fla. 2007).

46.     Regardless of whether plaintiff had acted in good faith in seeking prompt dismissal, or the grounds for the dismissal, an award of attorney fees could be made after dismissal was ordered. GAF Corp. v. Transamerica Ins. Co., , 665 F.2d 364, 368-369, 214 U.S.App.D.C. 208 (C.A.D.C. 1981), on remand 96 F.R.D. 188.

47.     It is well established that a federal court may consider collateral issues, such as an award of costs, after an action is dismissed. Cooter & Gell v. Hartmarx Corp., 110, S.Ct. 2447, 2455, 496 U.S. 384 (1990).

WHEREFORE, the Order dismissing this SDFL Action should be set aside, and this action reinstated; this SDFL Action, the Dec. Action, as well as the NDIL Action (upon transfer to this District) should be consolidated and Defendants should be awarded attorneys' fees and costs incurred in defending Plaintiff's claims.

## CERTIFICATE OF SERVICE

*WE HEREBY CERTIFY* that a true and correct copy of the foregoing was filed via ECF, and furnished via email to Ursula C. Jackson, Esq., The Law Office of Ursula C. Jackson, PLLC, Attorneys for Plaintiff, 2525 Ponce De Leon Boulevard, Coral Gables, FL 33134, uj.flavaworks@gmail.com, this 4th day of February, 2015.

**Bradley Legal Group, P.A.**

_____/s/_____
John F. Bradley, Esq.
Attorneys for Defendants
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190
Email: jb@bradlegal.com

9

# Exhibit "C"

Defendants' Complaint For Declaratory Judgment initiating the SDFL Dec. Action.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC.                                    CASE NO.
and MARC PARENT,

      Plaintiffs,

vs.

FLAVA WORKS, INC.
and PHILLIP BLEICHER,

      Defendants.
_____/

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, A4A RESEAU, INC., a foreign corporation, and MARC PARENT, an individual, by and through their undersigned counsel, sue Defendants, FLAVA WORKS, INC., a Florida corporation, and PHILLIP BLEICHER, an individual, and allege:

### PARTIES

1.      Plaintiff, A4A RESEAU, INC. ("A4A"), is a corporation formed under the laws of Canada, and maintains its principal place of business at 530, rue Beaubien Est., Montreal QC H2S 1S5, Canada.

2.      Plaintiff, MARC PARENT ("PARENT"), is an individual and a citizen of the United States, currently residing in Canada, and whose address is 1473, rue Wolfe, Montréal QC H2L 3J5, Canada.

3.      Upon information and belief, Defendant, FLAVA WORKS, INC. ("FLAVA"), is a corporation formed under the laws of the State of Florida, and maintains its principal place of business at 2610 North Miami Avenue, Miami, Florida 33127.

4.      Upon information and belief, Defendant, PHILLIP BLEICHER ("BLEICHER") is a citizen and resident of the State of Florida, whose address is 2610 North Miami Avenue,

*Bradley Legal Group, P.A.* 15 Northeast 13th Avenue, Ft. Lauderdale, FL 33301 (954) 523-6160 www.bradlegal.com

Miami, Florida 33127.

5.     Upon information and belief, Defendants distribute adult entertainment products through various distributors, licensees, and its websites, and otherwise regularly conducts business in this federal judicial district and throughout the United States.

## JURISDICTION AND VENUE

6.     This action is for declaratory relief and there is an actual controversy between the parties, pursuant to 28 U.S.C. §§2201 and 2202.

7.     Subject matter jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1400, in that this action arises under the Federal Copyright Act 17 U.S.C. § 501, *et seq*. and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.     This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants are doing business in this judicial district, maintain an interactive website on which images at issues are displayed, including in this district, and have systematic and continuous contacts with the forum state.  Additionally, Defendant  BLEICHER is a citizen and resident of this judicial district.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1400(a) because Plaintiffs and Defendants are doing business in this district and a substantial part of the alleged infringing activities occurred in this judicial district and Defendant BLEICHER is a citizen and resident of this judicial district.

## FACTUAL ALLEGATIONS

11.     A4A created, owns, and operates the adult dating website Adam4Adam.com ("A4A Website").

12.     PARENT is the registered owner of A4A Website.

13.     PARENT is a director, president, and principal of A4A.

14.     PARENT is the registrant of incontestable U.S. Trademark Registration No. 2,945,900 for the mark ADAM4ADAM in connection with "community social club, online/offline dating services, and computer dating services via online personals." See, **Exhibit "A."**

15.     PARENT is the applicant of U.S. Trademark Application Serial No. 86/427,223 for the mark ADAM4ADAM in connection with "erotic paraphernalia; condoms; erotic toys and sex aids; clothing, namely T-shirts, shirts, sweatshirts, hats, caps and accessories," and "live and interactive cam site; pay per view movies." See, **Exhibit "B."**

16.     A4A's services are supplied through A4A's Website throughout the United States, including in this judicial district.

17.     Upon information and belief, BLEICHER is a director, president, and principal of FLAVA.

18.     Upon information and belief, Defendants produce adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video, and various other media.

19.     Upon information and belief, Defendants distribute adult entertainment through various distributors, licensees, as well as though their nationally accessible interactive websites, including, without limitation, www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com ("Flava Websites").

20.     Upon information and belief, BLEICHER is the registered owner of Flava Websites' domain name registrations.

21.     Upon information and belief, Defendants license their alleged intellectual

3

property, including images, to third parties.

22.    Upon information and belief, Defendants' licensees sublicense Defendants' alleged intellectual property, including images, to additional third parties.

23.    Defendant FLAVA has alleged that Plaintiffs infringed on their alleged copyrights and further threatened recourse with the Courts against both Plaintiffs.

24.    Plaintiffs' alleged infringement relates to approximately two dozen adult images ("Images").

25.    Defendant FLAVA has alleged that Plaintiffs reproduced and distributed the Images without authorized licensure or approval from Defendants.

26.    Defendant FLAVA has alleged that they are the owners of the Images.

27.    Defendant FLAVA has alleged that they are the producers of the Images.

28.    Defendant FLAVA has alleged that they are the owners of various copyrights pertaining to the Images.

29.    Defendant FLAVA has alleged that it is the owner of valid U.S. Copyright Registrations pertaining to the Images.  Contrary to FLAVA's allegation the records of the US Copyright office indicate that the owner of at least one of the registrations which FLAVA claims to own lists Defendant BLEICHER as the owner.  See ***Exhibit" C***" attached.

30.    Defendant FLAVA has demanded that Plaintiffs immediately cease and desist from any use of the Images.

31.    Defendant FLAVA has demanded that Plaintiffs cease operation of the A4A Website domain and transfer the domain registration's ownership to Defendants.

32.    Defendant FLAVA has demanded that Plaintiffs forfeit their use and ownership of ADAM4ADAM marks.

***Bradley Legal Group, P.A.*** 15 Northeast 13th Avenue, Ft. Lauderdale, FL 33301 (954) 523-6160  www.bradlegal.com

33. Defendant FLAVA has demanded disgorgement of Plaintiffs' profits, actual or statutory damages, punitive damages, and attorneys' fees and costs without necessary copyright registrations for the Images.

34. As a result of Defendants' direct statements, conflicting copyright registration records and threats of litigation, there is a substantial controversy between Plaintiffs and Defendants, who have adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment as to ownership, infringement and the remedies available if infringement of any copyrights owned by Defendants is determined.

35. Plaintiffs categorically deny that they have violated any federal or other rights Defendants claim to have in the Images.

36. Plaintiffs have not infringed any possible copyrights that Defendants may have in the Images.

37. The doctrine of *scenes a faire* precludes or limits Defendants' copyright protection in the Images and Defendants' copyright infringement claims against Plaintiffs.

38. The doctrine of merger precludes Defendants from claiming copyright in an idea that is inseparable from the expression of the idea.

39. The doctrine of statute of limitations precludes Defendants from claiming copyright infringement against Plaintiffs. 17 U.S.C. § 507(b) (2014).

40. Contrary to Defendant's allegations, there is no substantial similarity between the Images and Plaintiffs' allegedly infringing use.

41. Upon information and belief, the Images do not contain a copyright notice.

42. Furthermore, upon information and belief, at least some of the Images had been previously sublicensed by Defendants' third party licensees.

*Bradley Legal Group, P.A.* 15 Northeast 13th Avenue, Ft. Lauderdale, FL 33301 (954) 523-6160 www.bradlegal.com

43.     Defendants' authorized, impliedly or explicitly, Plaintiffs' allegedly infringing use of the Images, and Defendants' claims are therefore barred by the doctrine of implied license.

44.     Defendants' claims are barred by Defendants' license, consent, and/or acquiescence to Plaintiffs' alleged use.

45.     Defendants' copyrights of the Images are invalid and/or unenforceable.

46.     Defendants' lack of valid U.S. Copyright Registrations in the Images within three (3) months after any alleged first publication of the Images by Plaintiffs bars Defendants from obtaining statutory damages and/or attorney's fees under the Copyright Act, 17 U.S.C. § 501, et seq.

47.     The doctrine of fair use precludes Defendants from claiming copyright infringement against Plaintiffs.

48.     The doctrine of laches precludes Defendants from claiming copyright infringement against Plaintiffs.

49.     The doctrine of estoppel precludes Defendants from claiming copyright infringement against Plaintiffs.

50.     The doctrine of unclean hands precludes Defendants from claiming copyright infringement against Plaintiffs.

51.     Defendants' claims are barred by waiver.

52.     To the extent Defendants suffered any damages, which Plaintiffs expressly deny, Defendants have failed to take the steps necessary to mitigate the allegedly sustained damages.

53.     Defendants' claims are barred by the doctrine of misuse of copyright.

54.     Defendants' claims are barred because Defendants cannot establish that Plaintiffs'

*Bradley Legal Group, P.A.* 15 Northeast 13th Avenue, Ft. Lauderdale, FL 33301 (954) 523-6160 www.bradlegal.com

service is incapable of substantial non-infringing use.

55.     Defendants' claims are barred, in whole or in part, because Plaintiffs' conduct was in good faith and with non-willful intent, at all times.

56.     Defendants' claims are barred because the alleged infringement was not caused by a volitional act attributable to Plaintiffs.

57.     Plaintiffs also contend that Defendants will not meet their various burdens of persuasion and proof required to establish their threatened claims.

58.     All conditions precedent to the bringing of this action have been satisfied, have occurred, have been waived, or have been excused.

59.     As direct and proximate result of Defendants' actions complained of herein, Plaintiffs were forced to retain the undersigned law firm and have agreed to pay it a reasonable fee for its services.

60.     This action arises under 28 U.S.C. §§ 2201 and 2202 and is for a declaratory judgment.

61.     Defendants claim that Plaintiffs have infringed upon their alleged copyrights in the Images in violation of the Copyright Act, 17 U.S.C. § 501, et seq.

62.     Defendants demanded that Plaintiffs cease and desist any use of the Images.

63.     Defendants have also been threatened with an action for disgorgement of Plaintiffs' profits, copyright infringement, actual or statutory damages, punitive damages, and attorneys' fees and costs.

64.     Defendants have not demonstrated that they are the owners of any copyrights in the Images.

65.     Defendants have no protectable interest in the Images.

*Bradley Legal Group, P.A.* 15 Northeast 13th Avenue, Ft. Lauderdale, FL 33301 (954) 523-6160  www.bradlegal.com

66.    Plaintiffs do not infringe upon any valid copyright in the Images.

67.    Plaintiffs also disagree with Defendants as to Defendants' alleged entitlement to an award of actual or statutory damages, punitive damages, or attorneys' fees and costs.

68.    Based upon the threats and demands made by Defendants, Plaintiffs possess an objectively reasonable apprehension that Defendants will file suit for copyright infringement.

69.    Therefore, an actual and justiciable controversy exists between Plaintiffs and Defendants as to whether: 1) Defendants are the owners of any copyrights in the Images; 2) Defendants have a protectable interest in any part of any of the Images; 3) Plaintiffs are infringing upon any copyrights Defendants have in the Images; 4) Plaintiffs must cease operation of the A4A Website domain and transfer the domain's ownership to Defendants; 5) Defendants are entitled to the use of Plaintiffs' marks ADAM4ADAM; 6) Plaintiffs must forfeit their use and ownership of their ADAM4ADAM trademarks; 6) Defendants are entitled to disgorgement of Plaintiffs' profits; 7) Defendants are entitled to an award of actual or statutory damages; 8) Defendants are entitled to punitive damages; and 9) Defendants are entitled to attorneys' fees.

70.    Plaintiffs are in need of a judicial resolution and declaration of the rights of the respective parties in order to plan for the future of their business.

71.    Plaintiffs seek to resolve that dispute in this Court.

72.    Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand judgment be entered in their favor as follows:

a)    Declaring that Defendants do not own copyrights in the Images;

b)    Declaring that Defendants have no standing to assert any action or any copyrights in the

*Bradley Legal Group, P.A.* 15 Northeast 13th Avenue, Ft. Lauderdale, FL 33301 (954) 523-6160  www.bradlegal.com

Images;

c) Declaring that Defendants have no protectable interest in the Images;

d) Declaring that Plaintiffs do not infringe upon any valid copyright of Defendants;

e) Declaring that Plaintiffs have not induced, caused, and/or materially contributed to the direct infringing conduct of others;

f) Declaring that Plaintiffs must not forfeit their use and ownership of ADAM4ADAM marks;

g) Declaring that Plaintiffs must not cease operation of the A4A Website domain or transfer the domain's ownership to Defendants;

h) Declaring that Defendants are barred from disgorgement of Plaintiffs' profits;

i) Declaring that Defendants are barred from seeking actual or statutory damages under the Copyright Act, 17 U.S.C. § 501 et seq.;

j) Declaring that Defendants are barred from seeking punitive damages;

k) Declaring that Defendants are barred from seeking attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 501 et seq.;

l) Awarding Plaintiffs their reasonable attorneys' fees;

m) Awarding Plaintiffs their costs of court; and,

n) Awarding Plaintiffs all other relief this Honorable Court deems appropriate.

Dated this 21st day of January, 2015.

**Bradley Legal Group, P.A.**

_____/s/_____
John F. Bradley, Esq.
Attorneys for Defendants
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160

9

Fax: (954) 523-6190
Email: jb@bradlegal.com
Fla Bar. No 0779910

# EXHIBIT "A"

**U.S. Trademark Registration No. 2,945,900 for the mark ADAM4ADAM**

Int. Cl.: 45

Prior U.S. Cls.: 100 and 101

United States Patent and Trademark Office

Reg. No. 2,945,900

Registered May 3, 2005

## SERVICE MARK
### PRINCIPAL REGISTER

## ADAM4ADAM

PARENT, MARC (UNITED STATES INDIVI-
DUAL)
91 CHAMBERS STREET, #2
NEWARK, NJ 07105

    FOR: COMMUNITY SOCIAL CLUB, ONLINE/
OFFLINE DATING SERVICES, AND COMPUTER
DATING SERVICES VIA ONLINE PERSONALS, IN
CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 7-1-2002; IN COMMERCE 10-1-2002.

SER. NO. 78-289,772, FILED 8-20-2003.

ALICIA COLLINS, EXAMINING ATTORNEY

# EXHIBIT "B"

**TESS Printout of U.S. Trademark Application Serial No. 86/427,223 for the mark
ADAM4ADAM**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jan 21 03:21:08 EST 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | | |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [        ] OR  Jump  to record: [        ]  **Record 1 out of 2**

TSDR  ASSIGN Status  TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# ADAM4ADAM

| | |
|---|---|
| **Word Mark** | **ADAM4ADAM** |
| **Goods and Services** | IC 010. US 026 039 044. G & S: Erotic paraphernalia; Condoms; Erotic toys and sex aids; Clothing, namely T-shirts, shirts, sweatshirts, hats, caps and accessories. FIRST USE: 20051100. FIRST USE IN COMMERCE: 20051100.

IC 045. US 100 101. G & S: Live and interactive cam site; Pay per view movies. FIRST USE: 20051100. FIRST USE IN COMMERCE: 20081200. |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86427223 |
| **Filing Date** | October 17, 2014 |
| **Current Basis** | 1A;44D |
| **Original Filing Basis** | 1A;44D |
| **Owner** | (APPLICANT) Parent, Marc INDIVIDUAL CANADA 1473 Wolfe Street Montreal, Quebec CANADA H2L3J5 |

| | |
|---|---|
| **Attorney of Record** | Jess M. Collen |
| **Priority Date** | August 18, 2014 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT "C"**

U.S. Copyright Registration No.  PA 0001668012 "FlavaMen Senior Year"

EXHIBIT A



United States Copyright Office

The Library of Congress catalogs will not be available between 7:00pm
U.S. EDT on Friday, August 16 and noon on Sunday, August 19 while the
Library performs maintenance. We regret any inconvenience to our
users.

| Help | Search | History | Titles | Start Over |

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = cocodorm
Search Results: Displaying 1 of 1 entries

| ← previous | next → |

**Labeled View**

*Cocodorm.com 2010.*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001861558 / 2010-06-24
**Application Title:** Cocodorm.com 2010.
**Title:** Cocodorm.com 2010.
**Copyright Claimant:** Phillip Bleicher. Address: 2610 N Miami Ave, Suite B, Miami, FL, 33127, United States.
**Date of Creation:** 2010
**Date of Publication:** 2010-01-01
**Nation of First Publication:** United States
**Authorship on Application:** Flava Works Inc. d.b.a. Flava Works Inc., employer for hire; Domicile: United States; Citizenship: United States.
Authorship: text, photograph(s)
**Rights and Permissions:** Phillip Bleicher, Flava Works, Inc., 2610 N Miami Ave, Suite B, Miami, FL, 33127, United States, (305) 438-9450,
support@flavaworks.com
**Copyright Note:** C.O. correspondence.
**Names:** Bleicher, Phillip
Flava Works Inc.
Flava Works Inc.

| ← previous | next → |

| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format   Full Record   | Format for Print/Save |
| Enter your email address: | Email |

# Exhibit "D"

Defendants' counsel's e-mail enclosing Complaint for Declaratory Judgment.

From: **John Bradley** jb@bradlegal.com 📎
Subject: New Litigation against Flava Works and Phillip Bleicher
Date: January 21, 2015 at 10:17 PM
To: uj.flavaworks@gmail.com, jshambeelaw@gmail.com
Cc: John Bradley jb@bradlegal.com

JB

---

Case 0:15-cv-60123-XXXX    Document 1-1    Entered on FLSD Docket 01/21/2015    Page 1 of 1

(Rev. 12/12)

# CIVIL COVER SHEET

44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

| PLAINTIFFS A4A RESEAU, INC. and MARC PARENT | DEFENDANTS FLAVA WORKS, INC. and PHILLIP BLEICHER |
|---|---|
| County of Residence of First Listed Plaintiff Canada *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant Miami-Dade *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| Attorneys *(Firm Name, Address, and Telephone Number)* hn F. Bradley, Esq., Bradley Legal Group, P.A., 15 Northeast 13th venue, Fort Lauderdale, FL 33301, Tel: (954) 523-6160 | Attorneys *(If Known)* |

Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

| BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | | III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* | | | |
|---|---|---|---|---|---|
| | | *(For Diversity Cases Only)* | PTF DEF | | PTF DEF |
| 1 U.S. Government Plaintiff | ☑ 3 Federal Question *(U.S. Government Not a Party)* | Citizen of This State | ☐ 1 ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | Citizen of Another State | ☐ 2 ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 690 Other **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☑ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ Exchange ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act ☐ 896 Arbitration ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 440 Other Civil Rights ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☐ 448 Education | **PRISONER PETITIONS** **Habeas Corpus:** ☐ 463 Alien Detainee ☐ 510 Motions to Vacate Sentence **Other:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | |

| ORIGIN *(Place an "X" in One Box Only)* | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Re-filed (See VI below) | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment | ☐ 8 Remanded from Appellate Court |

a) Re-filed Case ☐ YES ☑ NO          b) Related Cases ☑ YES ☐ NO

VI. RELATED/ RE-FILED CASE(S) *(See instructions):*    JUDGE Judge Joan A. Lenard          DOCKET NUMBER 14-cv-23208 (CLOSED)

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity):*

| VII. CAUSE OF ACTION | Declaratory relief under 28 U.S.C. §§ 2201 and 2202; Federal Copyright Act 17 U.S.C. § 501, et seq. | | | |
|---|---|---|---|---|
| | LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case) | | | |
| VIII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☑ No | |

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE, SIGNATURE OF ATTORNEY OF RECORD

DATE January 21, 2015

FOR OFFICE USE ONLY
RECEIPT #   AMOUNT   IFP   JUDGE   MAG JUDGE

1-2.pdf   1-3.pdf   1-4.pdf   1-5.pdf   1-6.pdf   1-main.pdf

Counsel:

Be advised that our clients A4A Reseau, Inc. and Marc Parent have filed a lawsuit today against your clients Flava Works, Inc and Phillip Bleicher in the Southern District of Florida.

Copies of the pleadings are attached for your convenience.

As no other litigation is presently pending against our clients from yours any attempts to file new actions in other jurisdictions will be met with proper motions directed at such ill advised action.

This email shall provide you with actual notice of such action as a professional courtesy so as to avoid duplicative litigation.

We shall proceed with service of process accordingly.

Thank you for your attention.

Best,

JB

**JOHN F. BRADLEY, ESQ.**

# BRADLEY LEGAL GROUP, P.A.

CREATIVE REPRESENTATION FOR THE ARTS & BEYOND *SM*

15 Northeast 13th Avenue, Ft. Lauderdale, Florida 33301

Phone: (954) 523-6160  Fax: (954) 523-6190

www.bradlegal.com

This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product or attorney-client privileged.  If this information is received by anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL and by telephone (954) 523-6160 and delete the communication from any computer or network system.  In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Bradley Legal Group, P.A. or  John F. Bradley, Esq. Additionally, to the extent that this transmission contains references to a disputed or litigated matter it is to be considered a confidential settlement communication unless otherwise specified in writing by the sender. Thank you.

**Exhibit "E"**

Defendants' Notice of Pending, Refiled, Related, And/Or Similar Actions
filed in the SDFL Dec. Action.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC.                                    CASE NO. 15-cv-20245 MGC
and MARC PARENT,

      Plaintiffs,

vs.

FLAVA WORKS, INC.
and PHILLIP BLEICHER,

      Defendants.

_____/

# NOTICE OF PENDING, REFILED, RELATED, AND/OR SIMILAR ACTIONS

     Pursuant to S.D.Fla. Local Rule 3.8, a notice is hereby given of the existence of other action or proceeding as described in Section 2.15.00 of the Court's Internal Operating Procedures, as well as the existence of other similar action or proceeding then pending before another court, namely:

(1) Case No. 14-cv-23208 styled *Flava Works, Inc. v* A4A *Reseau, Inc., A4A Network, Inc., and Mark Parent*, filed in the United States District Court for the Southern District of Florida; and

(2) Case No. 15-cv-00610 styled *Flava Works, Inc. v.* A4A *Reseau, Inc., A4A Network, Inc., and Mark Parent*, filed in the United States District Court for the Northern District of Illinois.

     As described in Plaintiffs' Motion To Set Aside Dismissal, To Reinstate Action, To Consolidate Actions, And To Award Attorneys' Fees filed in the related Case No. 14-cv-23208 in this District, all three (3) actions involve virtually the same parties (except Defendant PHILLIP BLEICHER, who should be a party in the related actions), as well as similar issues and common questions of law or fact. See, Plaintiffs' motion attached hereto as ***Exhibit "1"*** at ¶¶ 24 and 37.

## CERTIFICATE OF SERVICE

*WE HEREBY CERTIFY* that a true and correct copy of the foregoing was filed via ECF

and furnished via email this 20th day of February, 2015, to the following:

(1) Defendants' counsel in Case No. 14-cv-23208: Ursula C. Jackson, Esq., The Law Office
of Ursula C. Jackson, PLLC, 2525 Ponce De Leon Boulevard, Coral Gables, FL 33134,
uj.flavaworks@gmail.com; and

(2) Defendants' counsel in Case No. 15-cv-00610: Juneitha Shambee, Esq., Shambee Law
Office, Ltd., P.O. Box 91, Evanston, Illinois 60204-0091, shambeelaw@gmail.com.

We further certify that we will serve a copy of this Notice upon each party upon

appearance of the party, unless the appearing party is represented by the above-listed counsel,

who is being served therewith today.

**Bradley Legal Group, P.A.**

_____/s/_____
John F. Bradley, Esq.
Attorneys for Defendants
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190
Email: jb@bradlegal.com
Fla Bar. No 0779910

**Exhibit "F"**

Printout of the Florida Department of State's official record of Plaintiff's entity.

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

# Detail by Entity Name

**Florida Profit Corporation**

FLAVA WORKS INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P06000070263 |
| **FEI/EIN Number** | 201837529 |
| **Date Filed** | 05/18/2006 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

2610 NORTH MIAMI AVENUE
MIAMI, FL 33127

**Mailing Address**

2610 NORTH MIAMI AVENUE
MIAMI, FL 33127

**Registered Agent Name & Address**

BLEICHER, PHILLIP
2610 NORTH MIAMI AVE
MIAMI, FL 33127

Name Changed: 04/28/2011

Address Changed: 04/28/2011

**Officer/Director Detail**

**Name & Address**

Title P,D

BLEICHER, PHIL
2610 NORTH MIAMI AVENUE
MIAMI, FL 33127

**Annual Reports**

Copyright © and Privacy Policies
State of Florida, Department of State

| | |
|---|---|
| 2012 | 02/28/2012 |
| 2013 | 04/13/2013 |
| 2014 | 03/31/2014 |

**Document Images**

| | |
|---|---|
| 03/31/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/13/2013 -- ANNUAL REPORT | View image in PDF format |
| 02/28/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2011 -- ANNUAL REPORT | View image in PDF format |
| 02/17/2010 -- ANNUAL REPORT | View image in PDF format |
| 07/13/2009 -- ANNUAL REPORT | View image in PDF format |
| 07/21/2008 -- ANNUAL REPORT | View image in PDF format |
| 06/09/2008 -- Reg. Agent Change | View image in PDF format |
| 08/21/2007 -- ANNUAL REPORT | View image in PDF format |
| 05/18/2006 -- Domestic Profit | View image in PDF format |

**Exhibit "G"**

Copies of the Judicial Caseload Profiles for the SDFL and the NDIL.

## U.S. District Court — Judicial Caseload Profile

**FLORIDA SOUTHERN**

| | | | Sep 30 2009 | Sep 30 2010 | Sep 30 2011 | Sep 30 2012 | Sep 30 2013 | Sep 30 2014 | U.S. | Circuit |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overall Caseload Statistics** | Filings [1] | | 11,420 | 11,852 | 11,735 | 11,093 | 11,286 | 11,441 | | |
| | Terminations | | 11,662 | 11,732 | 11,711 | 10,733 | 11,215 | 11,659 | | |
| | Pending | | 6,422 | 6,578 | 6,725 | 7,028 | 7,070 | 6,865 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | 0.2 | -3.5 | -2.5 | 3.1 | 1.4 | | 20 | 2 |
| | Number of Judgeships | | 18 | 18 | 18 | 18 | 18 | 18 | | |
| | Vacant Judgeship Months [2] | | 7.1 | 13.0 | 30.6 | 16.9 | 22.4 | 25.8 | | |
| **Actions per Judgeship** | Filings | Total | 634 | 658 | 652 | 616 | 627 | 636 | 17 | 2 |
| | | Civil | 480 | 500 | 489 | 452 | 467 | 484 | 16 | 2 |
| | | Criminal Felony | 133 | 137 | 143 | 141 | 137 | 129 | 18 | 2 |
| | | Supervised Release Hearings | 22 | 21 | 21 | 23 | 24 | 24 | 57 | 5 |
| | Pending Cases | | 357 | 365 | 374 | 390 | 393 | 381 | 65 | 7 |
| | Weighted Filings [2] | | 595 | 668 | 647 | 639 | 662 | 695 | 7 | 1 |
| | Terminations | | 648 | 652 | 651 | 596 | 623 | 648 | 14 | 2 |
| | Trials Completed | | 29 | 26 | 22 | 24 | 22 | 26 | 13 | 3 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 5.5 | 5.2 | 5.3 | 5.7 | 5.7 | 5.6 | 8 | 1 |
| | | Civil [2] | 4.3 | 3.9 | 4.8 | 5.0 | 4.9 | 4.8 | 3 | 1 |
| | From Filing to Trial [2] (Civil Only) | | 15.7 | 16.9 | 17.2 | 14.2 | 16.5 | 16.0 | 4 | 2 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 73 / 1.6 | 63 / 1.3 | 80 / 1.8 | 84 / 1.8 | 94 / 1.9 | 112 / 2.3 | 14 | 2 |
| | Average Number of Felony Defendants Filed per Case | | 1.5 | 1.6 | 1.7 | 1.6 | 1.5 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 47.7 | 43.9 | 45.8 | 41.3 | 49.2 | 47.8 | | |
| | | Percent Not Selected or Challenged | 23.1 | 21.2 | 23.9 | 17.0 | 23.3 | 20.4 | | |

| 2014 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 8,704 | 176 | 103 | 1,205 | 30 | 141 | 1,441 | 1,190 | 905 | 508 | 1,850 | 4 | 1,151 |
| Criminal [1] | 2,301 | 29 | 498 | 455 | 185 | 708 | 79 | 61 | 13 | 72 | 37 | 83 | 81 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

## U.S. District Court — Judicial Caseload Profile

**ILLINOIS NORTHERN**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Sep 30 2009 | Sep 30 2010 | Sep 30 2011 | Sep 30 2012 | Sep 30 2013 | Sep 30 2014 | U.S. | Circuit |
| **Overall Caseload Statistics** | | Filings [1] | 9,693 | 10,138 | 10,545 | 11,768 | 11,570 | 11,326 | | |
| | | Terminations | 8,900 | 9,346 | 10,208 | 10,784 | 11,373 | 10,666 | | |
| | | Pending | 10,277 | 11,049 | 11,083 | 12,070 | 12,268 | 12,862 | | |
| | | Percent Change in Total Filings Current Year Over Earlier Year | 16.8 | 11.7 | 7.4 | -3.8 | -2.1 | | 38 | 3 |
| | | Number of Judgeships | 22 | 22 | 22 | 22 | 22 | 22 | | |
| | | Vacant Judgeship Months [2] | 18.5 | 51.0 | 38.6 | 39.2 | 36.0 | 13.0 | | |
| **Actions per Judgeship** | **Filings** | Total | 441 | 461 | 479 | 535 | 526 | 515 | 38 | 5 |
| | | Civil | 378 | 402 | 428 | 484 | 464 | 473 | 19 | 4 |
| | | Criminal Felony | 47 | 42 | 42 | 41 | 44 | 30 | 91 | 7 |
| | | Supervised Release Hearings | 16 | 17 | 9 | 10 | 18 | 13 | 82 | 6 |
| | Pending Cases | | 467 | 502 | 504 | 549 | 558 | 585 | 19 | 3 |
| | Weighted Filings [2] | | 493 | 517 | 496 | 531 | 536 | 529 | 28 | 5 |
| | Terminations | | 405 | 425 | 464 | 490 | 517 | 485 | 49 | 5 |
| | Trials Completed | | 12 | 16 | 15 | 14 | 13 | 12 | 79 | 6 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 15.9 | 15.1 | 15.3 | 18.0 | 17.4 | 17.8 | 92 | 7 |
| | | Civil [2] | 6.2 | 6.2 | 6.6 | 6.5 | 6.7 | 7.1 | 16 | 2 |
| | From Filing to Trial [2] (Civil Only) | | 27.8 | 28.2 | 28.4 | 31.2 | 32.2 | 35.3 | 61 | 5 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 943 11.7 | 1,207 13.7 | 1,163 12.7 | 1,010 10.0 | 988 9.7 | 1,062 9.6 | 72 | 6 |
| | Average Number of Felony Defendants Filed per Case | | 1.6 | 1.5 | 1.4 | 1.5 | 1.5 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 49.7 | 47.3 | 40.1 | 43.1 | 42.2 | 41.9 | | |
| | | Percent Not Selected or Challenged | 32.8 | 38.4 | 32.6 | 36.9 | 36.7 | 32.8 | | |

| 2014 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 10,395 | 406 | 870 | 2,076 | 28 | 224 | 1,290 | 956 | 469 | 824 | 1,388 | 11 | 1,853 |
| Criminal [1] | 649 | - | 126 | 51 | 64 | 222 | 55 | 16 | 14 | 41 | 18 | 12 | 30 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."