UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC. and MARC PARENT,          CASE NO. 1:15-cv-20245-MGC

      Plaintiffs,
vs.

FLAVA WORKS, INC. and PHILLIP BLEICHER,

      Defendants.
_____/

### PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AND REQUEST TO EXPEDITE BRIEFING

Plaintiffs, A4A RESEAU, INC. and MARC PARENT, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 26(b) and Southern District of Florida L.R. 26.1(i)(1), submit their Motion for Jurisdictional Discovery and Request to Expedite Briefing, and in support thereof state as follows:

    1.    This Court has set an evidentiary hearing [DE-33] on Defendants' Motions to Quash [DE-20, 23] for July 22, 2015, which dispute this Court's personal jurisdiction on the premise that Plaintiffs have failed to properly effectuate service on Defendants. In support thereof, Defendants submitted evidence including affidavits and photographs.

    2.    Testimony of the process servers and other pertinent witnesses comprise crucial factual evidence necessary to resolve the subject issues, and so Plaintiffs attempted to arrange for and secure the appearance at the upcoming hearing of their process servers who performed the subject service of process on Defendants.

    3.    Today, Billy Molden, the Chicago process server and resident who performed the service of process on Defendants in Chicago [DE-26-8, 28-9], informed the undersigned that he

1

is unable to travel to Miami to testify at the hearing regarding the subject service due to personal medical/health reasons.

4. Plaintiffs therefore seek the Court's permission to conduct limited and expedited jurisdictional discovery on the subject service of process. Consistent with the law in this Circuit, Plaintiff requests leave to take of deposition(s) of process server Billy Molden, and potentially other crucial witnesses whose appearance at the hearing they may not be able to secure in Miami for the subject evidentiary hearing.

5. Plaintiffs must be allowed to take jurisdictional discovery to provide the Court with evidence they may otherwise be unable to obtain and present to this Court at the evidentiary hearing to establish the validity and sufficiency of the subject service of process, Plaintiffs' ample attempts to serve Defendants, as well as Defendants' and their counsel's actual and sufficient notice of the pendency of this action, coupled with their actions designed to evade and frustrate the delivery of the service of process.

6. "[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir.1982) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, No. 08-80017, 2008 WL 1771857, at *1 (S.D. Fla. April 15, 2008). "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues." *Oppenheimer*, 437 U.S. at 351 n. 13.

7. When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss. 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2009 (2006).

2

8. "[If] the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation . . . [then] discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue." *Eaton*, 692 F.2d at 730 n.7; *see also Burns & Russell Co. of Baltimore v. Oldcastle, Inc.,* 166 F. Supp. 2d 432, 442 (D. Md. 2001).

9. As succinctly and cogently summarized by United States District Judge Kenneth Marra in *Steinberg v. Barclay's Nominees (Branches) Ltd.,* No. 04-60897, 2007 WL 4287662 (S.D. Fla. Dec. 5, 2007), according to the Eleventh Circuit Court of Appeals, "[t]he problem is the degree to which such discovery is mandatory or discretionary." (citing *Eaton,* 692 F.2d at 729 (reversing dismissal for lack of subject matter jurisdiction and remanding for discovery on jurisdictional facts where deposition had not taken place because a "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction.")). According to *Eaton,* jurisdictional discovery is not entirely discretionary. 692 F.2d at 733.

10. Judge Marra further noted that while some circuits allow jurisdictional discovery more freely than others, Eleventh Circuit precedent indicates that jurisdictional discovery is **highly favored** before resolving motions to dismiss. 2007 WL 4287662, *2 (citing *Eaton,* 692 F.2d at 731); *Majd-Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) (a motion to dismiss for lack of personal jurisdiction may require limited discovery so that a meaningful ruling can be made); *Blanco v. Carigulf Lines,* 632 F.2d 656, 657 (5th Cir. 1980) (dismissal was error where defendants had not responded to plaintiffs' interrogatories).

11. As there is a jurisdictional question genuinely in dispute in this case, the Court should find it appropriate to allow Plaintiffs' discovery of the facts necessary to resolve the disputed issues.

12. Furthermore, given that the purpose of the sought discovery is to obtain and present additional facts and evidence in accordance with this Court's Order [DE-33], Plaintiffs respectfully request that this Court order an expedited briefing of this Motion to enable Plaintiffs to present the information and evidence at the upcoming hearing.

WHEREFORE, Plaintiff respectfully requests that this Court grant its motion by allowing Plaintiff to conduct limited and expedited jurisdictional discovery the issues concerning Defendants' Motions to Quash, by expediting briefing of the herein Motion, and any other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, and Defendants' counsel has not advised whether they agree to the relief sought herein.

Dated: July 8, 2015.                    Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Plaintiffs*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190


By:   /s/ John F. Bradley
      John F. Bradley, Esq.
      Fla. Bar No. 0779910
      jb@bradlegal.com

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8th, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or *pro se* parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910
jb@bradlegal.com

## SERVICE LIST

Matthew H. Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Defendants*
Matthew H. Zukowsky, P.A.
19560 Havensway Court
Boca Raton, FL, 33498
Tel: (561) 445-9471
**Service via CM/ECF**