UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC. and                               CASE NO. 15-cv-20245-MGC
MARC PARENT,

    Plaintiffs/Counter-Defendants,

vs.

FLAVA WORKS, INC. and
PHILLIP BLEICHER,

    Defendants/Counter-Plaintiffs.
_____/

### DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO STRIKE

Defendants/Counter-Plaintiffs, FLAVA WORKS, INC. ("**Flava**") and PHILLIP BLEICHER ("**Bleicher**") (collectively, the "**Defendants**"), by and through undersigned counsel, and hereby files its Motion to Strike Plaintiffs/Counter-Defendants' Response in Opposition to Defendants' Motion to Continue Evidentiary Hearing [D.E. 47], and in support thereof states:

### BACKGROUND

1.    On or about January 21, 2015, Plaintiffs, A4A RESEAU, INC. and MARC PARENT (collectively, "**Plaintiffs**"), commenced the instant action against Defendants.

2.    On March 19, 2015, Flava and Bleicher filed respective Motions to Quash Service of Process, Dismiss Complaint and Incorporated Memorandum of Law (the "**Motions to Quash**") [D.E. 20 and 23].

3.    On June 24, 2015, the Court entered an Order setting the Motions to Quash for evidentiary hearing scheduled for July 2, 2015 at 2:00pm (the "**Evidentiary Hearing**") and further instructed the parties to be "prepared to present information regarding the employment

status of Dan Nelson, the location of Defendant Flava Works, Inc.'s registered corporate agent, and any other evidence pertinent to the issues briefed." [D.E. 32].

4. On June 25, 2015, following a telephonic conference with the Clerk perpetuated by Plaintiffs' counsel's purported unavailability on July 2, 2015,[1] the Court entered an Order Re-Scheduling Evidentiary Hearing on Defendants' Motions to Quash which is presently scheduled for July 22, 2015 at 3:30pm (the "**Order Setting Hearing**") [D.E. 33].

5. On July 10, 2015, Defendants, after recognizing their scheduling conflicts and unavailability of certain witnesses anticipated to testify at the Evidentiary Hearing, filed a Motion to Continue Evidentiary Hearing along with supporting affidavits (the "**Motion to Continue**") [D.E. 45].

6. On July 10, 2015, Plaintiffs filed their Response in Opposition to Defendants' Motion to Continue (the "**Opposition Response**") [D.E. 47], which makes bald, unsubstantiated allegations concerning the genuineness of Defendants' Motion which lack any truth or merit.[2]

7. Contrary to Plaintiffs' untrue statements,[3] on June 25, 2015, undersigned and Defendants' co-counsel, did, in fact, consult with Plaintiffs' counsel regarding rescheduling the hearing pursuant to S.D.Fla.L.R. 7.1(a)(3) who did not object to continuing the Evidentiary Hearing to a more mutually convenient date and time, as more particularly set forth in Defendants' Motion to Reconsider.

8. Further, Plaintiffs attach to their Opposition Response irrelevant, immaterial documents from an unrelated proceeding which is inappropriate, inflammatory and prejudicial to Defendants and the instant matters before this Court.

---

[1] To which no notice of unavailability has been filed to date.
[2] Plaintiffs also attach irrelevant, immaterial documents from an unrelated proceeding which is inappropriate, inflammatory and prejudicial to Defendants and the instant matters.
[3] *See* Pls.' Opp'n Resp. ¶¶ 1-5.

**RELIEF REQUESTED**

9. Defendants submit that the Court should strike Plaintiffs' Opposition Response because it contains scandalous allegations which are not only prejudicial to Defendants, but are impertinent and immaterial to the instant case.

10. Plaintiffs' counsel's unprofessional and unnecessary remarks and attachments in their Opposition Response violates S.D.Fla.L.R. 1 and warrants an order striking same from record, together with any sanctions deemed appropriate by this Court.

11. As argued below, Defendants respectfully request the Court exercise its inherent power and strike any references to the Northern District of Illinois case (attached to Plaintiffs' Opposition Response as Exhibit "B"), as well as references that Honorable Judge Lenard has previously "sanctioned" Defendants' and their counsel in a "related case" which is impertinent and irrelevant to the instant proceedings (*see* Pls.' Opp'n Resp. ¶¶ 7, 9).

**MEMORANDUM OF LAW**

12. Defendants submit that the immaterial, impertinent and scandalous allegations set forth in Plaintiffs' Opposition Response are properly the subject of a motion to strike.

13. Fed.R.Civ.P. 12(f) provides that "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The Court has broad jurisdiction when considering a motion to strike under this rule." *Williams v. Eckerd Family Youth Alternative,* 908 F.Supp. 908, 910 (M.D.Fla.1995) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992 (M.D.Fla.1976)). A motion to strike can be granted where "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Siebel v. Society Lease, Inc.,* 969 F.Supp. 713, 715 (M.D.Fla.1997) (citing *Poston v. American President Lines Ltd.,* 452 F.Supp. 568, 570

3

(S.D.Fla.1978)). An allegation is immaterial and should be stricken if it is neither responsive nor relevant to the issues involved in the action or "has no essential or important relationship to the claim for relief. . . ." *Morse v. Weingarten,* 777 F.Supp. 312, 319 (S.D.N.Y.1991); 2 Moore's Federal Practice 3d § 12.37[3], at 12-95 (1999); *Rawson v. Sears Roebuck and Co.,* 585 F. Supp. 1393, 1397 (D.Colo.1984) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1382 at 810-811 (1969)). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Rawson,* 585 F.Supp. at 1397 (citing Wright & Miller, Federal Practice and Procedure: Civil § 1382 at 825 (1969)).

14. Though a response is not generally considered a "pleading" for purposes of this rule, the Court may exercise its inherent power to control its docket to strike inappropriate matter. *See Jeter v. Montgomery County,* 480 F.Supp.2d 1293, 1296 (M.D.Ala.2007). *But see Gilleland v. Schanhals,* 55 Fed.Appx. 257, 261 (6th Cir. 2003) (noting the plaintiff "could have filed a motion to strike the affidavit pursuant to Rule 12(f)"). *See also Kitson v. Bank of Edwardsville,* 240 F.R.D. 610, 611 (S.D. Ill. 2006); *Calkins v. Shapiro Anderson, L.L.P.,* No. 05-0815-PHX-ROS, 2005 WL 3434718, at *3 (D.Ariz. Dec. 13, 2005); *Mount Sinai Hosp. v. Borg-Warner Corp.,* 527 F.Supp. 922, 926-27 (S.D.N.Y.1981). For example, courts routinely strike exhibits inappropriately filed in response to a motion to dismiss. *See Johnston v. One America Productions, Inc.,* 2:07-cv-042-P-B, 2007 WL 2433927, at *2-3 (N.D.Miss. Aug. 22, 2007) (striking plaintiffs exhibits to the response to the motion to dismiss that were not central to the claim); *Wilcox v. Tenn. Dist. Attys. Gen.,* No. 3:07-cv-359, 2008 WL 4510031, at *2 (E.D.Tenn. Sept. 30, 2008) (same); *Proffitt v. Coruke,* No. Civ.A. 03-CV-00810JL, 2005 WL 2171860, at *2 (D.Col. Sept. 7, 2005) (striking exhibit as inadmissible settlement negotiation).

15. A matter is "immaterial" when it has "no bearing on the controversy before the court." *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D.Cal.2000). "Impertinent" applies to "allegations that are not responsive or [are] irrelevant to the issues that arise in the action and which are inadmissible as evidence." *Ibid.* A matter is "scandalous" when it improperly casts a derogatory light or "reflects cruelly" on a party to the litigation. *Ibid.; Burger v. Health Ins. Plan of Greater New York*, 684 F.Supp. 46, 52-53 (S.D.N.Y.1988).

16. The assertions set forth in Plaintiffs' Opposition Response qualify under all three of these definitions. Not only do Paragraphs 1 through 5 contain unsubstantiated, untrue allegations, Paragraphs 7 and 9 contain immaterial, impertinent and scandalous matter concerning an alleged forgery and fraud in a completely separate case which has absolutely no relevance to the instant proceedings. Plaintiffs allege no cause of action or damages on the basis of forgery or fraud, and therefore any references to such have no bearing on any of the claims presented in this action. This information is gratuitously supplied to the Court for the improper purpose of subjecting Defendants to prejudice and unfair inferences, and it should be stricken.

17. While Defendants acknowledge that courts generally disfavor granting motions to strike, Defendants submit that the prejudicial nature of Plaintiffs' Opposition Response, which amounts to an immaterial allegation of criminal and unethical behavior, is properly the subject of a motion to strike pursuant to Rule 12(f). *See Lake Lucerne Civic Ass'n v. Dolphin Stadium Corp.*, 801 F.Supp. 684, 694 (S.D.Fla.1992) (citing *Kaiser Aluminum & Chemical Sales. Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)); *see also Song v. Dreamtouch, Inc.*, Case No. 01 Civ. 0386(AGS), 20001 WL 487413 (S.D.N.Y. May 8, 2001) (striking allegation in counterclaim relating to prior criminal convictions); *Wiliams v. Eckerd Family*

*Youth Alternative*, 908 F.Supp. 908, 910 (M.D.Fla.1995) (noting motion to strike appropriate where allegations are irrelevant and may cause prejudice to party).

18. No justification exists for engaging in conduct that has the potential to cast Defendants in a negative shadow through the blatant misuse of motion practice before this Court. The references to other unrelated litigation in Plaintiffs' Opposition Response serves no other purpose than to prejudice Defendants and "inflame the reader." *Beiswenger Enter. Corp. v. Carletta,* 779 F.Supp. 160, 161 (M.D.Fla.1991); *see also Poston v. Am. President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla.1978); *Seibel v. Soc'y Lease, Inc.*, 969 F.Supp. 713, 715 (M.D. Fla. 1997) ("prejudice to one of the parties" is a basis to grant a motion to strike).

## CONCLUSION

19. In sum, Plaintiffs statements and assertions in its Opposition Response are immaterial, impertinent, and scandalous. Notwithstanding the untruthful statements made therein, the assertions relating to the other referenced actions have no possible relation to the controversy before the Court and will substantially prejudice Defendants. Accordingly, Plaintiffs' Opposition Response should be stricken.

**WHEREFORE**, for the reasons more particularly set forth herein, Defendants/Counter-Plaintiffs, FLAVA WORKS, INC. and PHILIP BLEICHER, respectfully requests this Court enter an Order: (i) granting this Motion to Strike; (ii) sanctioning Plaintiffs and their counsel under the Court's inherent powers; and (iii) for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D.Fla.L.R. 7.1, undersigned hereby certifies that counsel for the movant has conferred with all parties and/or non-parties who may be affected by the requested relief in a

good faith effort to resolve the issues and Plaintiff/Counter-Defendants' counsel has not agreed to the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically via the Court's CM/ECF system on this 15th day of July, 2015 to all parties on the below Service List.

Date: July 15, 2015                              Respectfully submitted,

                                           s/ Matthew Zukowsky

                                           Matthew H. Zukowsky, Esq.

                                           Matthew H. Zukowsky, P.A.

                                           4770 Biscayne Blvd., Ste. 700
                                           Miami, FL 33137
                                           305.677.0022 Ext. 813
                                           Attorney No. 0112311