UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC. and                             CASE NO. 15-cv-20245-MGC
MARC PARENT,

       Plaintiffs/Counter-Defendants,

vs.

FLAVA WORKS, INC. and
PHILLIP BLEICHER,

       Defendants/Counter-Plaintiffs.
_____/

### DEFENDANTS/COUNTER-PLAINTIFFS' MOTION
### TO RECONSIDER ORDER DENYING MOTION TO CONTINUE

Defendants/Counter-Plaintiffs, FLAVA WORKS, INC. ("**Flava**") and PHILLIP BLEICHER ("**Bleicher**") (collectively, the "**Defendants**"), by and through undersigned counsel, pursuant to Fed.R.Civ.P. 59(e), and hereby files its Motion to Reconsider Order Denying Defendants/Counter-Plaintiffs' Motion to Continue Evidentiary Hearing [D.E. 48], and in support thereof states:

**BACKGROUND**

1. On or about January 21, 2015, Plaintiffs, A4A RESEAU, INC. and MARC PARENT (collectively, "**Plaintiffs**"), commenced the instant action against Defendants.

2. On March 19, 2015, Flava and Bleicher filed respective Motions to Quash Service of Process, Dismiss Complaint and Incorporated Memorandum of Law (the "**Motions to Quash**") [D.E. 20 and 23].

3. On June 24, 2015, the Court entered an Order setting the Motions to Quash for evidentiary hearing scheduled for July 2, 2015 at 2:00pm (the "**Evidentiary Hearing**") and

further instructed the parties to be "prepared to present information regarding the employment status of Dan Nelson, the location of Defendant Flava Works, Inc.'s registered corporate agent, and any other evidence pertinent to the issues briefed." [D.E. 32].

4. On June 25, 2015, following a telephonic conference with the Clerk perpetuated by Plaintiffs' counsel's purported unavailability on July 2, 2015,[1] the Court entered an Order Re-Scheduling Evidentiary Hearing on Defendants' Motions to Quash which is presently scheduled for July 22, 2015 at 3:30pm (the "**Order Setting Hearing**") [D.E. 33].

5. On July 10, 2015, Defendants, after recognizing their scheduling conflicts and unavailability of certain witnesses anticipated to testify at the Evidentiary Hearing, filed a Motion to Continue Evidentiary Hearing along with supporting affidavits (the "**Motion to Continue**") [D.E. 45].

6. On July 10, 2015, Plaintiffs filed their Response in Opposition to Defendants' Motion to Continue (the "**Opposition Response**") [D.E. 47], which makes bald, unsubstantiated allegations concerning the genuineness of Defendants' Motion which lack any truth or merit.[2]

7. Contrary to Plaintiffs' untrue statements,[3] on June 25, 2015, undersigned and Defendants' co-counsel, did, in fact, consult with Plaintiffs' counsel regarding rescheduling the hearing pursuant to S.D.Fla.L.R. 7.1(a)(3) who did not object to continuing the Evidentiary Hearing to a more mutually convenient date and time, as more particularly set forth in the Affidavits of Attorneys Zukowsky and Shambee attached hereto as composite **Exhibit "A."**

8. Notwithstanding Plaintiffs' counsel's unprofessional, unnecessary and unwarranted remarks and attachments in their Opposition Response, their overall objection to

---

[1] To which no notice of unavailability has been filed to date.
[2] Plaintiffs also attach irrelevant, immaterial documents from an unrelated proceeding which is inappropriate, inflammatory and prejudicial to Defendants and the instant matters.
[3] *See* Pls.' Opp'n Resp. ¶¶ 1-5.

Defendants' request to continue the Evidentiary Hearing date is utterly baffling, considering the fact that (1) Plaintiffs' own witness is unavailable on that date, detailed *infra*; and (2) Defendants initially extended Plaintiffs the professional courtesy of rescheduling the Evidentiary Hearing from July 2, 2015 without the necessity of filing a formal motion to continue.

9. On July 8, 2015, Plaintiffs filed a Motion for Jurisdictional Discovery and Request to Expedite Hearing (the "**Motion for Discovery**") [D.E. 40], granted in part by the Court on July 9, 2015 [D.E. 42], wherein Plaintiffs plainly admit their key witness, Billy Molden, is similarly unavailable to attend the Evidentiary Hearing on July 22, 2015 and instead seek to depose same for evidentiary value (*see* Pls. Mot. ¶¶ 2-3).

10. For the reasons more particularly stated below, Defendants' respectfully request the Court reconsider its Order entered July 13, 2015 and continue the Evidentiary Hearing to the next available date as mutually agreed upon by the parties hereto.

## STANDARD OF REVIEW

11. Pursuant to Fed.R.Civ.P. 59(e), a motion for reconsideration may be granted on four grounds: (1) the judgment is based upon manifest errors of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) amendment is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *See In re Piazza*, 460 B.R. 322, 324 (Bankr.S.D.Fla.2011); *see also In re Arden Properties, Inc.,* 248 B.R. 164 (Bankr.D.Ariz.2000); *In re Prince*, 85 F.3d 314, 36 (7th Cir. 1996), *cert. denied*, 519 U.S. 1040 (1996). "The decision to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the trial court." *Id.* Under Rule 59, "a motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed.R.Civ.P. 59(e).

12. Alternatively, Fed.R.Civ.P. 60(b) allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *In re Mohorne*, 404 B.R. 571, 575-76 (Bankr.S.D.Fla.2009); Fed.R.Bankr.P. 9024 (applying Fed.R.Civ.P. 60(b)); *Drake v. Dennis,* 209 B.R. 20, 25 (Bankr.S.D.Ga.1996).

13. The determining factor for which rule applies depends on the timing of the service of the Motion. *See Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167 (5th Cir. 1990), *abrogated on other grounds, Little v. Liquid Air Corp*., 37 F.3d 1069 (5th Cir. 1994) (*en banc*).

14. As Defendants' request for reconsideration is being filed within a reasonable time, its Motion should be construed as a motion to alter or amend judgment pursuant to Rule 59(e).

## LEGAL ARGUMENT

15. Defendants' Motion to Continue was summarily denied despite Defendants' showing of good cause as supported by Affidavit, as required by S.D.Fla.L.R. 7.1(a)(1)(G) and 7.6.

16. A court has broad discretion to reconsider one of its own orders on various grounds, including a need to correct clear error or prevent manifest injustice. *See Williams v. Cruise Ships Catering & Serv. Int'l, N.V.,* 320 F. Supp. 2d 1347, 1357-58 (S.D.Fla.2004); *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.,* 211 F.R.D. 457 (S.D.Fla.2002). A motion to reconsider is appropriate where, for example, the court has misunderstood a party, or has made an error not of reasoning but of apprehension. A motion to alter or amend a judgment permits

the moving party to bring to the court's attention a manifest error of law or fact. *See Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996).

17. To prevent manifest injustice, Defendants respectfully requests that this Court reconsider its Order entered July 13, 2015 and grant Defendants a <u>brief</u> continuance to the next available, convenient evidentiary date.

18. As set forth in its Motion to Continue and supporting Affidavits, Defendants, specifically Bleicher and Dan Nelson, are unavailable to appear at the Evidentiary Hearing on July 22, 2015—a scheduling conflict which existed <u>prior</u> to undersigned's mistaken consent to the proposed hearing date.

19. The detailed basis for Bleicher and Nelson's unavailability are personal in nature; however, if necessary, and in a demonstration of good faith, Defendants will voluntarily submit these specific reasons to the Court *in camera*, under seal or subject to a confidentiality order.

20. There is absolutely no indication, other than the self-serving allegations of Plaintiff, that Defendants' request was made for purposes of undue delay or that Defendants' basis for a continuance was anything other than candid and truthful (*see* Pls.' Opp'n Resp. ¶ 6-7).

21. Further, Plaintiffs themselves have already admitted that their own critical witness is unavailable to attend the Evidentiary Hearing (*see* D.E. 40, ¶¶ 2-4), which is counterintuitive to their vehement opposition to Defendants' simple request to schedule the Evidentiary Hearing date for the exact same reason.

22. Defendants object to the use of any deposition testimony, transcripts or otherwise, in lieu of live testimony at the Evidentiary Hearing and demand that Plaintiffs' witness(es) appear live, in-person to prevent the exact type of prejudice bemoaned by Plaintiffs in their Opposition Response (*see* Pls.' Opp'n Resp. ¶¶ 8). *See* Fla.R.Civ.P. 32(a)(4) ("A party may use

for any purpose the deposition of a witness, whether or not a party, if the court <u>finds</u> . . . (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.") (emphasis added); *Jauch v. Corley,* 830 F.2d 47, 50 (5th Cir.1987) ("The burden of showing the witness's unavailability ... rests with the party seeking to introduce the deposition."); *see also White v. United States*, 8:11-CV-1355-T-33EAJ, 2013 WL 3422965, at *2 (M.D.Fla.2013) ("A district court has broad discretion in adjudicating questions relating to the use of depositions at trial or other hearings . . . .The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person.") (citations omitted); *Whyte v. U.S. Postal Serv.*, 280 F.R.D. 700, 701 (S.D. Fla. 2012) ("the Federal Rules make clear that live testimony is important.")

23. As set forth in its Motion, this was Defendants' first request for a continuance in this case and clearly does not prejudice any party to this action.

24. Accordingly, for good cause shown, Defendants respectfully request that the Court reconsider its Order and continue the Evidentiary Hearing to the next available evidentiary date to allow Defendants' witnesses an opportunity to travel to Miami and testify in person.

**WHEREFORE**, for the reasons more particularly set forth herein, Defendants/Counter-Plaintiffs, FLAVA WORKS, INC. and PHILIP BLEICHER, respectfully requests this Court enter an Order: (i) granting this Motion to Reconsider the Order Denying Defendants' Motion to Reconsider [D.E. 48]; (ii) granting Defendants' Motion to Continue [D.E. 45]; (iii) rescheduling

the Evidentiary Hearing to the next available date; and (iv) for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D.Fla.L.R. 7.1, undersigned hereby certifies that counsel for the movant has conferred with all parties and/or non-parties who may be affected by the requested relief in a good faith effort to resolve the issues and Plaintiff/Counter-Defendants' counsel has not agreed to the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically via the Court's CM/ECF system on this 15th day of July, 2015 to all parties on the below Service List.

Date: July 15, 2015                    Respectfully submitted,

                                       s/ Matthew Zukowsky
                                       Matthew H. Zukowsky, Esq.
                                       Matthew H. Zukowsky, P.A.
                                       4770 Biscayne Blvd., Ste. 700
                                       Miami, FL 33137
                                       305.677.0022 Ext. 813
                                       Attorney No. 0112311