# EXHIBIT "A"

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-00610 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| A4A RÉSEAU INC., A4A NETWORK INC., | ) | Magistrate Judge Mason |
| MARC PARENT | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# DEFENDANTS' MOTION TO TRANSFER
# PURSUANT TO 28 U.S.C. § 1404(a)

Defendants A4A RÉSEAU INC., A4A NETWORK INC., and MARC PARENT ("Defendants"), by their attorneys, pursuant to 28 U.S.C. § 1404(a), respectfully move to transfer this matter to the United States District Court for the Southern District of Florida ("SDFL"), Miami Division. Defendants state as follows in support of their Motion:

1.      On or about January 21, 2015, Plaintiff FLAVA WORKS, INC. ("Plaintiff") initiated this action ("NDIL Action") by filing a one-count Complaint against Defendants for alleged copyright infringement, pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*., "to stop Defendants from copying, infringing, promoting, encouraging, enabling and/or facilitating the infringement of Plaintiff's copyrights on the worldwide Internet." See, Complaint [DE-1] at ¶ 2.

2.      The nature of the alleged infringement appeared to be a claimed use of a number of photographic images on a website allegedly owned and controlled by Defendants.

3.      Prior thereto, on or about August 29, 2014, Plaintiff instituted a virtually identical action in the SDFL by filing its Complaint in Case No. 14-cv-23208 styled *Flava Works, Inc. v A4A Reseau, Inc., A4A Network, Inc., and Mark Parent* ("SDFL Initial Action").

4.      Plaintiff's NDIL Action Complaint is without a substantial change in issues or parties from its SDFL Initial Action.

5.      On or about January 20, 2015, Plaintiff filed its Notice of Voluntary Dismissal Without Prejudice of the SDFL Initial Action, which was dismissed the following day despite of the fact that Defendants (1) had previously filed their Answer, and (2) were not afforded an opportunity to object to the dismissal being without prejudice and/or without other terms and conditions.

6.      On or about January 21, 2015, while anticipating a continued dispute and/or another lawsuit by the Plaintiff, Defendants instituted a new action in the SDFL, Case No. 15-cv-20245[1], by filing their Complaint For Declaratory Judgment against Plaintiff as well as its director, president, and principal, Phillip Bleicher ("SDFL Dec. Action").

7.      At some point thereafter, and upon his own investigation and research, Defendants' counsel discovered that Plaintiff re-filed its action in this District as this NDIL Action.

8.      On or about February 4, 2015, Defendants filed their Motion to Set Aside Dismissal, To Reinstate Action, To Consolidate Actions, And For Attorneys' Fees in the SDFL Initial Action, which is currently pending and awaiting the parties' further briefing.

9.      On or about February 20, 2015, Defendants filed a Notice of Pending, Refiled, Related, And/Or Similar Actions in the SDFL Dec. Action.

10.     All three (3) actions involve virtually the same parties (except Phillip Bleicher,

---

[1] During the initial electronic filing of the Complaint with the SDFL, Defendants' counsel encountered a technical problem, which resulted in a duplicative filling of the same action, namely, Case No. 15-cv-60123 and Case No. 15-cv-20245. As a result thereof, Complaint bearing Case No. 15-cv-60123 has been issued. However, shortly thereafter, the error has been corrected and Case No. 15-cv-60123 inactivated. The SDFL Dec. Action has proceeded as Case No. 15-cv-20245.

who is a Defendant in the SDFL Dec. Action, but who should also be a party in the two related actions instituted by the Plaintiff), as well as similar issues and common questions of law or fact.

11.    For the reasons set forth herein and in the Memorandum of Law submitted concurrently herewith, Defendants move this Court to transfer this action to the SDFL, Miami Division, pursuant to 28 U.S.C. § 1404(a).

12.    Pursuant to 28 U.S.C. § 1404(a), a court may transfer a civil action to any other district where it might have been brought "for the convenience of parties and witnesses [or] in the interest of justice."

13.    Venue is proper in both the transferor and the transferee districts. However, the transferee forum is more convenient because the Plaintiff and U.S. witnesses are located in the SDFL, and because both Plaintiff and Defendants instituted two related pending actions in the SDFL.

14.    Furthermore, transfer of this action to the SDFL will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

WHEREFORE, Defendants request that this Court grant their Motion and transfer this case to the United States District Court for the Southern District of Florida, Miami Division pursuant to 28 U.S.C. § 1404(a), and award such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

***WE HEREBY CERTIFY*** that a true and correct copy of the foregoing was filed via Pacer Electronic Service this 23rd day of February, 2015, to Juneitha Shambee, Esq. (shambeelaw@gmail.com), Shambee Law Office, Ltd., Attorneys for Plaintiff, P.O. Box 91, Evanston, Illinois 60204-0091.

Respectfully submitted,

**Leavens, Strand & Glover, LLC**

_____/s/_____
Peter Strand, Esq
Travis Life, Esq.
203 North LaSalle Street
Suite 2550
Chicago, IL  60601
Email: pstrand@lsglegal.com
Office: 312-488-4170
Direct: 312-488-4172
Fax:  312-488-4177


**Bradley Legal Group, P.A.**
John F. Bradley, Esq.
*Pro Hac Vice*
*Motion Pending*
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190
Email: jb@bradlegal.com



# Exhibit "C"

Defendants' Complaint For Declaratory Judgment initiating the SDFL Dec. Action.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC.                                    CASE NO.
and MARC PARENT,

        Plaintiffs,

vs.

FLAVA WORKS, INC.
and PHILLIP BLEICHER,

        Defendants.

_____/

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, A4A RESEAU, INC., a foreign corporation, and MARC PARENT, an individual, by and through their undersigned counsel, sue Defendants, FLAVA WORKS, INC., a Florida corporation, and PHILLIP BLEICHER, an individual, and allege:

## PARTIES

1.      Plaintiff, A4A RESEAU, INC. ("A4A"), is a corporation formed under the laws of Canada, and maintains its principal place of business at 530, rue Beaubien Est., Montreal QC H2S 1S5, Canada.

2.      Plaintiff, MARC PARENT ("PARENT"), is an individual and a citizen of the United States, currently residing in Canada, and whose address is 1473, rue Wolfe, Montréal QC H2L 3J5, Canada.

3.      Upon information and belief, Defendant, FLAVA WORKS, INC. ("FLAVA"), is a corporation formed under the laws of the State of Florida, and maintains its principal place of business at 2610 North Miami Avenue, Miami, Florida 33127.

4.      Upon information and belief, Defendant, PHILLIP BLEICHER ("BLEICHER") is a citizen and resident of the State of Florida, whose address is 2610 North Miami Avenue,

1

Miami, Florida 33127.

5.      Upon information and belief, Defendants distribute adult entertainment products through various distributors, licensees, and its websites, and otherwise regularly conducts business in this federal judicial district and throughout the United States.

## JURISDICTION AND VENUE

6.      This action is for declaratory relief and there is an actual controversy between the parties, pursuant to 28 U.S.C. §§2201 and 2202.

7.      Subject matter jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1400, in that this action arises under the Federal Copyright Act 17 U.S.C. § 501, *et seq*. and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants are doing business in this judicial district, maintain an interactive website on which images at issues are displayed, including in this district, and have systematic and continuous contacts with the forum state.  Additionally, Defendant BLEICHER is a citizen and resident of this judicial district.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1400(a) because Plaintiffs and Defendants are doing business in this district and a substantial part of the alleged infringing activities occurred in this judicial district and Defendant BLEICHER is a citizen and resident of this judicial district.

## FACTUAL ALLEGATIONS

11.     A4A created, owns, and operates the adult dating website Adam4Adam.com ("A4A Website").

2

12.    PARENT is the registered owner of A4A Website.

13.    PARENT is a director, president, and principal of A4A.

14.    PARENT is the registrant of incontestable U.S. Trademark Registration No. 2,945,900 for the mark ADAM4ADAM in connection with "community social club, online/offline dating services, and computer dating services via online personals." See, **_Exhibit "A."_**

15.    PARENT is the applicant of U.S. Trademark Application Serial No. 86/427,223 for the mark ADAM4ADAM in connection with "erotic paraphernalia; condoms; erotic toys and sex aids; clothing, namely T-shirts, shirts, sweatshirts, hats, caps and accessories," and "live and interactive cam site; pay per view movies." See, **_Exhibit "B."_**

16.    A4A's services are supplied through A4A's Website throughout the United States, including in this judicial district.

17.    Upon information and belief, BLEICHER is a director, president, and principal of FLAVA.

18.    Upon information and belief, Defendants produce adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video, and various other media.

19.    Upon information and belief, Defendants distribute adult entertainment through various distributors, licensees, as well as though their nationally accessible interactive websites, including, without limitation, www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com ("Flava Websites").

20.    Upon information and belief, BLEICHER is the registered owner of Flava Websites' domain name registrations.

21.    Upon information and belief, Defendants license their alleged intellectual

property, including images, to third parties.

22.     Upon information and belief, Defendants' licensees sublicense Defendants' alleged intellectual property, including images, to additional third parties.

23.     Defendant FLAVA has alleged that Plaintiffs infringed on their alleged copyrights and further threatened recourse with the Courts against both Plaintiffs.

24.     Plaintiffs' alleged infringement relates to approximately two dozen adult images ("Images").

25.     Defendant FLAVA has alleged that Plaintiffs reproduced and distributed the Images without authorized licensure or approval from Defendants.

26.     Defendant FLAVA has alleged that they are the owners of the Images.

27.     Defendant FLAVA has alleged that they are the producers of the Images.

28.     Defendant FLAVA has alleged that they are the owners of various copyrights pertaining to the Images.

29.     Defendant FLAVA has alleged that it is the owner of valid U.S. Copyright Registrations pertaining to the Images.  Contrary to FLAVA's allegation the records of the US Copyright office indicate that the owner of at least one of the registrations which FLAVA claims to own lists Defendant BLEICHER as the owner.  See ***Exhibit" C***" attached.

30.     Defendant FLAVA has demanded that Plaintiffs immediately cease and desist from any use of the Images.

31.     Defendant FLAVA has demanded that Plaintiffs cease operation of the A4A Website domain and transfer the domain registration's ownership to Defendants.

32.     Defendant FLAVA has demanded that Plaintiffs forfeit their use and ownership of ADAM4ADAM marks.

33.     Defendant FLAVA has demanded disgorgement of Plaintiffs' profits, actual or statutory damages, punitive damages, and attorneys' fees and costs without necessary copyright registrations for the Images.

34.     As a result of Defendants' direct statements, conflicting copyright registration records and threats of litigation, there is a substantial controversy between Plaintiffs and Defendants, who have adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment as to ownership, infringement and the remedies available if infringement of any copyrights owned by Defendants is determined.

35.     Plaintiffs categorically deny that they have violated any federal or other rights Defendants claim to have in the Images.

36.     Plaintiffs have not infringed any possible copyrights that Defendants may have in the Images.

37.     The doctrine of *scenes a faire* precludes or limits Defendants' copyright protection in the Images and Defendants' copyright infringement claims against Plaintiffs.

38.     The doctrine of merger precludes Defendants from claiming copyright in an idea that is inseparable from the expression of the idea.

39.     The doctrine of statute of limitations precludes Defendants from claiming copyright infringement against Plaintiffs. 17 U.S.C. § 507(b) (2014).

40.     Contrary to Defendant's allegations, there is no substantial similarity between the Images and Plaintiffs' allegedly infringing use.

41.     Upon information and belief, the Images do not contain a copyright notice.

42.     Furthermore, upon information and belief, at least some of the Images had been previously sublicensed by Defendants' third party licensees.

5

43.     Defendants' authorized, impliedly or explicitly, Plaintiffs' allegedly infringing use of the Images, and Defendants' claims are therefore barred by the doctrine of implied license.

44.     Defendants' claims are barred by Defendants' license, consent, and/or acquiescence to Plaintiffs' alleged use.

45.     Defendants' copyrights of the Images are invalid and/or unenforceable.

46.     Defendants' lack of valid U.S. Copyright Registrations in the Images within three (3) months after any alleged first publication of the Images by Plaintiffs bars Defendants from obtaining statutory damages and/or attorney's fees under the Copyright Act, 17 U.S.C. § 501, et seq.

47.     The doctrine of fair use precludes Defendants from claiming copyright infringement against Plaintiffs.

48.     The doctrine of laches precludes Defendants from claiming copyright infringement against Plaintiffs.

49.     The doctrine of estoppel precludes Defendants from claiming copyright infringement against Plaintiffs.

50.     The doctrine of unclean hands precludes Defendants from claiming copyright infringement against Plaintiffs.

51.     Defendants' claims are barred by waiver.

52.     To the extent Defendants suffered any damages, which Plaintiffs expressly deny, Defendants have failed to take the steps necessary to mitigate the allegedly sustained damages.

53.     Defendants' claims are barred by the doctrine of misuse of copyright.

54.     Defendants' claims are barred because Defendants cannot establish that Plaintiffs'

service is incapable of substantial non-infringing use.

55.     Defendants' claims are barred, in whole or in part, because Plaintiffs' conduct was in good faith and with non-willful intent, at all times.

56.     Defendants' claims are barred because the alleged infringement was not caused by a volitional act attributable to Plaintiffs.

57.     Plaintiffs also contend that Defendants will not meet their various burdens of persuasion and proof required to establish their threatened claims.

58.     All conditions precedent to the bringing of this action have been satisfied, have occurred, have been waived, or have been excused.

59.     As direct and proximate result of Defendants' actions complained of herein, Plaintiffs were forced to retain the undersigned law firm and have agreed to pay it a reasonable fee for its services.

60.     This action arises under 28 U.S.C. §§ 2201 and 2202 and is for a declaratory judgment.

61.     Defendants claim that Plaintiffs have infringed upon their alleged copyrights in the Images in violation of the Copyright Act, 17 U.S.C. § 501, et seq.

62.     Defendants demanded that Plaintiffs cease and desist any use of the Images.

63.     Defendants have also been threatened with an action for disgorgement of Plaintiffs' profits, copyright infringement, actual or statutory damages, punitive damages, and attorneys' fees and costs.

64.     Defendants have not demonstrated that they are the owners of any copyrights in the Images.

65.     Defendants have no protectable interest in the Images.

7

66.     Plaintiffs do not infringe upon any valid copyright in the Images.

67.     Plaintiffs also disagree with Defendants as to Defendants' alleged entitlement to an award of actual or statutory damages, punitive damages, or attorneys' fees and costs.

68.     Based upon the threats and demands made by Defendants, Plaintiffs possess an objectively reasonable apprehension that Defendants will file suit for copyright infringement.

69.     Therefore, an actual and justiciable controversy exists between Plaintiffs and Defendants as to whether: 1) Defendants are the owners of any copyrights in the Images; 2) Defendants have a protectable interest in any part of any of the Images; 3) Plaintiffs are infringing upon any copyrights Defendants have in the Images; 4) Plaintiffs must cease operation of the A4A Website domain and transfer the domain's ownership to Defendants; 5) Defendants are entitled to the use of Plaintiffs' marks ADAM4ADAM; 6) Plaintiffs must forfeit their use and ownership of their ADAM4ADAM trademarks; 6) Defendants are entitled to disgorgement of Plaintiffs' profits; 7) Defendants are entitled to an award of actual or statutory damages; 8) Defendants are entitled to punitive damages; and 9) Defendants are entitled to attorneys' fees.

70.     Plaintiffs are in need of a judicial resolution and declaration of the rights of the respective parties in order to plan for the future of their business.

71.     Plaintiffs seek to resolve that dispute in this Court.

72.     Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand judgment be entered in their favor as follows:

a)  Declaring that Defendants do not own copyrights in the Images;

b)  Declaring that Defendants have no standing to assert any action or any copyrights in the

8

Images;

c) Declaring that Defendants have no protectable interest in the Images;

d) Declaring that Plaintiffs do not infringe upon any valid copyright of Defendants;

e) Declaring that Plaintiffs have not induced, caused, and/or materially contributed to the direct infringing conduct of others;

f) Declaring that Plaintiffs must not forfeit their use and ownership of ADAM4ADAM marks;

g) Declaring that Plaintiffs must not cease operation of the A4A Website domain or transfer the domain's ownership to Defendants;

h) Declaring that Defendants are barred from disgorgement of Plaintiffs' profits;

i) Declaring that Defendants are barred from seeking actual or statutory damages under the Copyright Act, 17 U.S.C. § 501 et seq.;

j) Declaring that Defendants are barred from seeking punitive damages;

k) Declaring that Defendants are barred from seeking attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 501 et seq.;

l) Awarding Plaintiffs their reasonable attorneys' fees;

m) Awarding Plaintiffs their costs of court; and,

n) Awarding Plaintiffs all other relief this Honorable Court deems appropriate.

Dated this 21st day of January, 2015.

**Bradley Legal Group, P.A.**

_____/s/_____
John F. Bradley, Esq.
Attorneys for Defendants
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160

Fax: (954) 523-6190
Email: jb@bradlegal.com
Fla Bar. No 0779910

*Bradley Legal Group, P.A.* 15 Northeast 13th Avenue, Ft. Lauderdale, FL 33301 (954) 523-6160  www.bradlegal.com

# EXHIBIT "A"

**U.S. Trademark Registration No. 2,945,900 for the mark ADAM4ADAM**

Int. Cl.: 45

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,945,900
Registered May 3, 2005

## SERVICE MARK
### PRINCIPAL REGISTER

## ADAM4ADAM

PARENT, MARC (UNITED STATES INDIVI-
DUAL)
91 CHAMBERS STREET, #2
NEWARK, NJ 07105

   FOR: COMMUNITY SOCIAL CLUB, ONLINE/
OFFLINE DATING SERVICES, AND COMPUTER
DATING SERVICES VIA ONLINE PERSONALS, IN
CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 7-1-2002; IN COMMERCE 10-1-2002.

SER. NO. 78-289,772, FILED 8-20-2003.

ALICIA COLLINS, EXAMINING ATTORNEY

# EXHIBIT "B"

**TESS Printout of U.S. Trademark Application Serial No. 86/427,223 for the mark ADAM4ADAM**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Jan 21 03:21:08 EST 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout    Please logout when you are done to release system resources allocated for you.

Start    List At: [        ] OR    Jump    to record: [        ]    **Record 1 out of 2**

TSDR    ASSIGN Status    TTAB Status    *( Use the "Back" button of the Internet Browser to return to TESS)*

# ADAM4ADAM

| | |
|---|---|
| **Word Mark** | **ADAM4ADAM** |
| **Goods and Services** | IC 010. US 026 039 044. G & S: Erotic paraphernalia; Condoms; Erotic toys and sex aids; Clothing, namely T-shirts, shirts, sweatshirts, hats, caps and accessories. FIRST USE: 20051100. FIRST USE IN COMMERCE: 20051100 |
| | IC 045. US 100 101. G & S: Live and interactive cam site; Pay per view movies. FIRST USE: 20051100. FIRST USE IN COMMERCE: 20081200 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86427223 |
| **Filing Date** | October 17, 2014 |
| **Current Basis** | 1A;44D |
| **Original Filing Basis** | 1A;44D |
| **Owner** | (APPLICANT) Parent, Marc INDIVIDUAL CANADA 1473 Wolfe Street Montreal, Quebec CANADA H2L3J5 |

Trademark Electronic Search System (TESS)

| | |
|---|---|
| **Attorney of Record** | Jess M. Collen |
| **Priority Date** | August 18, 2014 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT "C"**

U.S. Copyright Registration No.  PA 0001668012 "FlavaMen Senior Year"

**EXHIBIT A**



The Library of Congress catalogs will not be available between 7:00pm
U.S. EDT on Friday, August 16 and noon on Sunday, August 19 while the
Library performs maintenance. We regret any inconvenience to our
users.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = cocodorm
Search Results: Displaying 1 of 1 entries



| Labeled View |
|--------------|

*Cocodorm.com 2010.*

|  |  |
|--|--|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001861558 / 2010-06-24 |
| **Application Title:** | Cocodorm.com 2010. |
| **Title:** | Cocodorm.com 2010. |
| **Copyright Claimant:** | Phillip Bleicher. Address: 2610 N Miami Ave, Suite B, Miami, FL, 33127, United States. |
| **Date of Creation:** | 2010 |
| **Date of Publication:** | 2010-01-01 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Flava Works Inc. d.b.a. Flava Works Inc., employer for hire; Domicile: United States; Citizenship: United States. Authorship: text, photograph(s) |
| **Rights and Permissions:** | Phillip Bleicher, Flava Works, Inc., 2610 N Miami Ave, Suite B, Miami, FL, 33127, United States, (305) 438-9450, support@flavaworks.com |
| **Copyright Note:** | C.O. correspondence. |
| **Names:** | Bleicher, Phillip |
|  | Flava Works Inc. |
|  | Flava Works Inc. |



| Save, Print and Email (**Help Page**) | |
|---|---|
| Select Download Format   Full Record | Format for Print/Save |
| Enter your email address: | Email |

Help | Search | History | Titles | Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page