**EXHIBIT "E"**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

PHILLIP BLEICHER,
FLAVA WORKS, INC.,

    Plaintiffs,

vs.

JEFFREY FICHTELBERG,
a/k/a JEFF FISHER

    Defendant.
_____/

Case No. 10-53252 CA 9



ORIGINAL FILED SEP 30 2010 HARVEY RUVIN CLERK

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiffs, **FLAVA WORKS, INC.** ("Flava Works") and **PHILLIP BLEICHER** ("Bleicher"), by and through its undersigned counsel sues and files this Complaint for Equitable Relief and Damages against Defendant, **JEFFREY FICHTELBERG a/k/a JEFF FISHER** ("Defendant" or "Fichtelberg"), an individual, and alleges:

### I. THE PARTIES

1. Plaintiff, Flava Works, is a Florida Corporation, which does business in Miami-Dade County with a place of business at 2610 North Miami Ave, Miami, Florida 33127 and is subject to the jurisdiction of this court.

2. Plaintiff, Bleicher, is an individual that resides in Miami-Dade County and is subject to the jurisdiction of this court.

3. Defendant, Fichtelberg, is an individual residing in Miami-Dade County and is subject to the jurisdiction of this court.

## II. JURUSDICTION & VENUE

4. This is an action for equitable relief and damages in excess of the jurisdictional minimum of this court, exclusive of interest and costs.

5. Jurisdiction inheres in this Court pursuant to Article 5, section 20(c)(3) of the Florida Constitution, Florida Statutes section 26.012(2), (3), and (5) and section 86.011, et seq. (the declaratory judgments act).

6. Venue lies in Miami-Dade County because pursuant to Chapter 47, *Florida Statutes*, the tortious conduct that gives rise to the cause of action originates in Miami-Dade County and all parties reside in Miami-Dade County.

## III. FACTUAL BACKGROUND

### A. The Relationship Between Plaintiffs and Defendant

7. Plaintiff, Flava Works, is a Florida Corporation, which does business in Miami-Dade County. The corporation produces gay adult entertainment in the form of DVDs, magazine, websites, pictures, streaming video and various other media.

8. Bleicher is the President and Chief Executive Officer of Flava Works, Inc.

9. Flava Works has been in business since December 1999. Throughout those ten years, Flava Works, through the efforts of Bleicher and its employees, cultivated relationships within the adult industry with, among other entities, distributors.

10. Defendant started working at Flava Works, Inc. on or about September 17, 2006.

11. Defendant signed a Non-Disclosure Agreement ("Agreement") dated September 17, 2006. *See* **Exhibit "A."**

12. The Agreement stated in relevant part

> During the term of this Agreement and for a period of five (5) years thereafter, Employee will not at any time do or attempt to

do any of the following, either directly or indirectly: [d]isclose, use, or communicate to any person, firm, or corporation *any Confidential Information, trade secrets, or any other information concerning the business, products, services, customers, prices, suppliers, finances, or operations of FW, unless expressly authorized by FW*. Employee agrees to treat such information at all times as confidential, whether or not it is expressed orally or on paper, disk, diskette, magnetic media, optical media, monitor, screen, or on or in any other medium or form of expression. (emphasis added).

13. During Defendant's employment at Flava Works, his duties involved contacting distributors, wholesalers, and retailers, and potential distributors, wholesalers, and retailers to sell Flava Work's line of DVD's.

14. Defendant was paid weekly in the amount of $500 a week. Defendant also earned a 17 percent commission from his sales.

15. Once Defendant made a sale to distributors, wholesalers, and/or retailers, then Defendant would present Flava Works with a "batch-out."

16. The "batch-out" would reflect the amount of sales that Defendant made to distributors, wholesalers, and/ or retailers. It would also reflect his 17% on commission owed for those sales. Bleicher, depending on the volume of the sale, would consent to a time-table to pay Defendant the commission owed.

17. If, during a ninety-day period a distributor, wholesaler, and/or retailer paid their account balance in full and did not return the items purchased then the commissioned owed would be valid and Bleicher would then credit Defendants paychecks as originally scheduled.

18. However, if within that ninety-day period the items (or any part thereof) were returned, then Defendant would not be credited the commission.

19. If the commission was already paid to Defendant within that time frame, then Flava Works would be entitled to be reimbursed that balance.

20. On June 02, 2009, Defendant was relieved of his duties from Flava Works. At that time Flava Works requested that Defendant submit his final commission or "batch-up" report so that payment arrangements could be made.

21. V. Paul Duval, the accountant for Flava Works, assessed Defendant's final commission report against Flava Work's Quickbooks balance and the figures did not match appropriately. To clarify the situation, the accountant communicated with Defendant and tried to resolve Defendant's accounting with Flava Works accounting, however he was unable to do so.

22. V. Paul Duval concluded that Fitchelberg owed Flava Works as a result of the returns made by distributors, wholesalers, and retailers.

23. Fitchelberg disagreed that he owed Flava Works the balance.

24. On July 13, 2009, Bleicher sent Defendant a letter reminding him of the Agreement he signed as a condition of his employment with Flava Works. Stating in relevant part:

> May I remind [Defendant] that, except when permission to do so was expressly given in writing, you were not authorized to take any such documents or records with you when you left and no such permission was given. [Defendant] may not use any of FW's confidential information for any purpose, including its use in connection with any of [Defendant's] business activities, or the business of activities of others, *or in any other way use it to the disadvantage of FW*. (emphasis added).

See **Exhibit "B."**

25. Thereafter Defendant initiated a smear campaign against both Bleicher and Flava Works.

### B. Defendant's Actual Malice Against Plaintiffs

26. On July 21, 2009, Defendant published threatening, insulting, demeaning letters to third parties, vilifying Flava Works and Bleicher.

27. Defendant mailed and e-mailed Flava Works attorneys in Chicago maligning both Flava Works and Bleicher with false accusations.

28. Furthermore, Fichtelberg revealed information that was in violation of his Agreement, such as financial information, payment information, list of customers, list of vendors and sales data.

29. On July 13, 2009, and repeatedly thereafter, Defendant reached out to Flava Works distributors and customers to traduce Bleicher and Flava Works business practices. *See* **Exhibit "C."**

30. In addition, on July 13, 2009, and repeatedly thereafter, Defendant has consistently contacted Flava Works employees as a way of undermining Flava Works' business.

31. Around December 14, 2009, Fichtelberg began publishing denigrating accusations on websites depicting Flava Works and Bleicher in a false light. *See* **Exhibit "D"** and **"E."**

32. Furthermore, on or around October 21, 2009, Fichtelberg mailed a threatening Hallmark card with a bullet casing to Bleicher. *See* **Exhibit "F."**

### COUNT I
*(Defamation)*

33. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 30.

34. Defendant, with reckless disregard for the truth, published statements regarding Flava Works and Bleicher, by e-mailing, calling, and sending letters to third parties. *See, e.g., Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008).

35. Further, Defendant depicted Flava Works in a false light. *See Id.*

36. Defendant's recklessly inaccurate communications are manifestly malicious and actionable. *See Id.*

37. Defendant's falsehoods were directed at, among other aspects of Flava Work;s business, its reputation in the trade or industry of adult entertainment. *See Id.*

38. Defendant's falsehoods have damaged, and continue to damage, Flava Work's business. *See Id.*

WHEREFORE, Plaintiffs respectfully request:

i. This court order Defendant to fully retract his prior statements made on websites;

ii. Enjoin Defendant from further false publications regarding Plaintiffs;

iii. Enter judgment for damages against Defendant and for the Plaintiffs, including, but not limited to, compensatory damages, punitive damages, prejudgment interest, costs;

iv. and, any such other and further relief as the court deems just and appropriate.

## COUNT II
*(Tortious Interference With an Advantageous Business Relationship)*

39. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 30.

40. Upon information and belief, Defendant was aware that the people whom he contacted included prospective and/or existing customers and business associates of Flava Works. *Gossard v. Adia Services, Inc.*, 723 So. 2d 182, 184 (Fla. 1998).

41. Defendant willfully, and maliciously, published falsehoods and fostered the dissemination o disparaging remarks regarding Flava Work's business, including, but not limited to, its business practices with regard to its treatment of customers and associates. *See Id.*

42. Upon information and belief, Defendant encouraged and participated in inciting individuals and business associates to seek disassociation or discontinuing business with Flava Works. *See Id.*

43. As a result, Fichtelberg acted with malice, and without privilege in furtherance of an intent to damage and interfere with Flava Work's business. *See Id.*

44. Fichtelberg's dealings with Flava Works, show he acted wantonly and with willful disregard of Flava Work's rights, and therefore, his conduct warrants punitive damages at the appropriate stage of this proceeding. *See Id.*

45. Flava Works has been damaged by Defendant's conduct.

WHEREFORE, Plaintiffs respectfully requests:

   i. This Court enter judgment for damages against Defendant and for the Plaintiffs, including, but not limited to, compensatory damages, punitive damages, prejudgment interest, and costs;

   ii. and, any such other and further relief as the court deems just and appropriate.

## COUNT III
*(Breach of Contract)*

46. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 30.

47. There existed a valid and enforceable contract (*see* Agreement) between the parties. *Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3d DCA 2007).

48. Defendant has repeated disclosed information to third parties after his employment concluded with Flava Works in violation of the Agreement. *See Id.*

49. Said violation is a material breach of contract as the essence of the Agreement was to refrain from disclosing information to third parties (which is precisely what the Defendant did in this case). *See Id.*
50. Flava Works has been damaged by Defendant's breach.

WHEREFORE, Plaintiffs respectfully requests:

i. This Court enter judgment for damages caused by said breach of contract against Defendant and for the Plaintiffs, including, but not limited to, compensatory damages, punitive damages, prejudgment interest, and costs;

ii. and, any such other and further relief as the court deems just and appropriate.

### JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable as a matter of law.

Dated: September 30, 2010

Respectfully submitted,

Mirta Desir
General Counsel for Flava Works, Inc.
FBN: *Pending*
2610 North Miami Ave.
Miami, FL 33127
Telephone: 347.680.5247
Facsimile: 305.438.9470
E-mail: mdesir@gmail.com

Jonathan Warrick
FBN: 37248
Telephone: 305.206.0022
Facsimile: 305.751.9652
Email: jon@warricklaw.com

Attorneys for Plaintiffs
Flava Works, Inc. and Phillip Bleicher

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was personally served via mail or process server to **JEFFREY FICHTELBERG, a/k/a JEFF FISHER** on 30th September 2010.

Respectfully submitted,

_____

Mirta Desir, Esq.
FBN: *Pending*
General Counsel for Plaintiffs
Flava Works, Inc.
2610 North Miami Ave.
Miami, FL 33127
Telephone: 347.680.5247
Facsimile: 305.438.9470
E-mail: mdesir@gmail.com