UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC. and MARC PARENT,          CASE NO. 1:15-cv-20245-MGC

     Plaintiffs/Counter-Defendants,
vs.

FLAVA WORKS, INC. and PHILLIP BLEICHER,

     Defendants/Counter-Plaintiffs.
_____/

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs/Counter-Defendants, A4A RESEAU, INC. and MARC PARENT ("Plaintiffs"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby file the following supplemental authority in opposition to Defendants/Counter-Plaintiffs' Motions to Quash Service of Process and Dismiss Complaint [DE-20, 23]:

    a)    *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F.Supp.2d 1273, 1281 (S.D.Fla. 1999) (service found sufficient based on evasion "even if it did not comport with the Federal Rules of Civil Procedure. . ."):

> *It is well-established that once a defendant has actual notice of the pendency of an action, the requirements of Fed.R.Civ.P. 4 are to be liberally construed. . . Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process. . . [the process server] testified that he was unable to hand over the Complaint because [defendant] departed hastily. The undisputed facts reveal that [defendant] has changed his residence and relocated on a regular basis. Indeed, [defendant's] abandonment of his Madrid apartment a day after being handed the summons in this action reeks of evasion. Moreover, [defendant] basically admitted that he was aware of the litigation that was pending. Consequently, this Court concludes that in this particular instance service was effected despite [the process server's] failure to transfer possession of the Complaint to [defendant].*

    b)    *Nichols v. Surgitool, Inc.,* 419 F.Supp. 58, 63 (W.D.N.Y. 1976):

> *With respect to defendant's assertion that valid service of process has not been effectuated, it should be noted initially that actual substituted service was*

1

*promptly received by the defendant. It was adequately apprised that a lawsuit had been commenced against it and was afforded sufficient time to prepare its case. . . The requirements of the federal process rule should be liberally construed to effectuate service when, as here, the defendant has received actual notice of the impending action. . . The Supreme Court has recognized that actual receipt of notice is a fact to be considered in the determination of whether valid service has been made.*

      c)     Order Denying Defendants' Motion to Set Aside Defaults in Case No. 07-cv-61438 styled *Katz v. MRT, LLC, et al*, issued by Judge James I. Cohn in this District:

*[Defendant] did in fact retain an attorney. . . and filed a responsive pleading. . . in a related case before the Court. . . Thus, any failure to defend the instant action cannot be blamed on inability to retain counsel, when the record clearly shows that [defendant] was represented by counsel on a nearly identical matter. . . although [defendant] testified that he believed he had not been properly served with the Complaint, this presents no defense to his failure to file a responsive pleading. . . [defendant] was under an obligation to stay appraised of the status of the litigation pending against him. . . [defendant] acknowledged receiving a copy of the Complaint, and that is all that was required to make him aware of his obligation to respond to the Complaint. His failure to do so was willful and intentional, and thus, the Court sees no basis whatsoever on which to vacate the entry of default against either [defendant].*

      d)     *United States v. Bryan*, 339 U.S. 323, 331 (1950):

*persons summoned as witnesses by competent authority have certain minimum duties and obligations which are necessary concessions to the public interest in the orderly operation of legislative and judicial machinery. A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase.*

Dated: July 20, 2015.                        Respectfully submitted,

                                       **BRADLEY LEGAL GROUP, P.A.**
*Counsel for Plaintiffs/Counter-Defendants*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

By:    /s/ John F. Bradley
        John F. Bradley, Esq.
        Fla. Bar No. 0779910
        jb@bradlegal.com

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or *pro se* parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910
jb@bradlegal.com

**SERVICE LIST**

Matthew H. Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Defendants/Counter-Plaintiffs*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, Florida 33137
Tel: (561) 445-9471
**Service via CM/ECF**

Joshua H. Sheskin, Esq.
JHS@SheskinLaw.com
Service@SheskinLaw.com
*Attorney for Defendants/Counter-Plaintiffs*
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
Tel: (786) 529-0420
**Service via CM/ECF**