## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| A4A RESEAU, INC. | ) | |
| and MARC PARENT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.:  1:15-cv-20245-MGC |
| | ) | |
| FLAVA WORKS, INC. | ) | |
| And PHILLIP BLEICHER, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO PLAINITFF'S DECLARATORY ACTION

NOW COMES, Defendants/Counter-Plaintiffs, Flava Works, Inc. and Phillip Bleicher, by and through its general counsel, for its Answer to Plaintiff's/Counter-Defendants Declaratory Judgment Complaint, and states as following:

1. Defendants/Counter Plaintiff's enter a general DENIAL of all allegations of The Complaint for Declaratory Relief [D.E, 1], unless otherwise specified below, and only to the extent specified below.

2. Defendants/Counter-Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations 1 and demand proof thereof.

3. Defendants/Counter-Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations 2 and demand proof thereof.

4. As to the allegation 3, Defendants/Counter-Plaintiffs DENY the state of incorporation and location of the principal place of business and demand strict proof thereof.

5. As to the allegation 4, Defendants/Counter-Plaintiffs DENY the residency of Phillip Bleicher in the State of Florida and demand strict proof thereof.

6. As to the allegation 5, Defendants/Counter-Plaintiffs ADMIT the usual business of the Defendants/Counter-Plaintiffs.

7.      As to the allegation 6, Defendants/Counter-Plaintiffs ADMIT that there is an actual controversy between the parties, but DENY that declaratory relief is sufficient, further deny that there is no other adequate remedy at law, and demand strict proof thereof.

8.      As to the allegation 7, Defendants/Counter-Plaintiffs ADMIT that this court has subject matter jurisdiction.

9.      As to the allegation 8, Defendants/Counter-Plaintiffs do not have sufficient personal knowledge of whether this controversy exceeds $75,000, but deems it irrelevant since this is a federal question matter.

10.     As to the allegation 9, Defendants/Counter-Plaintiffs DENY that this court has personal jurisdiction over the Defendants/Counter-Plaintiffs and demands strict proof thereof. Defendants/Counter-Plaintiffs further state that the State of Incorporation is Illinois and the residency is also Illinois. Also the principal place of business has always been in Illinois, where it remains, since well before the commencement of this action.

11.     As to the allegation in Paragraph 10, Defendants/Counter-Plaintiffs DENY that venue is proper in this court and demands strict proof thereof. Defendants further state that no parties to this matter are residents of Florida, none of the witnesses reside in Florida, the cause of action did not arise in Florida and all evidence pertinent to this matter is in the jurisdiction of Illinois. Also Defendant BLEICHER has been a resident of Illinois well before the commencement of this matter.

12.     As to the allegation 11, Defendants/Counter-Plaintiffs ADMIT the stated ownership.

13.     Defendants/Counter-Plaintiffs l do not have sufficient knowledge to form a belief nor position as to the truth of the allegations 12 and demand proof thereof.

14.     Defendants/Counter-Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations 13 and demand proof thereof.

2

15.   Defendants/Counter-Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations 14 and demand proof thereof.

16.   Defendants/Counter-Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations 15 and demand proof thereof.

17.   Defendants/Counter-Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations 16 and demand proof thereof.

18.   As to the allegation in Paragraph 17, Defendants/Counter-Plaintiffs ADMITS Bleicher is the director, president and principal of FLAVA.

19.   As to the allegation in Paragraph 18, Defendants/Counter-Plaintiffs ADMITS as to the business of FLAVA.

20.   As to the allegations in Paragraph 19, Defendants/Counter-Plaintiffs ADMIT.

21.   As to the allegation in Paragraph 20, Defendants/Counter-Plaintiffs ADMIT.

22.   As to the allegation in Paragraph 21, Defendants/Counter-Plaintiffs ADMIT that is licenses its registered intellectual property to third parties as part of its legal rights to do so.

23.   As to the allegation in Paragraph 22, Defendants/Counter-Plaintiffs DENY that it gives permission to licensees to sublicense its intellectual property to additional third parties and demands strict proof thereof.

24.   As to the allegation in Paragraph 23, Defendants/Counter-Defendants ADMIT that Flava Works, Inc., and only Flava Works, Inc., filed an action against Plaintiffs/Counter-Defendants for infringement of certain registered intellectual property.

25.   As to the allegation in Paragraph 24, Defendants/Counter-Plaintiffs ADMIT that the infringement relates to several registered images belonging to Defendants/Counter-Plaintiffs the number of images and protected materials are beyond two dozen, Plaintiffs continue the

infringing behavior with new material, and Defendants/Counter-Plaintiffs continue to ask this Court, as Defendants/Counter-Plaintiffs already have requested in the consolidated action, for injunctive relief against ongoing violations.

26.    As to the allegation in Paragraph 25, Defendants/Counter-Plaintiffs ADMIT the allegation.

27.    As to the allegation in Paragraph 26, Defendants/Counter-Plaintiffs ADMIT that FLAVA is the owner.

28.    As to the allegation in Paragraph 27, Defendants/Counter-Plaintiffs ADMIT FLAVA is the producer.

29.    As to the allegation in Paragraph 28, Defendants/Counter-Plaintiffs again ADMIT FLAVA is the owner.

30.    As to the allegation in Paragraph 29, Defendants/Counter-Plaintiffs ADMIT that FLAVA is the owner, however any indication that BLEICHER is the owner under the registration is for the benefit of FLAVA and in his capacity of CEO/President/Principle/Director of FLAVA.

31.    As to the allegation in Paragraph 30, Defendants/Counter-Plaintiffs ADMIT that such demand was made. Furthermore, Defendants/Counter-Plaintiffs admit that such demands were made in accordance with all applicable laws, giving Plaintiffs a sufficient safe-harbor period to remove said images and notice of the violations.

32.    As to the allegation in Paragraph 31, Defendants/Counter-Plaintiff FLAVA refers to its Complaint against Plaintiffs/Counter-Defendants (Case 15-21592 [D.E. 1] pg. 6-7) as to the allegations of Paragraph 31.

33.    As to the allegation in Paragraph 32, Defendants/Counter-Plaintiffs refers to its Complaint against Plaintiffs/Counter-Defendants as to the allegation therein. (Case 15-21592 [D.E. 1])

34.    As to the allegation in Paragraph 33, Defendants/Counter-Plaintiffs refers to its Complaint against Plaintiffs/Counter-Defendants as to the allegation

therein. Defendants/Counter-Plaintiffs specifically DENY that action has been taken without the proper copyright registrations for the Images.

35.     As to the allegation in Paragraph 34, Defendants/Counter-Plaintiffs ADMIT there is a controversy, DENY but refrain from answering the rest of the allegation herein due to lack of information or knowledge sufficient to form a belief as to the truth of the Plaintiff's motive in bringing this current action other than as a mechanism to bring this case back to this court after being refiled in Illinois, even though no party is present in this district.

36.     As to the allegation Paragraph 35, Defendants/Counter-Plaintiffs have insufficient personal knowledge of what Plaintiffs/Counter-Defendants defense against infringement and further points out to this Court Plaintiffs/Counter-Defendants are stating a defense to Defendants/Counter-Plaintiffs Complaint of Infringement, or simply a denial of  Case 15-21592 [D.E. 1], as opposed to a statement of fact or allegation.

37.     As to the allegation Paragraph 36, Defendants/Counter-Plaintiffs have insufficient personal knowledge of what Plaintiffs/Counter-Defendants defense is against infringement and further points out to this court Plaintiffs/Counter-Defendants are attempting to state a conclusive fact to be determined by the fact finder. Defendants/Counter-Plaintiffs DENY the allegations of Paragraph 36 and demand strict proof thereof.

38.     As to the allegation Paragraph 37, Defendants/Counter-Plaintiffs DENY that the doctrine of *scenes a faire* applies to this case.

39.     As to the allegation Paragraph 38, Defendants/Counter-Plaintiffs DENY that the doctrine of merger applies.

40.     As to the allegation Paragraph 39, Defendants/Counter-Plaintiffs DENY that the statute of limitations bars any claim of infringement. Defendants/Counter-Plaintiffs brought its cause of action within the allotted timeframe to do so, Plaintiffs/Counter-Defendants brought this action within the statutory time period. If Plaintiffs/Counter-Defendants

allege otherwise, Defendants/Counter-Plaintiffs DENY such, demand strict proof thereof, and point out that if such allegation were to be true it would moot the declaratory action brought by Plaintiffs/Counter Defendants.

41.     As to the allegation Paragraph 40, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

42.     As to the allegation Paragraph 41, Defendants/Counter-Plaintiffs DENY and demands strict proof thereof.

43.     As to the allegation Paragraph 42, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

44.     As to the allegation Paragraph 43, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

45.     As to the allegation Paragraph 44, Defendants/Counter-Plaintiffs DENY and demands strict proof thereof.

46.     As to the allegation Paragraph 45, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

47.     As to the allegation Paragraph 46, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

48.     As to the allegation Paragraph 47, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

49.     As to the allegation Paragraph 48, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

50.     As to the allegation Paragraph 49, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

51.     As to the allegation Paragraph 50, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

52.     As to the allegation Paragraph 51, Defendants/Counter-Plaintiffs DENY and demands strict proof thereof.

53.     As to the allegation Paragraph 52, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

54.   As to the allegation Paragraph 53, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

55.   As to the allegation Paragraph 54, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

56.   As to the allegation Paragraph 55, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

57.   As to the allegation Paragraph 56, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

58.   As to the allegation Paragraph 57, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

59.   As to the allegation Paragraph 58, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

60.   As to the allegation Paragraph 59, Defendants/Counter-Plaintiffs have insufficient information or knowledge and demands strict proof thereof.

61.   The allegation in Paragraph 60 is repetitive as it has already been made earlier in this complaint.

62.   The allegation in Paragraph 61 is repetitive as it has already been made earlier in this complaint.

63.   The allegations of Paragraph 62 are repetitive as it have already been made earlier in this complaint.

64.   As to the allegation Paragraph 63, the allegation is repetitive as it has already been addressed in this complaint.

65.   As to the allegation Paragraph 64, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

66.   As to the allegation Paragraph 65, Defendants/Counter-Plaintiffs DENY and demand strict proof thereof.

67.   This allegation is repetitive as it has already been addressed earlier in this complaint.

68.    Paragraph 67, is an improper form of allegation in a complaint and should therefore be stricken. Paragraph 67 is an opinion, and Defendant/Counter-

Plaintiff disagrees, hence the suit filed against Plaintiff/Counter-Defendant. Also this is repetitive.

69.    As to Paragraph 68, before the commencement of this action, Plaintiffs/Counter-Defendants knew that Defendants/Counter-Plaintiff had already filed suit against Plaintiffs/Counter-Defendants and therefore this action is unnecessary, preempted by the first in time filed Copyright Infringement Case.

70.    As for the allegations of Paragraph 69, this allegations is repetitive and already has been addressed several times in this complaint. While a justiciable controversy exists, the Defendants/Counter-Plaintiffs DENY that Declaratory Action is the proper method by which to adjudicate the controversy.

71.    As to the allegation in Paragraph 70, Defendants/Counter-Plaintiffs DENIES that relief is needed in this matter because any relief sought can be provided in the previously filed Copyright Infringement filed by the Defendants/Counter-Plaintiffs, which Plaintiffs/Counter-Defendants were aware of when they filed this complaint.

72.    No response is required.

73.    Defendants DENY that no adequate remedy at law is available, Case 15-21592 is capable of adjudicating all issues on the merits, determining the rights of all parties, determining the damages owed by any party for any breach of right, and otherwise gives an adequate remedy at law for all conflicted issues. Hence this action should be dismissed and the parties should proceed on Case 15-21592.

## COUNTERCLAIMS

1.    Defendants/Counter-Plaintiffs refers to its Complaint against Plaintiffs/Counter-Defendants previously transferred and filed under Case No. 15-cv-21592, later consolidated in this matter on July 9, 2015 [D.E. #48] as its Counterclaims to the above title action.

2. Defendants/Counter-Plaintiffs reserve the right to assert new Counter Claims for actionable violations of their intellectual property rights.

## AFFIRMATIVE DEFENSES

1. An adjudication on the merits of Case 15-21592 provides a complete remedy at law for all of the conflicts in the complaint, making Case 15-20245 unnecessary, and declaratory action inappropriate. Defendants/Counter-Plaintiffs shall further explain in a motion supplementing this Affirmative Defense asking the Court to dismiss the Declaratory Action, Case 15-20245, because declaratory relief is inappropriate.

2. Due to the fact that the Plaintiffs/Counter-Defendants, continue their infringing activity, declaratory relief is an inappropriate remedy, as it does not fully address the issues that are ongoing, involving the same parties, some of the same intellectual property, but not all of the same intellectual property. The relief sought in Case 15-21592 would grant full remedy to the ongoing violation that the declaratory action cannot.

WHEREFORE Defendants/Counter-Plaintiffs, Flava Works and Phillip Bleicher, prays This Honorable Court to:

A. Dismiss this Declaratory Action based on the first-filed action;

B. Dismiss the Declaratory Action as it is an improper since a remedy at law exists;

C. Rule in favor of Flava Works and Phillip Bleicher on all controversies already existing and identified by the Complaint;

D. Grant all of its Counterclaims;

E. Award attorney fees in favor of Defendants/Counter-Plaintiffs for having to fight this frivolous complaint;

F. Sanction Plaintiffs/Counter-Defendants for bringing this action in bad faith; AND

G.  Any other relief this Courts deems just and proper.

Respectfully submitted,

s/Juneitha Shambee, Esq.
General Counsel for
Defendants/Counter-Plaintiffs

Pro Hac Vice IL Bar # 6308145
shambeelaw@gmail.com
Shambee Law Office, Ltd.
P.O. Box 91
Evanston, Illinois 60204
(773) 741-3602 (p)
(773) 945-6365 (f)

/s/Joshua H. Sheskin, Esq.
Joshua H. Sheskin, Esq.
Bar # 93028
JHS@SheskinLaw.com
Service@SheskinLaw.com
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
786-529-0420
Fax: 786-332-5349
Counsel for the Defendants/Counter-Plaintiffs

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served via CM/ECF on

08/12/2015 on all counsel or parties of record on the Service List below.

/s/Joshua H. Sheskin, Esq.
Joshua H. Sheskin, Esq.
Bar # 93028
JHS@SheskinLaw.com
Service@SheskinLaw.com
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328

786-529-0420

Fax: 786-332-5349

Attorney for the Defendants/Counter-Plaintiffs

## **SERVICE LIST**

John F. Bradley, Esq.
Bar Number 0779919
Bradley Legal Group
15 Northeast 13th Ave.
Fort Lauderdale FL 33301
Jb@bradlegal.com
Tel: 954- 523-6160
Fax: 954-523-6190
Attorney for the Defendants