# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**A4A RESUAU, INC.,**
**A4A NETWORK INC., and**
**MARC PARENT**                         **CASE NO. 1:15-cv-20245-MGC/ 1:15-cv-21592-MGC**

**Plaintiffs,**

**v.**

**FLAVA WORKS, INC., and**
**PHILLIP BLEICHER**

**Defendants.**
_____/

## DEFENDANTS'/CROSS-PLAINTIFFS' CAUSE TO CONTINUE PROCEEDINGS IN LIGHT OF ENDORSED ORDER TO SHOW CAUSE [DOCKET ENTRY 64] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62(b)(4)

COMES NOW; Defendants/Cross-Plaintiffs, Flava Works, Inc., and Philip Bleicher, and hereby

show cause for the continuance of said action, based of Federal Rule of Civil Procedure 62(b)(4),

as a Federal Rule of Civil Procedure 60(b) motion has been filed in case 14-cv-23208-Lenard on

D.E. 46 in said case, which creates an exception to the discretionary ban on proceeding in Federal

Rule of Civil Procedure 41(d), additionally cause exists because Philip Bleicher has no

duties/obligations under the judgment against Flava Works, in a lawsuit to which he was not a

party, yet a stay denies him his day in court because he is a named Defendant in 1:15-20245 and

strips him of the defenses given to him by the order of This Court [D.E. 41], no legal justification

exists to stay the vindication of his claims afforded to him as counter claims by This Court's Order

under Rule 41, and, finally, cause to continue exists because no party should be barred access to

the courthouse because of their inability to pay for it, especially when such inability is created by the opposing party, which is the situation here.

1. This Court ordered on 7/23/15 that Defendants/Counter-Plaintiffs show cause as to why proceedings in 1:15-civ-21592 should not be stayed after 8/24/2015, if a judgment in Judge Lenard's courtroom (ECF No. 46 in 14-cv-23208) was not paid by the Defendants/Counter-Plaintiffs, in the amount of $28,060.57, by said date, in accordance with Fed.R.Civ.Pro. 41(d).

2. Fed.R.Civ.Pro. 41(d) is permissive and uses the language "may" and not "must," indicating that when cause is shown the Court does not need to stay the proceedings.

3. Phillip Bleicher is not a party in Case 1:14-cv-23208, and therefore is not responsible for paying the judgment at issue in that case. Flava Works is incorporated, and therefore is a separate legal entity under the Fourteenth Amendment. Even if, there were a justification to deny Flava Works their day in Court under rule 41(d) for not paying the judgment, there is no justification to extend such stay any such denial of the right of Philip Bleicher, who was never a party to the action, nor had a duty to pay the judgement from Case 1:14-cv-23208, to his day in court.

4. A recognized exception to the enforcement of a judgment exists under Fed.R.Civ.Pro. 62(b)(4), when a motion has been filed in the original court under Fed.R.Civ.Pro. 60.

5. Said motion has been filed and is attached here as Exhibit A.

6. Since there is cause to delay the enforcement of the judgment under Fed.R.Civ.Pro. 62(b)(4), the court will be well within its discretion to proceed with the action in 1:15-cv-21592.

7. If the Court does not proceed in said action then the Court enforces said original judgement in full, despite the amount being subject to contest in good faith. Staying the action of the Defendants/Counter-Plaintiffs would stop them from seeking good faith and appropriate redress from a challenged judgment, by forcing them to pay said challenged judgment in full, in order to proceed in a subsequent action for damages and injunctive relief to stop ongoing damages.

8. Plaintiffs/Counter-Defendants have not answered the Rule 60(b) motion in case 14-cv-23208.

9. The judgment that is at issue is over attorneys' fees awarded pursuant to Fed.R.Civ.Pro. 41(d).

10. The Rule 60 motion is made in good faith because the Plaintiffs/Counter-Defendants filed their own action (1:15-cv-20245), which allowed them to recycle the work they had already used, in this district, and said action was filed on the date that the Defendants/Counter-Plaintiffs filed their action in the Northern District of Illinois 1:15-cv-00610.

11. The Plaintiffs/Counter-Defendants are not entitled to attorneys' fees for work that can be recycled into the newly filed action, and more importantly their own newly filed action. *See, Wolf v. Pac. Nat'l Bank, N.A.,* 2010 U.S. Dist. Lexis 36202 (SD. Fla. 2010), *Shaker Vill. Condo. Ass'n v. Certain Underwriters at Lloyds of London*, 2009 U.S. Dist. 78657, * (SD. Fla. 2009), *Heath v. Hard Rock Café Int'l (STP), Inc.,* 2011 U. S. Dist. LEXIS 42868 (MD. Fla. 2011), *Nichols v. Cmty. Bank & Trust of Southeast Ala.*, 2013 U.S. Dist. Lexis 1192898 (SD. Ala. 2013), *Camp v. Goodyear Tire & Rubber Co.*, 2012 U.S. DIst. Lexis 99069, * (MD. GA 2012), *Germain v. Semco Serv. Machinery Co.*, 79 F.R.D. 85 (E.D.N.Y. 1978) & *Exhibit A*.

12. Additionally work that was done in answering 14-cv-23208 may now be recycled to answer 1:15-cv-00610, in this district, as 1:15-cv-00610 has become the instant consolidated case (1:15-cv-21592).

13. Further that work was recycled to form the Complaint in this action. *See,* D.E. 1.

14. Cause exists under rule 62(b)(4) to proceed on the Complaint in 1:15-cv-21592.

15. Cause does not exist to proceed on the complaint in 1:15-cv-20245 because 1:15-cv-21592 gives a remedy at law and resolves all issues in the complaint in 1:15-cv-20245.

16. Fed.R.Civ.Pro. 41(d) is permissive, by using the word may, and not mandatory, the fact that a motion is pending that challenges the judgment on legitimate grounds is ample reason for This Court, in its discretion, to allow proceedings to continue in 1:15-cv-21592.

17. Violations of intellectual property, and the subsequent consequences of those violations by the Plaintiffs/Counter-Defendants are the principle reason why the Defendants/Counter-Plaintiffs lack the financial means to pay the judgment. Therefore, to stay this action would be inequitable, as it would allow the Plaintiffs/Counter-Defendants to stop the Defendants/Counter-Plaintiffs from seeking redress for severe damages they sustained, based on the Defendants/Counter-Plaintiffs inability to pay attorneys' fees, an inability resulting from the damages that Plaintiffs/Counter-Defendants imposed upon Defendants/Counter-Plaintiffs at issue in this action.

## MEMORANDUM OF LAW

## I: EQUITY, DISCRETION, AND RULE 41(D)

At a minimum, the Court should be able to see the inequity that is imposed upon the Defendants/Counter-Plaintiffs. The Defendants/Counter-Plaintiffs are without money to pay the

judgment based on the fact that their business was lost, when Plaintiffs/Counter-Defendants, gave away for free the very thing that Defendants make a living charging for.

Furthermore, the Plaintiffs/Counter-Defendants let third parties market their websites using the intellectual property that Defendants/Counter-Plaintiffs make a living off of, and those websites destroyed the good faith value of the business of Defendants/Counter-Plaintiffs, because these third parties acting under the Flava Works trademarks, using its intellectual property and marketing of Flava Works, stole credit card information from consumers. This left the Defendants/Counter-Plaintiffs without a way to generate income and a business in shambles This is why Defendants/Counter-Plaintiffs cannot simply pay the Judgement now for the purpose of moving action 1:15-cv-21592 along and the consolidated cases.

Now, without a means to pay the judgment against them, the Defendants/Counter-Plaintiffs are being threatened to never receive their day in court to recover the damages, and stop the damage that continues to be done, because they were injured to the point of not being able to afford their day in court. A similar situation, as far as denying the Plaintiffs their day in court due to cost has arisen in several courts, including instances where the courts continued the actions because the inability to pay was due to the malfeasance of the other party, several courts have found such staying of proceedings to be inequitable, and in some cases the equivalent to dismissal with prejudice. *See*, *Bagley v. Tucker*, 2013 U.S. Dist. LEXIS 65517, * (S.D. Fla. 2013), *Saunders v. Eslinger,* 2012 U.S. Dist. LEXIS 176913, * (M.D. Fla. 2012), *Duffy v. Ford Motor Co.*, 218 F.3d 623 (6th Cir. 2000), *Phoenix Canada Oil Co. v. Texaco, Inc.*, 78 F.R.D. 445 (D. Del. 1978), *Starr v. Hill*, 2010 U.S. Dist. LEXIS 59889, *37 (W.D. Ten. 2010) (laying out a four factor test, including ability to pay, likelihood of success on the merits the second time, sameness of parties

and costs being perviously assessed), *Gregory v. Dimock*, 286 F.2d 717, 718 (2d Cir. 1961), *Loubier v. Modern Accounstics, Inc.*, 178 F.R.D. 17, 22-23 (D.Conn. 1998).

Ruling on the importance of access to the courts, in light of a condition that might limit one from access, like Rule 41(d), The Eleventh Circuit Court of Appeals held, that a court does have discretion,  but defined that discretion by citing the First Circuit Court of Appeals "[t]he district court, in the exercise of its sound discretion, must settle upon the assurance which is fair in light not only of the case itself and of the exigencies faced by the defendants, but also fair when illuminated by the actual factual situation of the plaintiff." *Rumbough v. Equifax Info. Servs., LLC*, 464 Fed. Appx. 815, 817 (11th Cir. 2012) (Quoting *Aggarwal v. Ponce Sch. of Med.*, 754 F.2d 723, 728 (1st Cir. 1984)). "The district court should have considered Rumbough's financial ability to post the bond before dismissing his complaint." *Id. at* 717-718.

In Rumbough, the issue was whether Rumbough should have to post a bond to continue his action, in order to secure the rights of the Defendants in the litigation. The Court directly addresses the issue as a matter of access to the courts being an essential right. In action 1:15-cv-21592, staying the action pending the payment of the previous judgment, would be the same as the bond requirement in Rumbough and the subsequent dismissal of his complaint for failure to post the bond. Staying action 1:15-cv-21592 would be the equivalent, because Flava Works is without the financial ability to pay the judgment, and Flava Works will be denied access to the courts on the basis of their inability to pay.

Furthermore, the holding dictates that the factual situation of the plaintiff, the exigencies faced by the defendants and fairness need to be accounted for to soundly exercise the discretion necessary to deny access to the courts. In this case, the exigency to the Defendants of action 1:15-cv-21592, the Plaintiffs/Counter-Defendants, are minimal because for over a year the

Plaintiffs/Counter-Defendants have been using the Defendants/Counter-Plaintiffs intellectual property to gain substantial profits, so making the Plaintiffs/Counter-Defendants (Defendants in 1:15-cv-21592) wait to receive $28,060.57 does not create an exigency that weighs in favor of denying the Defendants/Counter-Plaintiffs (Plaintiffs in 1:15-cv-21592) their day in court.

However, the factual situation of the Plaintiff in 1:15-cv-21592 (Defendants/Counter-Plaintiffs) in this action, weighs heavily in favor of continuing this action and giving the Defendants/Counter-Plaintiffs (Plaintiff in 1:15-cv-21592) their day in Court. The factual situation is that Defendants/Counter-Plaintiffs Flava-Works and Philip Bleicher have been the subject of constant infringement of their property rights at the hands of A4A and Marc Parent, that injunctive relief has been requested from in the Complaint in 1:15-cv-21592, which has ruined the business and Mr. Bleicher's livelihood, and now threaten to stop Flava Works and Philip from ever receiving their day in court, and the possibility to be made whole for what ended up amounting to the theft of the ability of the Flava Works brand and company to produce revenue in amounts any-where near what they could without the Plaintiffs/Cross-Defendants (Defendants in action 1:15-cv-21592) actions.

Furthermore, "Access to the courts is unquestionably a right of considerable constitutional significance…" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir 2008) (Cited for this contention, in context, in; Rumbough 464 Fed. Appx. 815, 817 (2012), & approvingly in *De Souza v. JPMorgan Chase Home Lending Div.*, 2015 U.S. App. Lexis (11th Cir. 2015). Flava Works Inc., cannot afford to pay the judgment, the constitutional ramifications, therefore, of denying Flava Works their day in court should weigh heavily in favor of continuing the action, in the Court's analysis.

However, there is an even more severe deprivation of constitutional rights at stake in staying action 1:15-cv-21592. Phillip Bleicher is not a party in Case 1:14-cv-23208, and therefore is not responsible for paying the judgment at issue in that case. Flava Works is incorporated and therefore is a separate legal entity under the law. Even if, there were a justification to deny Flava Works their day in Court under rule 41(d) for not paying the judgment, there is no justification to extend such stay and prohibition to Philip Bleicher, who was never a party to the action nor had a duty to pay the judgement from Case 1:14-cv-23208.

However, Philip Bleicher is a party to 1:15-cv-20245, as a Defendant/Counter-Plaintiff. In that action under This Court's Order [D.E. 41] "All claims and causes of action in Flava Works, Inc, v. A4A Raseau, Inc., A4A Network, Inc., and Mark Parent, Case No. 15-21592 shall be counterclaims in the lower number case." The Lowered numbered case is 1:15-20245, where Philip Bleicher is a named Defendant. At a minimum, if case 1:15-cv-21592 is stayed along with its claims, for Flava Works, there is no justification under Rule 41(d) to stay the claims, as counter claims for Philip Bleicher in 1:15-20245, and proceed on such, until a time at which the issue of fees is settled under the Fed.R.Civ.Pro. 60(b) motion is decided as it pertains to Flava Works and case 1:14-cv-23208.

This Honorable Court wisely told both parties in this case that the American System prefers to give everyone their day in court. This Defendants/Cross-Plaintiffs simply request that they be afforded their day in court, and not be denied such based on the damage done to them and their ability to pay outstanding judgments by the Plaintiffs/Cross-Defendants. Moreover, no justification exists under Rule 41(d) to deny Phillip Bleicher his day in court since he is a third party not subject to the judgment at issue. To reward the Plaintiffs/Cross-Defendants, for their misdeeds that have resulted in Flava Works inability to pay, by completely absolving them of

liability, since Flava Works cannot pay said judgment to stop the action from being stayed, is abhorrent to the ends of justice and the goals of the American System.

## II: FEDERAL RULE OF CIVIL PROCEDURE 62(B)

The plain text of Federal Rule of Civil Procedure 62(b) (hereinafter, "Rule 62") makes clear, that when the security interest of the judgment-debtor are protected, a motion under Federal Rule of Civil Procedure 60 (hereinafter, "Rule 60") may stay the enforcement of a judgment. In this case, the enforcement would include staying the present action under Federal Rule of Civil Procedure 41(d) (hereinafter, Rule 41).

Since Rule 62 justifies staying the enforcement of the judgment under Rule 60, Rule 62 justifies staying the enforcement of the judgment by delaying a subsequent action. Basically, Rule 62 allows proceedings to continue, when they otherwise would not, when relief is sought pursuant to Rule 60. See, *United States use of Larkin v. Platt Contracting Co.*, 324 F2d 95 (1st Cir. 1963).

The security interests of the Plaintiffs/Counter-Defendants are clearly provided for by a prospective lien for attorneys' fees against any award on the merits of Case 1:15-cv-21592, in the full amount of the judgment or any amount deemed acceptable, or in the event that the Defendants/Counter-Plaintiffs fail in their claims, by adding the amount, or appropriate amount of that judgment, to any subsequent statutory award of attorneys' fees.

**WHEREFORE**; Defendants/Cross-Plaintiffs, Flava Works, Inc., and Philip Bleicher, hereby have shown cause for the continuance of said action, based of Federal Rule of Civil Procedure 62(b)(4), as a Federal Rule of Civil Procedure 60(b) motion has been filed in case 14-cv-23208-Lenard on

D.E. 46 in said case, which creates an exception to the discretionary ban on proceeding in Federal Rule of Civil Procedure 41(d), additionally cause exists because Phillip Bleicher has no duties/obligations under the judgment against Flava Works, in a lawsuit to which he was not a party, yet a stay denies him his day in court because he is a named Defendant in 1:15-20245 and strips him of the defenses given to him by the order of This Court [D.E. 41], no legal justification exists to stay the vindication of his claims afforded to him as counter claims by This Court's Order, and, finally, cause to continue exists because no party should be barred access to the courthouse because of their inability to pay for it, especially when such inability is created by the opposing party, which is the situation here.

Respectfully Submitted,

/s/Joshua H. Sheskin, Esq.
Joshua H. Sheskin, Esq.
Bar # 93028
JHS@SheskinLaw.com
Service@SheskinLaw.com
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
786-529-0420
Fax: 786-332-5349
Attorney for the Defendants/Counter Plaintiffs

s/ Juneitha Shambee, Esq.
Shambee Law Office, Ltd.
IL. Bar #6308145
shambeelaw@gmail.com
Shambee Law Office, Ltd.
P.O. Box 91
Evanston, Illinois 60204
(773) 741-3602
Fax (773) 945-6365
Attorney for Defendants

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on

08/24/2015 on all counsel or parties of record on the Service List below.

/s/Joshua H. Sheskin, Esq.

Joshua H. Sheskin, Esq.

Bar # 93028

JHS@SheskinLaw.com

Service@SheskinLaw.com

The Sheskin Firm

9424 SW 52nd Street

Cooper City, FL 33328

786-529-0420

Fax: 786-332-5349

Attorney for the Defendants

## SERVICE LIST

John F. Bradley, Esq.

Bar Number 0779919

Bradley Legal Group

15 Northeast 13th Ave.

Fort Lauderdale FL 33301

Jb@bradlegal.com

Tel: 954- 523-6160

Fax: 954-523-6190

**SERVICE VIA CM/ECF**